## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEY GOSSE, *on her own behalf and on behalf of other persons similarly situated*, | ) ) ) | Case No. 3:20-cv-01446 |
| | ) | RDM Hon. Robert D. Mariani |
| Plaintiff, | ) ) | |
| v. | ) | Electronically Filed |
| | ) | |
| TRANSWORLD SYSTEMS, INC.; U.S. BANK, NA.; RATCHFORD LAW GROUP, P.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF TRANSWORLD SYSTEMS INC.'S MOTION TO STRIKE  PORTIONS OF PLAINTIFF'S COMPLAINT

NOW COMES defendant Transworld Systems Inc. ("TSI"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), and moves to strike ¶¶ 55-58 of plaintiff's Complaint (dkt. 1).

For the reasons explained below, the Court should strike plaintiff's allegations that co-defendant National Collegiate Student Loan Trust 2006-3 (the "Trust") has accused TSI of committing actionable injurious falsehoods against it in other litigation in Delaware Chancery Court.  As plaintiff is no doubt well aware, yet conspicuously fails to mention in her Complaint, the Trust's injurious falsehood claim was rejected and dismissed well before plaintiff filed her Complaint in the present action.  Nevertheless, Plaintiff weaves that claim against TSI into her Complaint in a prejudicial attempt to equate those allegations of injurious falsehood with proof that TSI has committed the falsely-alleged

conduct.   The offending allegations improperly confuse those rejected accusations as purported evidence of the wrongdoing alleged in this action.   Those allegations are prejudicial and should be stricken from the Complaint.

## I.   <u>PROCEDURAL HISTORY</u>

On August 14, 2020, plaintiff, Chelsey Gosse, filed her class action complaint against TSI, U.S. Bank, N.A. ("U.S. Bank"), Ratchford Law Group, P.C. ("RLG"), and the Trust (dkt. 1).  Plaintiff asserts claims against TSI and RLG under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.  Based solely on those alleged FDCPA violations, plaintiff asserts claims against all defendants under the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), PA ST 73 P.S. § 2270.1, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), PA ST 73 P.S. § 201-1.

By accepted waiver of service or otherwise by agreement of the parties and as approved by the Court, the deadline for the defendants to answer, move, or otherwise respond to the Complaint is October 26, 2020 (dkts. 7, 10, and 12).  On October 26,2020, TSI timely filed its motion to strike pursuant to L.R. 7.1, *et seq*. (dkt. 23), and has timely filed this supporting memorandum.

## II.   <u>FACTS</u>

Plaintiff alleges defendants violated the law by using false, deceptive, or misleading representations or means in connection with the collection of student loan debt that defendants purportedly do not have the right to collect.  (dkt. 1, ¶ 2).  In particular, plaintiff

complains in part that TSI alleged in the state court suit and verifications thereto that the Trust purchased plaintiff's loan and had the right to pursue the collection action against her, when no evidence shows the loan was transferred to the Trust. *See* Complaint at ¶¶ 43, 46 and 47

In support of these contentions, the Complaint recites and heavy relies on the allegations and claims asserted against TSI is a so-called Amended Verified Complaint filed by the Trust and its sister trusts in Delaware Chancery Court. *See* Complaint at ¶¶ 17-26, 55-59, which quote, summarize or reference a Verified Amended Complaint filed in a proceeding entitled *The National Collegiate Master Student Loan Trust 1, et al v. U.S. Bank National Association, GSS Data Services Inc., Turnstile Capital Management, LLC and Transworld Systems, Inc.*, Chancery Court of Delaware, C.A. No. 2018-0167 c/w 12111); Verified Amend. Compl, No. 2018-0167, 2018 WL 3094756 (Del. Ch. June 15, 2018).

As summarized in ¶ 56 of the Complaint, plaintiff asserts the Trust and its sister trusts have accused TSI of a) recklessly making false and misleading representations to borrowers that the trusts had a right to sue plaintiff and putative class members; b) falsely representing to borrowers that the trusts possessed all of the notes, assignments and other documents needed to prove standing to foreclose on the loans, and c) exposing the trusts to lawsuits from borrowers. And it is clear plaintiff intends to use that injurious falsehood claim and allegations against TSI in the Delaware Chancery Court action as evidence of wrongdoing purportedly by TSI here. *See* Complaint at ¶ 26 ("The foregoing omissions

3

and statements made in, or summarized from, the said Verified Amended Complaint constitute admissible evidence under Federal Rules of Evidence 801(d)(2).").

However, the Delaware Chancery Court has ***rejected and dismissed*** the injurious falsehood claim against TSI.  *See* Memorandum Opinion, Consolidated No. 12111, 2020 WL 3960334 (Del. Ch. July 13, 2020).  The Delaware Chancery Court found the trusts had not even alleged in that action that TSI's purported representations that the Trusts are legally entitled to foreclose on the loans were false; to the contrary, the trusts in that action pled the trusts were entitled to collect them. The Delaware Chancery Court's holding directly contradicts plaintiff Gosse's summary at ¶ 56 of the Complaint.

