**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHELSEY GOSSE, *on her own behalf and on behalf of other persons similarly situated*, | ) ) ) | Case No. 3:20-cv-01446-RDM |
| Plaintiff, | ) ) | Hon. Robert D. Mariani |
| v. | ) ) | Electronically Filed |
| TRANSWORLD SYSTEMS, INC.; U.S. BANK, NA.; RATCHFORD LAW GROUP, P.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF U.S. BANK NATIONAL
ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    Introduction.................................................................1

II.   Factual Background.......................................................2

    A.    The Present Dispute..............................................2

    B.    The Trusts...........................................................3

III.  Standard of Review.......................................................6

IV.   Argument....................................................................7

    A.    Gosse's UTPCPL Claim is Barred by Pennsylvania's Absolute Judicial Privilege Doctrine .................................7

    B.    Gosse Fails to Satisfy the Pleading Requirements of the UTPCPL ...........................................................7

        1.    Gosse Does Not Allege Any Particular Wrongful Conduct Under the UTPCPL ....................................8

        2.    Gosse Is Not A "Purchaser" Vis-à-Vis U.S. Bank Under The UTPCPL...........................................9

        3.    Gosse Cannot Plead that She Justifiably Relied on Any Conduct or Representation by U.S. Bank ...............10

        4.    Neither Can Gosse Plead that She Suffered an Ascertainable Loss .................................................13

    C.    U.S. Bank Cannot Be Held Indirectly Liable....................14

        1.    TSI Acts on Behalf of the Trusts, Not U.S. Bank...................16

        2.    U.S. Bank Lacks the Requisite Control over TSI ...................17

    D.    Gosse Does Not (and Cannot) Assert Count II Against U.S. Bank..................................................................19

V.    CONCLUSION.............................................................20

# TABLE OF AUTHORITIES

**Page**

**CASES**

*A.B. v. Marriott Int'l, Inc.*,
455 F. Supp. 3d 171 (E.D. Pa. 2020)................................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................6, 8, 14

*Bainbridge v. Ocwen Loan Servicing, LLC*,
No. 3:16-CV-0411, 2017 WL 1178047 (M.D. Pa. Mar. 30, 2017)...............7, 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................6

*Belmont v. MB Inv. Partners, Inc.*,
708 F.3d 470 (3d Cir. 2013) ......................................................................11, 13

*Binder v. Triangle Publ'ns, Inc.*,
275 A.2d 53 (Pa. 1971).............................................................................7

*Black v. Field Asset Servs., LLC*,
No. 17-4003, 2018 WL 5264319 (E.D. Pa. Oct. 23, 2018).........................17, 19

*Bronstein v. Bayview Loan Servicing, LLC*,
No. 18-4223, 2020 WL 703652 (E.D. Pa. Feb. 11, 2020)..................................7

*Castle Cheese, Inc. v. MS Produce, Inc.*,
No. 04-878, 2008 WL 4372856 (W.D. Pa. Sept. 19, 2008) ..............................17

*CFPB v. Nat'l Collegiate Master Student Tr.*,
No. 17-1323 (MN), 2020 WL 2915759 (D. Del. May 31, 2020).......................15

*CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*,
357 F.3d 375 (3d Cir. 2004) ......................................................................15

*Doe v. Univ. of Scis.*,
961 F.3d 203 (3d Cir. 2020) ...........................................................3, 6

*Doherty v. Allstate Indem. Co.*,
No. 15-05165, 2016 WL 5390638 (E.D. Pa. Sept. 27, 2016)..............................9

*Duffy v. Lawyers Title Ins. Co.*,
972 F. Supp. 2d 683 (E.D. Pa. 2013) .................................................12

*Edwards v. Monumental Life Ins. Co.*,
No. 17-5260, 2017 WL 6327573 (E.D. Pa. Dec. 11, 2017) ..............................11

*Fairmont Supply Co. v. Cressman Tubular Prod. Corp.*,
No. 10-cv-1606, 2011 WL 1327416 (W.D. Pa. Apr. 6, 2011) ...........................15

*Garczynski v. Countrywide Home Loans, Inc.*,
656 F. Supp. 2d 505 (E.D. Pa. 2009).................................................9

*Genesis Bio-Pharm., Inc. v. Chiron Corp.*,
27 F. App'x 94 (3d Cir. 2002) .............................................6, 12, 18

*Gordon v. Pa. Blue Shield*,
548 A.2d 600 (Pa. Super. Ct. 1988)..................................................11

*Hunt v. U.S. Tobacco Co.*,
538 F.3d 217 (3d Cir. 2008) .........................................................11

*In re Nat'l Collegiate Student Loan Trusts Litig.*,
No. 12111-VCS, 2020 WL 5049402 (Del. Ch. Aug. 27, 2020).........................15

