## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEY GOSSE, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 3:20-cv-01446-RDM |
| | ) | |
| | ) | Hon. Robert D. Mariani |
| v. | ) | |
| | ) | |
| TRANSWORLD SYSTEMS, INC.; U.S. | ) | Electronically Filed |
| BANK, NA.; RATCHFORD LAW | ) | |
| GROUP, P.C.; NATIONAL | ) | |
| COLLEGIATE STUDENT LOAN | ) | |
| TRUST 2007-3, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

### DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN
### TRUST 2007-3'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### <u>MOTION TO DISMISS THE COMPLAINT</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ............................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................ 2

STATEMENT OF QUESTIONS INVOLVED ............................................. 3

STANDARD OF REVIEW ................................................................... 4

ARGUMENT ................................................................................... 5

I.     PENNSYLVANIA'S JUDICIAL PRIVILEGE DOCTRINE BARS
       PLAINTIFF'S CLAIMS AGAINST THE TRUST. ..................................... 5

II.    PLAINTIFF'S UTPCPL CLAIM FAILS BECAUSE SHE DID NOT
       JUSTIFIABLY RELY ON ANY STATEMENT BY THE TRUST. ............ 8

       A.     There Was No Deceptive Statement Or Conduct By The Trust. ......... 9

       B.     Plaintiff Fails To Allege Reliance On Any Allegedly Deceptive
              Statement. .......................................................................... 10

III.   COUNT II FAILS BECAUSE THE FCEUA DOES NOT
       AUTHORIZE A PRIVATE CAUSE OF ACTION FOR
       PURPORTED VIOLATIONS ................................................................ 11

CONCLUSION ................................................................................. 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................4

*Bainbridge v. Ocwen Loan Servicing, LLC*,
    No. 3:16-CV-0411, 2017 WL 1178047 (M.D. Pa. Mar. 30, 2017)........5, 6, 7, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................4, 9

*Binder v. Triangle Publ'ns, Inc.*,
    275 A.2d 53 (Pa. 1971).........................................................................................6

*Bronstein v. Bayview Loan Servicing, LLC*,
    No. CV 18-4223, 2020 WL 703652 (E.D. Pa. Feb. 11, 2020) .............................5

*Dolan v. PHL Variable Ins. Co.*,
    No. 3:15-CV-01987, 2017 WL 4812308 (M.D. Pa. Oct. 25, 2017)....................8

*Garczynski v. Countrywide Home Loans, Inc.*,
    656 F. Supp. 2d 505 (E.D. Pa. 2009)...................................................................9

*Gen. Refractories Co. v. Fireman's Fund Ins. Co.*,
    337 F.3d 297 (3d Cir. 2003) ................................................................................6

*Hunt v. U.S. Tobacco Co.*,
    538 F.3d 217 (3d Cir. 2008) ................................................................................8

*Johnson v. Chase Manhattan Bank, USA N.A.*,
    No. 07-526, 2007 WL 2033833 (E.D. Pa. July 11, 2007) ...................................9

*Kaymark v. Bank of Am, N.A.*,
    783 F.3d 168 (3d Cir. 2015) *abrogated on other grounds by*
    *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019)......................11

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) ................................................................................5

*Moses v. McWilliams*,
   549 A.2d 950 (Pa. Super Ct. 1988) ....................................................................6

*Murphy v. Fed. Deposit Ins. Corp.*,
   408 F. App'x 609 (3d Cir. 2010) ......................................................................9

*Post v. Mendel*,
   507 A.2d 351 (Pa. 1986) ...................................................................................6

*Prukala v. Chase Bank, N.A.*,
   No. 3:19-CV-1791, 2020 WL 5351042 (M.D. Pa. Sept. 4, 2020) ...................11

*Richmond v. McHale*,
   35 A.3d 779 (Pa. Super. Ct. 2012) ....................................................................6

*Schwartz v. OneWest Bank, FSB*,
   614 Fed. App'x. 80 (3d Cir. 2015) .................................................................5, 7

*Singleton v. Jas Auto. LLC*,
   378 F. Supp. 3d 334 (E.D. Pa. 2019) .............................................................8, 9