### III.    QUESTIONS INVOLVED

1.    Whether ¶¶ 55-58 of the Complaint and the reference and reliance therein upon a cause of action asserted against TSI in a Verified Amended Complaint filed in an unrelated action which have been adjudicated and dismissed improperly confuse the issues and prejudice TSI; and

2.    Whether ¶¶ 55-58 of the Complaint should be stricken.

### IV.    LAW AND ARGUMENT

#### A.    *Motion to Strike Standard*

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "District courts possess great discretion in disposing of a motion to strike." *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015). Motions to strike are generally disfavored and

should be denied unless the allegations at issue have no possible relation to the controversy and may cause prejudice to one of the parties, or the allegations confuse the issues in the case. *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010). Possible prejudice to a party is an important consideration in deciding motions to strike. *Stewart v. Keystone Real Estate Grp. LP*, 2015 WL 1471320, at *6 (M.D. Pa. Mar. 31, 2015). "Prejudice occurs when the challenged pleading confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Fouad v. Milton Hershey Sch. & Tr.*, 2020 WL 3265245, *14–15 (M.D. Pa. June 17, 2020) (quoting *Karpov. v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015)). The party moving to strike bears the burden of showing that the matter sought to be stricken falls within one of the categories listed in Rule 12(f)." *Id.*

**B.**    ***Paragraphs 55-58 Of The Complaint Contradict The Record Of The Unrelated Proceedings Upon Which They Are Founded And Purposefully Confuse The Issues To The Prejudice Of TSI***

The Court should strike ¶¶ 55-58 of the Complaint or, at a minimum, strike any references therein to the Verified Amended Complaint. Plaintiff's reliance upon the trusts' injurious falsehood claim against TSI, ***without ever conceding or even mentioning in the Complaint that the injurious falsehood claim has been dismissed***, is a glaring attempt to confuse the allegations in that case with liability against TSI. If there were any doubt, plaintiff's contention that the allegations in that case constitute statements of an opposing party under F.R.E. 801(d)(2) exposes plaintiff's intent confuse the issues and prejudice TSI. Plainly, Rule 801 could only be used against the opposing party who made the

5

statement.  Here, that party is the Trust, not TSI.  Plaintiff's silence and failure to articulate that distinction in the Complaint evidences plaintiff's calculated attempt to confuse the issues and prejudicially suggest TSI is bound and tied to the allegations in the Verified Amended Complaint.

Furthermore, as mentioned, the Delaware Chancery Court has rejected and dismissed the injurious falsehood claim against TSI.  *See* Memorandum Opinion, 2020 WL 3960334.  Furthermore, the Delaware Chancery Court found the trusts had not even alleged in that action that TSI's purported representations that the Trusts are legally entitled to foreclose on the loans was false.  But this directly contradicts plaintiff Gosse's summary at ¶ 56 of the Complaint.

The allegations in the Complaint relating to the dismissed injurious falsehood claim are therefore immaterial, impertinent, and prejudicial, as they add no value to the complaint or claims and can only serve as an attempt to confuse or prejudice the Court and jury.  *See RSM Production Corp. v. Fridman,* 643 F. Supp. 2d 382 (S.D. N.Y. 2009) (striking as immaterial copies of complaints filed in other actions that were never resolved on the merits); *Schultz v. Braga*, 290 F. Supp. 2d 637 (D. Md. 2003) (striking allegations relating to prior acts of defendant as irrelevant to case at bar and prejudicial to defendant); *Lipsky v. Commonwealth*, 551 F.2d 887 (2d Cir. 1976) (court should strike allegations referencing administrative proceedings which do not result in an adjudication on the merits); *Smith v. Kentucky Fried Chicken*, 2007 WL 162831 (D. Ky. Jan. 18, 2007) (striking demeaning and unsubstantiated allegations).

## V.   <u>CONCLUSION</u>

The Court should strike ¶¶ 55-59 of the Complaint relating to the Trust's injurious falsehood claim against TSI.  The injurious falsehood claim was rejected by the Delaware court a month before plaintiff filed her Complaint.  Plaintiff's allegations about the now-rejected injurious falsehood claim purposefully confuse the issues and are prejudicial to TSI.

Date: November 9, 2020                    Respectfully submitted,

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq. (#73683)
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
Email:  aeasley@sessions.legal

Justin H. Homes, Esq. (PHV)
SESSIONS, ISRAEL & SHARTLE, LLC
Lakeway II
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email:  jhomes@sessions.legal

*Counsel for Transworld Systems Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 9, 2020, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

Robert P. Cocco                                     Scott C. Borison
Robert P. Cocco, P. C.                        1900 S. Norfolk St. Suite 350
1500 Walnut Street, Suite 900          San Mateo, CA 94403
Philadelphia, PA 19102

Christina L. Henry
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA 98104


                                        <u>/s/ Aaron R. Easley</u>
                                        Attorney