*Katz v. Aetna Cas. & Sur. Co.*,
972 F.2d 53 (3d Cir. 1992) ..........................................................10

*Kee v. Zimmer, Inc.*,
871 F. Supp. 2d 405 (E.D. Pa. 2012).................................................8

*Laidley v. Johnson*,
No. 09-395, 2011 WL 2784807 (E.D. Pa. July 11, 2011) ..............................16

*Lawrence v. Trans Union LLC*,
296 F. Supp. 2d 582 (E.D. Pa. 2003) ..................................................10

*Mifflinburg Telegraph, Inc. v. Criswell*,
80 F. Supp. 3d 566 (M.D. Pa. 2015) ....................................................6

*Nolden v. United States*,
No. 1:12-cv-01541, 2013 WL 3102344 (M.D. Pa. June 18, 2013) ....................18

*Pellegrino v. State Farm Fire & Cas. Co.*,
No. 12-2065, 2013 WL 3878591 (E.D. Pa. July 29, 2013), *aff'd*,
586 F. App'x 129 (3d Cir. 2014) ..........................................................8

*Portis v. River House Assocs., L.P.*,
498 F. Supp. 2d 746 (M.D. Pa. 2007) ..................................................10

*Prukala v. Chase Bank, N.A.*,
No. 3:19-CV-1791, 2020 WL 5351042 (M.D. Pa. Sept. 4, 2020)
(Mariani, J.) ..................................................................................20

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*,
401 F.3d 123 (3d Cir. 2005) ................................................................8

*Schwartz v. OneWest Bank, FSB*,
614 F. App'x 80 (3d Cir. 2015) ............................................................7

*Stoudt v. Alta Fin. Mortg.*,
No. 08–cv–2643, 2009 WL 661924 (E.D. Pa. Mar. 10, 2009) ........................12

*Walkup v. Santander Bank, N.A.*,
147 F. Supp. 3d 349 (E.D. Pa. 2015) ............................................13, 14

*Weinberg v. Sun Co.*,
777 A.2d 442 (Pa. 2001) ........................................................8, 11, 13

*Williams v. Nat'l Sch. of Health Tech., Inc.*,
836 F. Supp. 273 (E.D. Pa. 1993) ......................................................13

**RULES**

Fed. R. Civ. P. 9(b) ...........................................................................8

Fed. R. Civ. P. 12 ...........................................................................3

Fed. R. Civ. P. 12(b)(6) ...................................................................1

Local Rule 7.5 .................................................................................1

**STATUTES**

Fair Credit Extension Uniformity Act .........................................2, 19, 20

Pa. Stat. § 201-2(4) .........................................................................7

Pa. Stat. § 201-9.2 ...................................................................7, 9, 10

Pa. Stat. § 2270.4(b) ......................................................................19

U.S. Bank, under Pennsylvania's Unfair Trade Practices Consumer
    Protection Law ......................................................................passim

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.5, Defendant U.S. Bank hereby submits this brief in support of its Motion to Dismiss Plaintiff's Complaint (Dkt. No. 21).

## I.  INTRODUCTION

Plaintiff Chelsey Gosse ("Gosse") sues Transworld Systems, Inc. ("TSI"), U.S. Bank National Association ("U.S. Bank"), Ratchford Law Group, P.C. ("Ratchford"), and National Collegiate Student Loan Trust 2007-3 (the "Trust") (collectively, "Defendants"), alleging that the Trust improperly filed a collections lawsuit against Gosse.  Gosse's Complaint (Dkt. No. 1) is based entirely on unsupported allegations that are borrowed from plaintiffs in other cases and that have no relationship to this case.  But more particularly here, Gosse fails to state the only claim she alleges against U.S. Bank, under Pennsylvania's Unfair Trade Practices Consumer Protection Law ("UTPCPL") (Count III).  Initially, absolute judicial privilege bars Gosse's claim.  Additionally, as a matter of statutory text, Gosse does not (and cannot) allege that she was a "purchaser" vis-à-vis U.S. Bank, nor does (or can) she allege she was subject to any unlawful "method, act, or practice" by U.S. Bank.  And Gosse does not (and cannot) identify any conduct or representation by U.S. Bank on which she could have justifiably relied, nor can she allege that she suffered ascertainable loss as a result.  Finally, Gosse does not (and cannot) plausibly allege that U.S. Bank can be vicariously liable under the UTPCPL for the alleged

misconduct of any other party.  In short, because Gosse does not (and cannot) allege that U.S. Bank had any role in the state collections suit or caused her harm, Gosse's Complaint must be dismissed as to U.S. Bank.