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
   140 F.3d 478 (3d Cir. 1998) ..............................................................................4

*Walkup v. Santander Bank, N.A.*,
   147 F. Supp. 3d 349 (E.D. Pa. 2015) ...............................................................12

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
   854 A.2d 425 (Pa. 2004) ....................................................................................7

**Statutes**

73 P.S. § 201-1 .....................................................................................*passim*

73 P.S. § 2270.1 ..................................................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..................................................4

Local Rule 7.5 .........................................................................................3

Local Rule 7.8 .........................................................................................5

Defendant National Collegiate Student Loan Trust 2007-3 (the "Trust"), by and through its undersigned counsel, submits this Brief in Support of its Motion to Dismiss Plaintiff's Complaint (the "Motion").

## INTRODUCTION

Chelsey Gosse ("Plaintiff") brings this Unfair Trade Practices Consumer Protection Law, 73 P.S. § 201-1 ("UTPCPL"), action against the Trust after litigating, and successfully dismissing, a prior state court collection action. Plaintiff's Complaint rests on her allegation that an employee of Transworld Systems, Inc. ("Transworld") made unsupported statements in an affidavit filed in that prior state court action.  Plaintiff's claims fail for three reasons.[1]  First, Plaintiff's claims are barred by Pennsylvania's judicial privilege doctrine because they are based on statements made in the regular course of a judicial proceeding. Second, to state a claim under the UTPCPL Plaintiff must allege that she relied on the statements in the affidavit.  Not only does she not make that allegation, but she alleges affirmatively that she did not rely on those statements.  Indeed, she objected to the complaint and the state court lawsuit was dismissed.  Third, to the extent that Plaintiff seeks to assert an FCEUA claim, it also fails.  There is no

---

[1] It is unclear whether Plaintiff attempts to assert a claim against the Trust pursuant to Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 ("FCEUA"). (*Compare* Compl., ¶ 91 (alleging that the FCEUA claim is asserted against Defendants Transworld and RLG) *with id.* ¶ 93 (referring to the "remaining defendants").)  If she is asserting an FCEUA claim, it fails for the same reasons as set forth in Sections II and III.

independent FCEUA claim and the FCEUA claim fails for the same reasons as the UTPCPL claim.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff does not deny that she took out the defaulted student loan underpinning the state debt collection action in the Superior Court, Lehigh County, Pennsylvania, Case No. 2019-cv-2482.[2]   (Compl., ¶¶ 42–43.)   Rather, Plaintiff avers, in a general and conclusory manner, that the prior action was improper because there was insufficient documentation supporting her alleged debt.   (*Id.*, ¶¶ 42–43.)

Almost eight months after she objected to the complaint in the debt collection action and the court dismissed the complaint, Plaintiff brings suit against the Trust based on representations that she claims Transworld and Ratchford Law Group, P.C. ("RLG") made in that action—representations that she claims were made without the Trust's authorization.   (*Id.*, ¶¶ 17, 18, 43.)   In particular, Plaintiff alleges that "Aaron Motin, an employee of Transworld," submitted an affidavit where he "claimed that Motin was fully familiar regarding the facts set forth in the complaint that included there was an outstanding principal balance on a loan currently owned by the Trust." (*Id.*, ¶ 46.)

---

[2] Plaintiff erroneously alleges that the case was brought in the Superior Court. The Superior Court is a state intermediate appellate court; not a trial court.

Plaintiff alleges that the statements in the affidavit were unsupported,[3] and that she incurred legal costs to defend the suit.  Plaintiff also alleges that there was insufficient evidence to support her ownership of the student loan.  (*Id.*, ¶ 49.)  Yet, Plaintiff does not allege that the Trust made or authorized any misleading or false statement.  She alleges the opposite.  Plaintiff alleges that the Trust did not hire Transworld, that Transworld does not act at the direction of the Trust, and that Transworld does not follow any directions or instructions issued by the Trust.  (*Id.*, ¶¶ 17, 18.)

Plaintiff also does not allege that she relied on any statements made by the Trust.  (*See generally* Dkt. No. 1.)  Instead, Plaintiff alleges that she filed preliminary objections to the state court action and that the case was dismissed. (*Id.*, ¶¶ 44, 49.)