## II.     FACTUAL BACKGROUND

### A.     The Present Dispute.

Gosse took out student loans and then defaulted by not paying the amounts owed.  *See* Compl. ¶ 9a.  The Trust, as owner of those loans, attempted to collect on the loans through its Subservicer TSI and its counsel Ratchford and eventually sued Gosse in state court.  *See id.* ¶¶ 41–45.  Gosse alleges that the Trusts could not substantiate the loan based on an allegedly false affidavit from TSI, *see id.* ¶¶ 42–49.  The Complaint does not allege that U.S. Bank made any communications.  The state court collections litigation was dismissed.  *See id.* ¶ 49.  Gosse now brings claims against the Defendants stemming from these collections attempts.  Her allegations concerning U.S. Bank are based entirely on unproven allegations borrowed from plaintiffs in other cases that have no connection to Plaintiff's case.

Gosse's Complaint contains three counts.  Counts I and II are made under federal and state debt-collection laws and are stated against Defendants TSI and Ratchford, only, not U.S. Bank.[1]  The only claim Gosse brings against U.S. Bank is

---

[1] Count II also alleges violations of the Fair Credit Extension Uniformity Act ("FCEUA") against the "remaining Defendants as creditors," Compl. ¶ 93, but for

for an alleged violation of the UTPCPL in Count III. But Gosse has not and cannot allege the required elements of her state-law claim. Accordingly, her Complaint should be dismissed as against U.S. Bank.

## B.    The Trusts.

To help illustrate why Plaintiff cannot state a claim against U.S. Bank, it is important to examine the contractual relationship between U.S. Bank and the Trust in this case. As Gosse alleges, the Trust is one of a number of Delaware Statutory Trusts formed between 2003 and 2007 for the purpose of acquiring student loans and issuing debt securities through Indentures. *See* Compl. ¶ 12. These Trusts have no officers or directors and act exclusively through limited agents or contractors with specific duties, as set forth in a series of agreements. *See id.* ¶ 37.

Servicers collect amounts due on the loans on behalf of the Trusts. For special servicing (*i.e.*, delinquent and default loan servicing), the Trusts' Owner Trustee, acting on behalf of the Trusts, entered into a Special Servicing Agreement with First Marblehead Education Resources, Inc. ("FMER") to act as Special Servicer.[2] *See*

---

the reasons discussed herein Gosse does not—and cannot—assert a claim under Count II against U.S. Bank. *See infra* subpart IV.D.

[2] Gosse relies upon and expressly references the Special Servicing Agreement ("SSA") in her Complaint. *See* Compl. ¶ 19. She also makes a number of allegations that directly implicate U.S. Bank's contractual relationship with Defendant TSI, *see, e.g.*, *id.* ¶¶ 16, 19, 21–23, as memorialized in the TSI Agreement attached as an exhibit and incorporated by reference into the SSA and consented to by the Trust through its Owner Trustee and the Administrator. Consideration of these documents is therefore proper under Rule 12. *See Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d

Ex. A, Special Servicing Agreement ("SSA") § 2.A. The SSA appointed U.S. Bank as the Back-Up Special Servicer to automatically assume the role of Successor Special Servicer in the event FMER resigned or was unable to perform. *Id.* § 8.A. But unlike FMER, U.S. Bank as Successor Special Servicer assumed *only* those rights, duties, and obligations of the initial Special Servicer "to the extent expressly required to be assumed and performed by the Back-Up Special Servicer under this Agreement." *Id.* Under the SSA, U.S. Bank is expressly prohibited from directly undertaking special servicing activities and has no duty to monitor or supervise such activities. *See id.* ("[N]othing in this Agreement shall be construed to require *or permit* the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities . . . ." (emphasis added)); *id.* § 8.D (U.S. Bank is not required to "supervise or monitor the performance" of Servicers or Subservicers and "shall have no liability for the acts or omissions of any such Servicer or Subservicer"). Because of this prohibition, FMER simultaneously retained TSI's predecessor-in-interest, NCO Financial Systems Inc. ("NCO"), as Special Subservicer to manage special servicing on behalf of the Trusts in the event U.S. Bank became Successor Special Servicer. *See generally* Ex. B, Default Prevention and Collection Services Agreement ("TSI Agreement"). The

Cir. 2020) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (quotation omitted)).

4

TSI Agreement expressly provides that TSI will act as an "independent contractor[]" for the Trusts. *Id.* § 11.4; *see also* Ex. A, SSA § 2.B(i) (directing the Special Servicer to "retain[] and enter[] into agreements with licensed collection agencies and other legally authorized persons (the 'Subservicers') . . . pursuant to which *the Subservicers, for and on behalf of the applicable Trust*, will contact borrowers" (emphasis added)). The TSI Agreement was attached as an exhibit and incorporated by reference into the SSA and consented to by the Trust through its Owner Trustee and the Trust Administrator. *See id.* § 8.G (requiring that U.S. Bank, as Back-Up Special Servicer, "shall at all times maintain in full force (i) the NCO [TSI] Agreement, and the engagement of NCO [TSI] thereunder as Subservicer").