The Trust filed a Motion to Dismiss on October 26, 2020 and now files this Brief pursuant to Local Rule 7.5.

## STATEMENT OF QUESTIONS INVOLVED

1. Are Plaintiff's claims barred by Pennsylvania's judicial privilege doctrine?

    Suggested Answer: Yes.

2. Does Plaintiff's UTPCPL claim fail because she did not justifiably

---

[3] The Trust denies these allegations, which lack all merit.

3

rely on any statement of the Trust?

Suggested Answer: Yes.

3.  Does Plaintiff's FCEAU claim fail because she cannot state a claim under the UTPCPL, the only vehicle for enforcement of the FCEAU?

Suggested Answer: Yes.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether the complaint states claims upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint should be dismissed under Rule 12(b)(6) where no relief could be granted under any set of facts consistent with the allegations of the complaint.  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

When a complaint is challenged by a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

4

complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). Thus, a plaintiff cannot rely on unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997).

## ARGUMENT

### I. PENNSYLVANIA'S JUDICIAL PRIVILEGE DOCTRINE BARS PLAINTIFF'S CLAIMS AGAINST THE TRUST.

At the outset, Plaintiff premises her claims against the Trust solely on statements made by others in the prior state court litigation. As the Third Circuit has recognized, Pennsylvania's judicial privilege doctrine bars claims based on communications pertinent to any state of a judicial proceeding. *Schwartz v. OneWest Bank, FSB*, 614 Fed. App'x. 80, 81–82 (3d Cir. 2015) (finding that Pennsylvania's judicial privilege doctrine barred claimant's UTPCPL and FCEUA claims among others, against mortgage assignee); *Bainbridge v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-0411, 2017 WL 1178047, at *21 (M.D. Pa. Mar. 30, 2017) (dismissing UTPCPL claim); *Bronstein v. Bayview Loan Servicing, LLC*, No. CV 18-4223, 2020 WL 703652, at *6 (E.D. Pa. Feb. 11, 2020) (dismissing

UTPCPL and FCEUA claims premised on statements in prior debt collection action).[4]  As explained in *Schwartz*:

> The judicial privilege ... extends to 'communications [(1)] which are issued in the regular course of judicial proceedings and [(2)] which are pertinent and material to the redress or relief sought.'"  *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 311 (3d Cir. 2003) (quoting *Post v. Mendel*, 507 A.2d 351, 355 (Pa. 1986)). *This privilege sweeps broadly to protect "[a]ll communications pertinent to any stage of a judicial proceeding,"* Binder v. Triangle Publ'ns, Inc.*, 275 A.2d 53, 56 (Pa. 1971), *including* "not only ... communications made in open court, but also ... *pleadings* and even less formal communications such as preliminary conferences and correspondence between counsel in furtherance of the client's interest," *Richmond v. McHale*, 35 A.3d 779, 785 (Pa. Super. Ct. 2012) (internal quotation marks and emphasis omitted). Although the judicial privilege most often bars defamation suits, Pennsylvania courts have applied the privilege broadly to confer "immunity from civil liability in the context of judicial proceedings." *Moses v. McWilliams*, 549 A.2d 950, 956–57 (Pa. Super Ct. 1988).

*Id.* at 81–82 (emphases added).

In *Bainbridge*, the Court dismissed a UTPCPL claim premised on a mortgagee's and loan servicer's purported misrepresentations in a foreclosure action.  There, the factual allegations underpinning plaintiff's UTPCPL claim consisted of statements made by the defendants in a prior foreclosure action. Those allegations included:

> [Mortgagee and servicer] violated the UTPCPL by [r]epresent[ing] that an accurate account of plaintiffs' loan had been made and reviewed thereafter in the course of the foreclosure . . .  and [b]y the

---

[4] A copy of all unreported cases are attached in Appendix A pursuant to Local Rule 7.8

filing of underlying action represented that plaintiffs were in default
[and] that defendants were entitled to foreclose [and] that the
underlying foreclosure was lawful.

*Id.* at *22 (internal quotations omitted).  The Court found that those representations
were protected by Pennsylvania's judicial privilege because they were
communications "pertinent and material to the redress or relief sought in the
foreclosure action."  *Id.* at *24.  Accordingly, the Court dismissed plaintiff's
UTPCPL claims.