When FMER resigned in 2012, U.S. Bank automatically became the Successor Special Servicer and NCO's role as Special Subservicer became operative. Because U.S. Bank is expressly prohibited from undertaking special servicing activities and because it has no duty to monitor or supervise subservicers, Turnstile Capital Management, LLC ("TCM") was engaged as an independent contractor to perform certain responsibilities with respect to special servicing on behalf of the Trusts. In 2014, NCO was succeeded by TSI to manage delinquent and default loan servicing for the Trusts. *See* Compl. ¶ 37.

### III.    STANDARD OF REVIEW

To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[N]aked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and brackets omitted). Similarly, allegations that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 679.

"To determine the adequacy of a complaint under this standard, a court should: (1) identify the elements of the claim[]; (2) review the complaint to strike conclusory allegations; and the[n], (3) consider . . . the well-plead[ed] components of the complaint and evaluate whether all elements previously identified are sufficiently alleged." *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 569 (M.D. Pa. 2015). "In addition, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (quotation omitted). And allegations "contradicted" by documents properly considered on a motion to dismiss need not be accepted as true. *Genesis Bio-Pharm., Inc. v. Chiron Corp.*, 27 F. App'x 94, 99–100 (3d Cir. 2002).

## IV. ARGUMENT

### A. Gosse's UTPCPL Claim is Barred by Pennsylvania's Absolute Judicial Privilege Doctrine.

Gosse bases her UTPCPL claim as to U.S. Bank exclusively on statements made by other parties in prior state court litigation. *See, e.g.*, Compl. ¶¶ 43 ("The Trust, Transworld, and RLG alleged that [Gosse] had liability for a loan originated by JP Morgan Chase … These statements were false, unfair, and deceptive." Her allegations are self-defeating. Pennsylvania's absolute judicial privilege "sweeps broadly to protect '[a]ll communications pertinent to any stage of a judicial proceeding." *Schwartz v. OneWest Bank, FSB*, 614 F. App'x 80, 82 (3d Cir. 2015) (quoting *Binder v. Triangle Publ'ns, Inc.*, 275 A.2d 53, 56 (Pa. 1971)). Courts have consistently held the absolute judicial privilege bars UTPCPL claims premised on statements in prior debt collection actions. *See, e.g.*, *id.* at 81–82; *Bainbridge v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-0411, 2017 WL 1178047, at *21 (M.D. Pa. Mar. 30, 2017) (same); *Bronstein v. Bayview Loan Servicing, LLC*, No. 18-4223, 2020 WL 703652, at *6 (E.D. Pa. Feb. 11, 2020) (same).

### B. Gosse Fails to Satisfy the Pleading Requirements of the UTPCPL.

Even if absolute judicial privilege did not apply, Gosse has not and cannot adequately state a UTPCPL claim against U.S. Bank. The UTPCPL prohibits certain "unfair or deceptive acts or practices" that are defined in 21 different provisions. 73 Pa. Stat. §§ 201-2(4), 201-9.2. Under *any* provision, a plaintiff must allege: "(1)

deceptive conduct; (2) an ascertainable loss; (3) justifiable reliance on the defendant's wrongful conduct or misrepresentations; and (4) that such reliance caused any injury." *Pellegrino v. State Farm Fire & Cas. Co.*, No. 12-2065, 2013 WL 3878591, at *8 (E.D. Pa. July 29, 2013), *aff'd*, 586 F. App'x 129 (3d Cir. 2014). Moreover, to the extent Gosse alleges fraud in any element, she must meet a heightened burden under Rule 9(b). *See, e.g.*, *Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405, 415 (E.D. Pa. 2012); *see also Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (noting a plaintiff "must prove the common law fraud elements of reliance and causation with respect to all subsections of the UTPCPL"); *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001) ("The UTPCL's underlying foundation is fraud prevention.").

### 1. Gosse Does Not Allege Any Particular Wrongful Conduct Under the UTPCPL.

As a threshold matter, Gosse has not even managed to state which of the 21 UTPCPL provisions U.S. Bank—or any Defendant—allegedly violated. Nor has she identified any deceptive, misleading, or fraudulent act committed by U.S. Bank, in particular. Her sole allegation in Count III is that "Defendants have engaged in unfair and deceptive business practices," Compl. ¶ 96, but such an "unadorned, the-defendant-unlawfully-harmed-me accusation" is plainly insufficient to plead a UTPCPL claim, *Ashcroft*, 556 U.S. at 678. Indeed, "General allegations that defendant engaged in deceptive conduct . . . are insufficient; a plaintiff must identify

the specific act, omission or misrepresentation 'in order to demonstrate that such confusion or misunderstanding was caused by certain acts or omissions on the part of the Defendants.'" *Doherty v. Allstate Indem. Co.*, No. 15-05165, 2016 WL 5390638, at \*6 (E.D. Pa. Sept. 27, 2016); *Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 512 (E.D. Pa. 2009) (dismissing UTPCPL claim where plaintiffs failed to allege a defendant "made any representations to them"). These failures alone are fatal to Gosse's claim against U.S. Bank.