Here, Plaintiff premises her claim on representations from a prior state court
action.  Specifically, Plaintiff conclusively avers that the state court "complaint
filed by the Trust . . . was unfair, abusive and deceptive in multiple ways" and
then makes assertions regarding the state court complaint.  (Compl. ¶ 45.)  For
example, Plaintiff avers the state court complaint contained allegations that
"Chelsey Gosse had liability for a loan originated by JP Morgan Chase, which,
[Defendants] alleged, had subsequently been purchased by the Trust in
consolidated loan pools" and concludes "[t]hese statements were false, unfair, and
deceptive."  (Compl. ¶ 43.)  She further identifies the content of an affidavit filed
in the state court action.  (*Id.*, ¶ 46.)  Plaintiff does not allege any
misrepresentations were made to her that were not pertinent and material to the
relief sought in the state court action.  Because those statements were made to

advance arguments of relief sought in the debt collection suit, the Pennsylvania judicial privilege applies.  *Schwartz*, 614 Fed. App'x. at 83.

## II.  PLAINTIFF'S UTPCPL CLAIM FAILS BECAUSE SHE DID NOT JUSTIFIABLY RELY ON ANY STATEMENT BY THE TRUST.

In Count III, Plaintiff asserts claims under the UTPCPL.  To state a claim under the UTPCPL, under any subsection, a Plaintiff must allege that she "justifiably relied on defendants' wrongful conduct or representation and that they suffered harm as a result." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004).  Although Plaintiff fails to specify the subsection pursuant to which she pursues her claim, these threshold elements exist regardless of the specific nature of the UTPCPL claim asserted.   *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227 (3d Cir. 2008) ("[A] plaintiff must show that [s]he justifiably relied on the defendant's wrongful conduct or representation and that [s]he suffered harm as a result of that reliance."); *Dolan v. PHL Variable Ins. Co.*, No. 3:15-CV-01987, 2017 WL 4812308, at *8 (M.D. Pa. Oct. 25, 2017) (noting that a plaintiff must allege "reliance, causation, and an ascertainable loss" to state any UTPCPL claim).

Plaintiff's UTPCPL claim fails because: (1) the Complaint is devoid of any claimed deception by the Trust; and (2) she has not, and cannot, plead reliance on any purportedly misleading or deceptive representation by the Trust.

**A.    There Was No Deceptive Statement Or Conduct By The Trust.**

Based on Plaintiff's allegations, the Complaint does not implicate any conduct *by the Trust*.    Instead, her case is predicated upon an unauthorized statement made *by Transworld* in an affidavit filed in her state court action. Noticeably absent are allegations demonstrating actionable conduct committed by the Trust.    To the contrary, Plaintiff alleges the Trust *did not* authorize such statements.  (Compl., ¶ 18.)  The absence of any claimed false or deceptive conduct by the Trust is fatal.

In *Singleton v. Jas Auto*, the court dismissed a UTPCPL claim against a defendant where plaintiff alleged only that the co-defendants engaged in deceptive conduct, and not the subsequent assignee creditor.  *Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d 334, 351–52 (E.D. Pa. 2019).  The court cited the Third Circuit's directive that "[t]he UTPCPL . . . does not impose liability on assignees," like the Trust here, without specific allegations that an assignee committed wrongdoing. *Id.* at 352 (quoting *Murphy v. Fed. Deposit Ins. Corp.*, 408 F. App'x 609, 611 (3d Cir. 2010)).    Thus, plaintiff could not rely on allegations of others' purported wrongdoing to sustain her claim against the assignee.  *Id.* at 352.  Accordingly, the court dismissed plaintiff's UTPCPL claim as to the subsequent creditor.

Other like cases abound.  *See, e.g., Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 513 (E.D. Pa. 2009) (dismissing UTPCPL claim where

plaintiffs failed to allege a defendant "made any representations to them"); *Johnson v. Chase Manhattan Bank, USA N.A.*, No. 07-526, 2007 WL 2033833, at *7 (E.D. Pa. July 11, 2007) (same).  The same outcome is required here.