### 2. Gosse Is Not A "Purchaser" Vis-à-Vis U.S. Bank Under The UTPCPL.

Even if Gosse had alleged specific wrongdoing by U.S. Bank that allegedly violated a specific provision under the UTPCPL, she does not allege she is a "purchaser" in the context of her relationship (or lack thereof) with U.S. Bank.

The UTPCPL provides a cause of action for "[a]ny person who *purchases or leases* goods or services . . . and *thereby suffers* any ascertainable loss of money or property . . . *as a result of* the use or employment by any person of a method, act or practice declared unlawful under" the UTPCPL, 73 Pa. Stat. § 201-9.2. The statutory text demonstrates that the defendant itself must have engaged in an unlawful "method, act or practice" that caused "ascertainable loss" vis-à-vis the "purchase[] or lease[]" of "good or services." *See id.*

The Third Circuit recognizes that while "strict privity is not always an element of the private cause of action," a plaintiff "lacking any commercial dealings with" a

defendant cannot bring a UTPCPL claim against that defendant. *E.g.*, *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 57 (3d Cir. 1992). Gosse does not allege that she "purchase[d]" any "goods or services" from U.S. Bank. *See Lawrence v. Trans Union LLC*, 296 F. Supp. 2d 582, 592 (E.D. Pa. 2003) (holding that "consumers cannot sue consumer reporting agencies under the [UTPCPL] who have not sold or leased goods to them"). And Gosse cannot bridge this gap, because she does not and cannot allege a causal relationship between any U.S. Bank conduct and her injury. *See, e.g.*, *Portis v. River House Assocs., L.P.*, 498 F. Supp. 2d 746, 753 (M.D. Pa. 2007). In short, Gosse has not (and cannot) plausibly allege that she purchased any goods or services from U.S. Bank or that she suffered any loss "as a result of" conduct or representations by U.S. Bank. *See* 73 Pa. Stat. § 201-9.2.[3]

### 3. Gosse Cannot Plead that She Justifiably Relied on Any Conduct or Representation by U.S. Bank.

Gosse relatedly fails to plead that she relied on any conduct or representation by U.S. Bank. Justifiable reliance is a necessary element to any UTPCPL claim.

---

[3] To the extent Gosse's theory for U.S. Bank's liability is predicated on its alleged failure to properly attend to its duties as Successor Special Servicer, Gosse fares no better. *See, e.g.*, Compl. ¶¶ 16, 21, 27, 29, 45. Gosse does not allege how U.S. Bank's performance under contracts to which Gosse is not even a party becomes "unlawful" conduct under the UTPCPL. And she cannot, for U.S. Bank has no duty to "supervise or monitor" the performance of Servicers or Subservicers and "shall have no liability for the acts or omissions of any such Servicer or Subservicer." SSA § 8.D; *see also id.* § 8.A (U.S. Bank assumed only those rights, duties, and obligations of the initial Special Servicer "to the extent expressly required to be assumed and performed by the Back-Up Special Servicer under this Agreement" and therefore took on no implied duties).

*Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008); *see also Weinberg*, 777 A.2d at 446 (noting the Legislature "[n]ever intended statutory language directed against consumer fraud to do away with the traditional common law elements of reliance and causation"). And a plaintiff must show the defendant had "knowledge of the falsity of [its] statements or the misleading quality of [its] conduct." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498 (3d Cir. 2013). Here, Gosse makes only conclusory allegations of wrongdoing and her related reliance. And those allegations fail for two reasons.

*First*, the only allegedly deceptive conduct Gosse asserts gave rise to her claim against U.S. Bank relates to the state court collections litigation. *See* Compl. ¶¶ 41–49. But she does not identify any false statements or misleading conduct *by U.S. Bank* on that front. Indeed, her only allegation concerning U.S. Bank and the lawsuit is her statement that the "complaint filed by the Trust, with the *aid and assistance of* U.S. Bank and their debt collectors Transworld and RLG, was unfair, abusive, and deceptive." *Id.* ¶ 45 (emphasis added). Conclusory allegations of this sort fail to allege any specific conduct or representations *by U.S. Bank* that Gosse relied on to her detriment, and "nonfeasance alone is not sufficient to raise a claim pursuant to the [UTPCPL]." *Edwards v. Monumental Life Ins. Co.*, No. 17-5260, 2017 WL 6327573, at *3 (E.D. Pa. Dec. 11, 2017) (quoting *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988)). And even assuming Gosse could allege more