### B.   Plaintiff Fails To Allege Reliance On Any Allegedly Deceptive Statement.

Plaintiff does not allege that she relied at all—let alone "justifiably relied"—on the alleged misrepresentations by Transworld.  Indeed, the Complaint does not even contain the word "reliance."  (*See generally* Dkt. No. 1.)  That alone requires dismissal for failure to plead every element of her UTPCPL.  *Twombly*, 550 U.S. at 555.  Nor would any such claim be possible, as Plaintiff's active defense of the state court action precludes her from plausibly alleging that she relied on any claimed deceptive conduct, regardless of the actor.

A similar fact pattern was addressed in *Bainbridge*, where the Court dismissed plaintiffs' UTPCPL claims against a law firm where the plaintiffs alleged reliance and damages in the form of defending a foreclosure suit.  2017 WL 1178047, at *21.  Because the plaintiff had retained counsel to successfully defend the foreclosure action, the Court determined that "the basis of [p]laintiffs' UTPCPL claim hinges on the fact that they *did not rely* on the alleged misrepresentations" in the foreclosure lawsuit.  *Id.* (emphasis added).  The Court held that allegations demonstrated that plaintiffs did not allege that they ever

10

thought the communications relevant to their UTPCPL claims were accurate. Accordingly, the UTPCPL claim was dismissed.

Here, the same result is required.  The Complaint is devoid of any allegation that Plaintiff relied on any statement by the Trust (or anyone else) in the state court action.  Instead, she alleges the opposite.  Plaintiff retained counsel and contested the state court lawsuit from its inception through the filing of "preliminary objections," later achieving dismissal.  (Compl., ¶¶ 42–45, 49.)  Accordingly, Plaintiff has not, and cannot, allege any justifiable reliance and this claim must be dismissed with prejudice.

## III.   COUNT II FAILS BECAUSE THE FCEUA DOES NOT AUTHORIZE A PRIVATE CAUSE OF ACTION FOR PURPORTED VIOLATIONS.

If Plaintiff attempts to assert a claim against the Trust based on the FCEUA in Count II, that claim fails too.[5]

A plaintiff cannot state a claim for relief under the FCEUA if she cannot state a claim for relief under the UTPCPL.  *See, e.g.*, *Kaymark v. Bank of Am, N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) ("The FCEUA [] does not provide its own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL.") *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019).  As this Court recently recognized, "to plead a cause

---

[5] Plaintiff asserts that the FCEUA claim is brought against Transworld and RLG but later refers to the "remaining defendants."  (*See* Compl. ¶¶ 91, 93.)  Thus, the Trust addressed the FCEUA claim out of an abundance of caution.

of action under the FCEUA, plaintiffs must be able to state a claim under the UTPCPL." *Prukala v. Chase Bank, N.A.*, No. 3:19-CV-1791, 2020 WL 5351042, at *3 (M.D. Pa. Sept. 4, 2020).

Here, if Plaintiff asserts an FCEUA claim against the Trust, it fails for the same reasons as her UTPCPL claims.  *See* Section II, *supra* (discussing reasons Plaintiff's UTPCPL claim fails); *Prukala*, 2020 WL 5351042, at *3 (dismissing UTPCPL and contingent FCEUA claims where plaintiff failed to allege an "ascertainable loss" or reliance); *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Complaint against the Trust should be dismissed with prejudice.

By:    */s/ Brian P. Downey*
   Brian P. Downey (PA 59891)
   Justin G. Weber (PA 89266)
   TROUTMAN PEPPER HAMILTON
   SANDERS LLP
   100 Market Street, Suite 200
   P.O. Box 1181
   Harrisburg, Pennsylvania 17108-1181
   717.255.1155
   717.238.0575 (fax)
   Brian.Downey@troutman.com
   Justin.Weber@troutman.com

   David N. Anthony
   (*Pro hac vice to be filed*)
   TROUTMAN PEPPER HAMILTON
   SANDERS LLP
   1001 Haxall Point, 15th Floor
   Richmond, Virginia 23219
   804.697.5410
   David.Anthony@troutman.com

   *Attorneys for Defendant National Collegiate*
   *Student Loan Trust 2007-3*