11

than a mere conclusion regarding U.S. Bank's ostensible "aid and assistance," *see* Compl. ¶¶ 21, 27, 29, 45, the Court would need not accept such allegations because the relevant contract "contradicts" them. *See Genesis Bio-Pharm.*, 27 F. App'x at 99–100. After all, U.S. Bank is *prohibited* from undertaking direct collections or enforcement activities. *See, e.g.*, Ex. A, SSA § 8.A ("[N]othing in this Agreement shall be construed to require *or permit* the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities . . . ." (emphasis added)). Moreover, Gosse's other allegations concerning U.S. Bank's omissions or "duties" to prevent wrongdoing, Compl. ¶¶ 16, 21, fail as a matter of law (and contract). *See, e.g.*, *Duffy v. Lawyers Title Ins. Co.*, 972 F. Supp. 2d 683, 696–98, 696 n.29 (E.D. Pa. 2013) (characterizing plaintiffs' argument that defendant Fidelity "had a duty to discover and disclose the fraud" of a purported agent as "reaching"—the UTPCPL "simply does not protect claims like this made by plaintiffs"); *Stoudt v. Alta Fin. Mortg.*, No. 08–cv–2643, 2009 WL 661924, at *3 (E.D. Pa. Mar. 10, 2009) (finding allegations that defendant, as assignee of a loan, "knew or should have known" the loan was predatory and had "a duty to review the loan" and a "duty of reasonable care" did "not constitute violations of Pennsylvania's consumer protection laws or fraud"); *see also* SSA §§ 8.A, 8.D.

*Second*, Gosse does not allege that she "justifiably relied" on any alleged misrepresentation by any other party, either. In fact, Gosse alleges the opposite—

that she retained counsel and filed objections to the state court lawsuit, ultimately winning dismissal. *See* Compl. ¶¶ 42–45, 49. So Gosse's claim fails for that independent reason. *See Bainbridge*, 2017 WL 1178047, at *21 (dismissing UTPCPL claim because the plaintiff had retained counsel to successfully defend the foreclosure action—i.e., "[t]he basis of Plaintiffs' UTPCPL claim hinge[d] on the fact that they did not rely on the alleged misrepresentations").

In short, the UTPCPL imposes liability only on parties who themselves have engaged in misconduct or misrepresentation. *See, e.g.*, *Belmont*, 708 F.3d at 498 ("[A] defendant cannot be held derivatively liable under the UTPCPL for the fraudulent actions of a third party when plaintiff fails to allege or present any evidence that [the defendant] ever knowingly engaged in misrepresentation." (internal quotation marks omitted)); *Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. Supp. 273, 283 (E.D. Pa. 1993) (similar).

### 4. Neither Can Gosse Plead that She Suffered an Ascertainable Loss.

Gosse's UTPCPL claim fails for yet another reason: she has not and cannot allege that she suffered an ascertainable loss. In addition to alleging justifiable reliance, the plaintiff must also allege that she suffered harm as a result of that reliance. *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015); *see, e.g.*, *Weinberg*, 777 A.2d at 446 ("The statute clearly requires, in a private action, that a plaintiff suffer an ascertainable loss as a result of the defendant's

prohibited action."). For claims under the UTPCPL, the ascertainable loss must be a loss of money or property—shame, embarrassment, or reputational injury do not count. *Walkup*, 147 F. Supp. 3d at 358.

Gosse alleges only that she "sustained damages and losses in the form of (i) incurred costs to defend the Defendants' improperly pursued debt collection actions, (ii) payments made to the Defendants which were not lawfully owed, and (iii) stress, worry, frustration, and anxiety related to the Defendants' debt collection activities." Compl. ¶ 4. Gosse strikes out: First, Gosse's alleged prior state litigation costs are not recoverable because absolute judicial privilege bars her claim. *See supra* Part A. Second, Gosse wholly fails to identify any "payments made" that "were not lawfully owed"—nor does she allege that such payments were made in reliance on U.S. Bank's conduct or representations—and such a conclusory allegation cannot preserve Gosse's claim on a motion to dismiss. *See Ashcroft*, 556 U.S. at 678. And third, "stress, worry, frustration, and anxiety" are not "money or property" and are thus insufficient for a private plaintiff to make out a claim under the UTPCPL. *See Walkup*, 147 F. Supp. 3d at 358.

### C. U.S. Bank Cannot Be Held Indirectly Liable.

Gosse cannot state a UTPCPL claim against U.S. Bank. Nor can she plead that U.S. Bank somehow may be indirectly liable for the alleged misconduct of the other Defendants. Under Pennsylvania law, "[t]he three basic elements of agency

are: (1) the manifestation by the principal that the agent shall act for him, (2) the agent's acceptance of the undertaking, and (3) the understanding of the parties that the principal is to be in control of the undertaking." *Fairmont Supply Co. v. Cressman Tubular Prod. Corp.*, No. 10-cv-1606, 2011 WL 1327416, at *3 (W.D. Pa. Apr. 6, 2011) (citing *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 385 (3d Cir. 2004)). Despite Gosse's allegations that "TSI is an agent of U.S. Bank,"[4] Compl. ¶ 19, and that U.S. Bank is therefore "responsible for the wrongful conduct of [TSI]," *id.* ¶ 22, Gosse's claim fails because (1) TSI acts on behalf of the Trusts, not U.S. Bank, and (2) U.S. Bank lacks the requisite right to control the manner of TSI's collection activities. Because Gosse cannot allege any factual assertions that U.S. Bank has a right to control TSI's collection efforts and because Gosse's conclusory allegations contradict the governing contracts, Gosse cannot plead that U.S. Bank may be vicariously liable for TSI's alleged misconduct.

---

[4] Gosse's allegation that "TSI is an agent of U.S. Bank" is lifted from a "verified amended complaint" filed by the Trust's equity (or "residual") owners in the Chancery Court of Delaware. *See* Compl. ¶¶ 18–25. On May 31, 2020—before Gosse filed her Complaint—the U.S. District Court for the District of Delaware, in another case, held that the Trust's equity owners have no authority to act in the Trust's name without directing the Trust's Owner Trustee. *See CFPB v. Nat'l Collegiate Master Student Tr.*, No. 17-1323 (MN), 2020 WL 2915759, at *3 (D. Del. May 31, 2020); *see also In re Nat'l Collegiate Student Loan Trusts Litig.*, No. 12111-VCS, 2020 WL 5049402, at *37–40 (Del. Ch. Aug. 27, 2020). Thus, the verified amended complaint was filed without authorization and Gosse's quotations cannot be construed as admissions by any Defendant here.

## 1.    TSI Acts on Behalf of the Trusts, Not U.S. Bank.

U.S. Bank cannot be held liable for TSI's alleged misconduct because TSI is not an agent of U.S. Bank but rather independently acts "on behalf of" the Trusts as an independent contractor.  Ex. B, TSI Agreement § 11.4.  Gosse's conclusory allegation that TSI is U.S. Bank's agent is directly contradicted by the contracts governing both TSI and U.S. Bank; those contracts make clear that no agency relationship exists.  *See Laidley v. Johnson*, No. 09-395, 2011 WL 2784807, at *4 (E.D. Pa. July 11, 2011) (holding that vicarious liability could not be imposed under a UTPCPL claim where the relevant agreement stated no agency relationship existed).  The SSA disclaims such a relationship, expressly limiting U.S. Bank's duties and liabilities in its role as Back-Up Special Servicer: U.S. Bank "shall have no liability for the acts or omissions of any . . . Subservicer in performing its obligations under the applicable Servicing Agreement," and U.S. Bank shall not be required to "supervise or monitor the performance of such Servicers or Subservicers."  Ex. A, SSA § 8.D.  Instead, the SSA expressly directs the Special Servicer to "retain[] and enter[] into agreements with licensed collection agencies and other legally authorized persons (the 'Subservicers') . . . pursuant to which *the Subservicers, for and on behalf of the applicable Trust*, will contact borrowers."  *Id.* § 2.B(i) (emphasis added); *see also id.* § 2.B(viii) (providing that the Special Servicer will "refer the loan for collection *by a Subservicer on behalf of such Trust*"

(emphasis added)).  Under these terms, and as Gosse alleges (*see* Compl. ¶¶ 30, 52), TSI acts "on behalf of the Trust", not U.S. Bank, and therefore TSI cannot be U.S. Bank's agent.

Because the governing contracts expressly disclaim an agency relationship between TSI and U.S. Bank, *see, e.g.*, Ex. B, TSI Agreement § 11.4 (stating that TSI is "in the position of [an] independent contractor[]"), Gosse cannot plead that U.S. Bank is liable under the UTPCPL on an agency theory.

### 2.    U.S. Bank Lacks the Requisite Control over TSI.

Furthermore, Gosse cannot adequately state the existence of an agency relationship between U.S. Bank and TSI here because Gosse has not and cannot allege any factual assertions evidencing a right to control TSI's collection activities. Agency, alone, is insufficient to impose vicarious liability. *See, e.g.*, *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 195 (E.D. Pa. 2020); *see also Black v. Field Asset Servs., LLC*, No. 17-4003, 2018 WL 5264319, at *2 (E.D. Pa. Oct. 23, 2018) (clarifying that an agency relationship is only "a prerequisite to the imposition of vicarious liability"). "[T]he focus of th[e] inquiry should be whether the alleged master has day-to-day control over the manner of the alleged servant's performance." *Id.* (quotation omitted); *see also Castle Cheese, Inc. v. MS Produce, Inc.*, No. 04-878, 2008 WL 4372856, at *9 (W.D. Pa. Sept. 19, 2008).  Courts should look to any relevant written agreement to determine whether a party has a sufficient

degree of control.  *See, e.g.*, *Nolden v. United States*, No. 1:12-cv-01541, 2013 WL 3102344, at *3–4 (M.D. Pa. June 18, 2013).

Here, the SSA expressly limits U.S. Bank's authority as Back-Up Special Servicer, stating that "nothing in this Agreement shall be construed to require *or permit* the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities," Ex. A, SSA § 8.A, and that "the Back-Up Special Servicer in its capacity as successor Special Servicer" is not required to "supervise or monitor the performance of . . . Subservicers," *id.* § 8.D.  The SSA also provides that the "Back-Up Special Servicer (including in its capacity as Special Servicer) shall have no liability for the acts and omissions of any such . . . Subservicer in performing its obligations under the applicable Servicing Agreement."  *Id.*  These provisions clearly indicate that (1) U.S. Bank lacks control over TSI's performance under the governing contracts and (2) the parties did not intend for U.S. Bank to have or exercise such control.  To the extent Gosse lodges conclusory allegations contrary to the plain language of the Agreement—for example, that U.S. Bank had duties to and "failed to monitor Turnstile's performance and failed to replace Turnstile a Subservicer," Compl. ¶ 20—the Court can ignore them.  *See Genesis Bio-Pharm.*, 27 F. App'x at 99–100.

Gosse, on the other hand, fails to allege any factual assertions from which one could even infer a right to control.  Indeed, the express language in the SSA and TSI

Agreement preclude her from ever doing so.  Instead, Gosse makes conclusory allegations that U.S. Bank has "aided and abetted" the alleged misconduct of the other Defendants, *see* Compl. ¶¶ 21, 27, 29, 45, but fails to allege that U.S. Bank actually participates in any way.  In short, because U.S. Bank does not control the manner of TSI's "day-to-day" performance, U.S. Bank cannot be held vicariously liable for TSI's alleged misconduct.  *See Black*, 2018 WL 5264319, at \*3.

### D. Gosse Does Not (and Cannot) Assert Count II Against U.S. Bank.

Finally, in Count II, Gosse purports to state an FCEUA claim against "the Defendants Transworld and RLG," period.  Compl. ¶ 91.  Though Gosse later avers vaguely that the "remaining Defendants as creditors have engaged in acts prohibited by the FCEUA," *id.* ¶ 93, she does not identify or purport to assert a claim against U.S. Bank, in particular.  Nor could she, as the FCEUA applies only to debt collectors and to creditors "with respect to the debt collection activities."  73 Pa. Stat. § 2270.4(b).  Gosse does not and cannot allege that U.S. Bank falls under either category.  *See* Compl. ¶ 93; Ex. A, SSA § 8.A ("[N]othing in this Agreement shall be construed to require or permit the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities . . . .").

More fundamentally, the FCEUA "does not provide a private cause of action for violations; instead plaintiffs must use the UTPCPL's remedy provision to obtain

relief." *Prukala v. Chase Bank, N.A.*, No. 3:19-CV-1791, 2020 WL 5351042, at *3 (M.D. Pa. Sept. 4, 2020) (Mariani, J.). "Consequently, to plead a cause of action under the FCEUA, plaintiffs must be able to state a claim under the UTPCPL." *Id.* Therefore, even if Gosse had alleged a valid claim against U.S. Bank, in particular, such a claim would fail.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Gosse's Complaint as to U.S. Bank with prejudice.

Dated:    November 9, 2020          Respectfully submitted,

 */s/ Kelly M. Locher*
Kelly M. Locher (Pa. 322400)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Phone: (412) 394-7937
Fax: (412) 394-7959
Email: klocher@jonesday.com

 */s/ Albert J. Rota*
Albert J. Rota, *Pro Hac Vice*
JONES DAY
2727 North Harwood St.
Dallas, TX 75201
Phone: (214) 969-3698
Fax: (214) 969-5100
Email: ajrota@jonesday.com

*Counsel for Defendant U.S. Bank, N.A.*

## RULE 7.8(b)(2) CERTIFICATE

Pursuant to Middle District Local Rule 7.8(b)(2), the undersigned hereby certifies that the text body of the brief is 4,998 words in length, not including the case caption, table of contents, table of authorities, signature block, or the following certificates.

_/s/ Kelly M. Locher_____
Kelly M. Locher

*Counsel for Defendant U.S. Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2020, I filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to all counsel of record.

 */s/ Kelly M. Locher*
Kelly M. Locher

*Counsel for Defendant U.S. Bank, N.A.*