# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE, *on their own behalfs and on behalf of other similarly situated persons*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:20-cv-01446-RDM

Hon. Robert D. Mariani

Electronically Filed

Plaintiffs,

v.

TRANSWORLD SYSTEMS, INC.; U.S. BANK, N.A.; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NA-TIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; GSS DATA SERVICES LLC,

Defendants.

## U.S. BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..........................................................................................1

II.  ARGUMENT ................................................................................................3

    A.   The Complaint Fails to State a Claim Against U.S. Bank
    Premised on the Dragonetti Act, Either Directly or As
    Part of a Civil Conspiracy .................................................................3

        1.   Gosse Fails to State a Claim Under the Dragonetti
            Act (Count III) ...........................................................................4

        2.   Plaintiffs Fail to Plead a Civil Conspiracy Claim
            (Count IV) Premised on the Dragonetti Act ...........................10

            i.    Plaintiffs Lack a Predicate Tort ......................................10

            ii.   Plaintiffs Fail to Allege Any Facts That
                Would Support a Claim for Civil Conspiracy ...............10

            iii.  Plaintiffs' Conspiracy Claims Are Barred By
                Pennsylvania's Absolute Judicial Privilege
                Doctrine .........................................................................13

    B.   Plaintiffs' Other Arguments Are Unavailing or Otherwise
    Irrelevant As to the Remaining Claims Against U.S. Bank ...............15

        1.   Collateral Estoppel Does Not Bar U.S. Bank's
            Arguments ..................................................................................15

        2.   U.S. Bank Bears no "Indirect Liability," Even
            Assuming Plaintiffs Had Alleged It ..........................................16

        3.   Gosse's Mischaracterization of U.S. Bank's Roles
            as Successor Special Servicer and Indenture Trustee
            Are Irrelevant to the Dragonetti Claim .....................................18

III. CONCLUSION ...........................................................................................21

# TABLE OF AUTHORITIES

**Page**

CASES

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................11

*Bobrick Corp. v. Santana Prod., Inc.*,
698 F. Supp. 2d 479 (M.D. Pa. 2010),
*aff'd*, 422 F. App'x 84 (3d Cir. 2011)...........................................8, 9

*Bracken v. County of Allegheny*,
2017 WL 498511 (W.D. Pa. Feb. 7, 2017).....................................17

*Bro-Tech v. Thermax, Inc.*,
651 F. Supp. 2d 378 (E.D. Pa. 2009).....................................4, 10, 12

*Brown v. Del. Valley Transplant Program*,
539 A.2d 1372 (Pa. Super. 1988) .................................................13

*Brown v. Priority Healthcare Grp., LLC*,
2019 WL 4805321 (M.D. Pa. Oct. 1, 2019) ...................................17

*CFPB v. Nat'l Collegiate Master Student Tr.*,
2020 WL 2915759 (D. Del. May 31, 2020) ....................................20

*Doe v. University of Sciences*,
961 F.3d 203 (3d Cir. 2020) ........................................................19

*Foster v. Nat'l Collegiate Student Loan Tr. 2007-4*,
2018 WL 1095760 (Tex. App.—Houston [1st Dist.]
Mar. 1, 2018, no pet.)....................................................................8

*Genesis Bio-Pharm., Inc. v. Chiron Corp.*,
27 F. App'x 94 (3d Cir. 2002) ....................................................5, 19

*Greenberg v. McGraw*,
  161 A.3d 976 (Pa. Super. 2017) .........................................................................14

*Higgins v. Frank Bonin Funeral Parlor*,
  2015 WL 10944445 (M.D. Pa. Feb. 12, 2015),
  *adopted*, 2015 WL 10943833 (M.D. Pa. Apr. 20, 2015),
  *aff'd*, 629 F. App'x 168 (3d Cir. 2015)..............................................................10

*In re Nat'l Collegiate Student Loan Tr. Litig.*,
  2020 WL 5049402 (Del. Ch. Aug. 27, 2020)......................................................20

*Kane v. Schatz*,
  2018 WL 4327530 (Pa. Super. Ct. Sept. 11, 2018) .............................................9

*Lerner v. Lerner*,
  2008 PA Super 183, 954 A.2d 1229 (2008) .........................................................8

*Mansmann v. Tuman*,
  970 F. Supp. 389 (E.D. Pa. 1997).....................................................................7, 8

*Merrill, v. Transworld Sys.*,
  No 1:20-cv-00183, R. &. R., Dkt. 28, *adopted*,
  2021 WL 210715 (W.D. Mich. Jan. 21, 2021)...........................................*passim*

*Myszkowski v. Penn Stroud Hotel, Inc.*,
  634 A.2d 622 (Pa. Super. 1993) ........................................................................18

*Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*,
  40 F. Supp. 3d 437 (E.D. Pa. 2014).............................................................11, 16

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ...................................................................4, 13, 17

*Post v. Mendel*,
  507 A.2d 351 (Pa. 1986)....................................................................................14

*Prukala v. Chase Bank, N.A.*,
  2020 WL 5351042 (M.D. Pa. Sept. 4, 2020).....................................................21

*Safeguard Mut. Ins. Co. v. Williams*,
   345 A.2d 664 (1975) .......................................................................................15

*Sarpolis v. Tereshko*,
   26 F. Supp. 3d 407 (E.D. Pa. 2014),
   *aff'd*, 625 F. App'x 594 (3d Cir. 2016).......................................................11, 12

*Schwartz v. OneWest Bank*,
   614 F. App'x 80 (3d Cir. 2015) .......................................................................13

*Souders v. Bank of Am.*,
   2012 WL 7009007 (M.D. Pa. Dec. 6, 2012),
   *adopted*, 2013 WL 451863 (M.D. Pa. Feb. 6, 2013).........................................18

*Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*,
   2021 WL 673458 (D. Utah Feb. 22, 2021).........................................................8

*Wagner v. Holtzapple*,
   101 F. Supp. 3d 462 (M.D. Pa. 2015)...............................................................11

**RULES**

Fed. R. Civ. P. 12(b)(6)..........................................................................................1

Middle District Local Rule 7.8(a) ..........................................................................3

**STATUTES**

42 Pa. C.S.A. § 8351 ....................................................................................4, 9, 16

42 Pa. C.S.A. § 8352 ..............................................................................................8

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and this Court's Order (Dkt. 65), Defendant U.S. Bank submits this reply brief in response to Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss and Motion to Strike (Dkt. 68) and in support of its Motion to Dismiss Plaintiffs' First Amended Complaint (Dkts. 52 and 59) (referred to as the "Complaint" herein).

## I.    INTRODUCTION

In their "Omnibus Opposition," Plaintiffs try to muddy the waters in the hope that part of their Complaint survives in some way to discovery.  In doing so, Plaintiffs ignore U.S. Bank's arguments, argue against straw men, and pretend they pleaded allegations they did not—despite the fact that they have already amended as of right.

What Plaintiffs' Opposition does make clear is that they intend to limit their claims.  Plaintiffs have dropped their claim for violation of the Fair Credit Extension Uniformity Act ("FCEUA") (Count II), *see* Opp'n Br. 10 n.2, and for civil conspiracy based on alleged violations of the Consumer Financial Protection Act ("CFPA") (Count IV).  Plaintiffs now—for the first time and in contrast to the Complaint—characterize their conspiracy claim as premised on the Dragonetti Act.  Further, the Dettore plaintiffs abandoned their Dragonetti Act claim.  *See* Opp'n Br. 38 n.10. These shifts mean only the following claims against U.S. Bank remain:  (1) Gosse's Dragonetti Act Claim (Count III) and Civil Conspiracy Claim (Count IV); and

(2) the Detorres' Civil Conspiracy Claim (Count IV).  But because the Dettores dropped their only free-standing claim (Dragonetti Act), their conspiracy claim based on the same statute must also be dismissed.

Gosse's claims should meet the same fate.  Gosse fails to state a claim for "wrongful use of civil proceedings" under the Dragonetti Act, either directly or as part of a civil conspiracy, because (among other reasons) Gosse's own allegations demonstrate U.S. Bank neither participated in the proceedings, acted with gross negligence or malice, nor acted with an improper purpose.  Indeed, the very contract that she invokes bars U.S. Bank from engaging in any such collection activities. Further, her conspiracy claim fails because, among other reasons, she cannot allege that Defendants conspired solely to harm her.  Gosse's incorrect application of collateral estoppel and scattershot theories of indirect liability are largely irrelevant to her remaining claims, let alone dispositive in her favor.  Because Gosse fails to state any plausible claims against U.S. Bank premised on the Dragonetti Act and the Dettores have abandoned all of their other claims against U.S. Bank, this Court should grant U.S. Bank's motion to dismiss.

## II.    ARGUMENT[1]

### A.    The Complaint Fails to State a Claim Against U.S. Bank Premised on the Dragonetti Act, Either Directly or As Part of a Civil Conspiracy.

With the Dettores' concession, Plaintiff Gosse's Dragonetti Act claim is the sole free-standing claim remaining against U.S. Bank, *see* Opp'n Br. 38 n.10, and the Opposition does little to save her claim.  Gosse's Opposition does not address U.S. Bank's arguments concerning "improper purpose" or even attempt to distinguish U.S. Bank's authority concerning "gross negligence" and "probable cause." *See* Opp'n Br. 38–40.  Even if the Court accepts Gosse's paltry and conclusory allegations, she has still failed to plead sufficient facts to support a Dragonetti Act claim against U.S. Bank.

Nor does Plaintiffs' Opposition save their civil conspiracy claim.  First, Plaintiffs pleaded a conspiracy claim based on a violation of the CFPA.  Am. Compl. ¶¶ 103(a)(iii).  Rather than address U.S. Bank's authority showing that the CFPA does not permit a private cause of action and cannot support a conspiracy claim (Mot. to Dismiss 16), Plaintiffs now assert that the conspiracy is based on the Dragonetti Act.  Opp'n Br. 24, 42.  This Court should reject Plaintiffs' improper attempt to

---

[1] Plaintiffs' Opposition does not include a counter statement of questions involved to respond to the statements of the moving Defendants, and therefore Defendants' statements should "be deemed adopted" per Middle District Local Rule 7.8(a).

amend their Complaint through their Opposition and dismiss their claim for this reason alone. *See, e.g.*, *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Second, even assuming the Court considered a conspiracy based on the Dragonetti Act, Plaintiff still does not point to any allegations of an actual agreement or meeting of the minds between the Defendants.  Third, Plaintiffs' fail to address their utter lack of allegations supporting malice, *i.e.*, that "the *sole* purpose of the conspiracy was to injure the plaintiffs." *Bro-Tech v. Thermax, Inc.*, 651 F. Supp. 2d 378, 419 (E.D. Pa. 2009) (emphasis added).

Accordingly, all remaining claims against U.S. Bank should be dismissed.

### 1. Gosse Fails to State a Claim Under the Dragonetti Act (Count III).

To state a claim under the Dragonetti Act, Gosse must sufficiently allege that U.S. Bank (1) "[took] part in the procurement, initiation, or continuation" of the proceedings; (2) acted, *with respect to those proceedings*, "in a grossly negligent manner or without probable cause"; and (3) acted "primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based." *See* 42 Pa. C.S.A. § 8351.  Gosse has failed to establish any of these elements. *See* Mot. to Dismiss 19–20.

4

*No Involvement in Proceedings.*  Gosse has not plausibly alleged that U.S. Bank has taken part in any action to procure, initiate, or continue the collections suit against her.  Plaintiff acknowledges that U.S. Bank was never a party to the suit. Opp'n Br. 39.  And she does not point to any specific, non-conclusory allegations of actions that U.S. Bank took to "initiate" or "continue" the Gosse collection suit.  *Id.* 39–40.  Instead, Plaintiff points to conclusory (and inaccurate) allegations of actions U.S. Bank allegedly took relating to *other* cases, *id.* at 39 (citing Am. Compl. ¶¶ 19–21), and paragraphs of the Complaint that do not reference U.S. Bank at all, *id.* at 40 (citing Am. Compl. ¶¶ 44–46).  Gosse also argues that the collections action was filed "at the direction of U.S. Bank," Opp'n Br. 40, but this conclusory assertion does not appear in the Complaint.  Finally, Gosse points to paragraph 49 of the Complaint, which contains irrelevant and conclusory statements about U.S. Bank's purported actions relating to the *Dettore* collection case.  Gosse's failure to allege a single specific, non-conclusory allegation concerning U.S. Bank's purported actions warrants dismissal on its own.

Gosse's attempts to characterize U.S. Bank's arguments as requiring a factual determination do not change this conclusion.  *See* Opp'n Br. 40.  In its motion, U.S. Bank argues that, on a motion to dismiss, the Court can ignore allegations that are contradicted by a document relied upon in the complaint.  *See, e.g.*, Mot. to Dismiss 6 (citing *Genesis Bio-Pharm., Inc. v. Chiron Corp.*, 27 F. App'x 94, 99–100 (3d Cir.

2002)), 13, 15.  Plaintiff does not attempt to rebut this argument.  Under the Special

Servicing Agreement ("SSA") that Gosse relies upon (Am. Compl. at ¶ 19.b.), U.S.

Bank does not have a duty to service loans, is prohibited from doing so, and is not

required to "supervise or monitor the performance" of Subservicers, including De-

fendant TSI.  *See* SSA (Dkt. 59-3) § 8.D (quoted); § 8.A (noting "nothing … re-

quire[s] or permit[s] [U.S. Bank] (in its capacity as Special Servicer or otherwise) to

undertake direct collection or enforcement activities ….").  Indeed—in a case Gosse

failed to address in her Opposition—the Western District of Michigan granted U.S.

Bank's motion to dismiss a similar complaint, in part, because, "Section 8.A. of the

SSA … underscores the parties' intent that U.S. Bank would not perform debt col-

lection in its role as Special Servicer."  *See Merrill, et al. v. Transworld Sys., et al.*,

No. 1:20-cv-00183, R. &. R., Dkt. 28, at 22–23), *adopted*, 2021 WL 210715 (W.D.

Mich. Jan. 21, 2021).[2]  In short, Gosse's conclusory allegations concerning U.S.

Bank's purported servicing activities directly contradict the SSA she relies upon and

should be ignored under *Genesis Bio-Pharmaceuticals*.

Gosse's failure to allege any specific allegations concerning U.S. Bank's di-

rect servicing activities is not surprising given the SSA described above.  Indeed,

despite her conclusory allegations to the contrary, Gosse admits that she "alleg[es]

---

[2] The R&R recommending dismissal of U.S. Bank and adopting Order in *Mer-rill* were submitted as Exhibit A (Dkt. 59-2) with U.S. Bank's Motion to Dismiss.

US Bank's involvement in debt collection is done *through* the various actions of other defendants who are acting in concert with it." Opp'n Br. 27 (emphasis added). As discussed above, the Western District of Michigan dismissed a similar complaint because "[p]laintiffs' allegation that U.S. Bank regularly collects debts through TSI" was "a bare legal conclusion that falls far short." *Merrill*, R. &. R., at 21 *adopted*, 2021 WL 210715 (W.D. Mich. Jan. 21, 2021). Gosse's claim should be similarly dismissed.

Because Gosse has not alleged a single non-conclusory allegation concerning U.S. Bank's actions to "procure[], initiat[e] or continu[e]" the Gosse collection case, her Dragonetti Act claim must be dismissed. *See, e.g.*, *Mansmann v. Tuman*, 970 F. Supp. 389, 396 (E.D. Pa. 1997) (dismissing Dragonetti claims because it was "unclear what role Plaintiff assigns to the [Defendants] … other than alleging that they acted with malice and an intention to harass and maliciously to injure plaintiff, completely conclusory allegations in the language of the statute").

*No Gross Negligence or Lack of Probable Cause.* Gosse also failed to allege that U.S. Bank acted "in a grossly negligent manner or without probable cause." Mot. to Dismiss 19–20. Gosse concedes that she did not allege gross negligence and argues that U.S. Bank's acted intentionally. Opp'n Br. 39–40. However, Plaintiff relies solely on conclusory allegations that U.S. Bank "knew" of TSI's purportedly improper prior conduct, *id.*; *see also* Am. Compl. ¶¶ 22–23, 26, but she does not

allege or explain how such knowledge indicates a wrongful intent (knowing or otherwise) to use civil proceedings *against Gosse*. Gosse's failure is fatal to her claim. *See, e.g.*, *Lerner v. Lerner*, 2008 PA Super 183, ¶ 19, 954 A.2d 1229, 1239 (2008) (finding 57 paragraphs of information "related to a prior legal dispute" "irrelevant" and dismissing a Dragonetti claim because the plaintiff "does not aver well-pled facts … that [the defendant] acted in a grossly negligent manner or without probable cause" in the underlying case); *Mansmann*, 970 F. Supp. at 396 (dismissing Dragonetti claim due to conclusory allegations regarding lack of probable cause).

Nor can Gosse show that any other Defendant lacked probable cause in filing the collection case. In addition to the lack of specific allegations concerning Gosse's case, the Trusts—through TSI and collections counsel—had a reasonable belief that the claim may be valid based on the Trusts' continued ability to prove ownership of its loans. 42 Pa. C.S.A. § 8352; Mot. to Dismiss 20; *see also, e.g.*, *Bobrick Corp. v. Santana Prod., Inc.*, 698 F. Supp. 2d 479, 491–92 (M.D. Pa. 2010) (noting that probable cause may be determined as a matter of law on a motion to dismiss), *aff'd*, 422 F. App'x 84 (3d Cir. 2011); *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, 2021 WL 673458, at *4, *8 (D. Utah Feb. 22, 2021) (concluding on summary judgment that the Trust owned Taylor's loan and had standing to sue for the debt owed); *Foster v. Nat'l Collegiate Student Loan Tr. 2007-4*, 2018 WL 1095760, at *8 (Tex.

App.—Houston [1st Dist.] Mar. 1, 2018, no pet.) (similar).  Gosse's claim must be dismissed for failure to plead gross negligence or lack of probable cause.

*No Improper Purpose.*  Gosse cannot plausibly allege that U.S. Bank (or any other Defendant) filed the collections action "primarily for a purpose other than … adjudication of the claim."  S*ee* 42 Pa. C.S.A. § 8351; *Bobrick*, 698 F. Supp. 2d at 497–98.  In fact, she does not make any allegations concerning U.S. Bank's purported motives.  She concedes "the Defendants [were] attempting to collect" on her debt, Am. Compl. ¶ 3, and she does not dispute that she owed the debt at that time. *See id.* ¶ 47; *see also* Dkt. 68-2, at 58–63 (Exhibit A of Gosse's state-court complaint, including copies of Gosse's note disclosure statement and loan request/credit agreement).  And her argument that the state-court ruling "establishes that the actions were filed for an improper purpose," Opp'n Br. 40, fails as a matter of law. *Kane v. Schatz*, 2018 WL 4327530, at *6 (Pa. Super. Ct. Sept. 11, 2018) (affirming summary judgement because, "[b]y Appellant's logic, a wrongful use of civil proceedings claim could be proven simply by presenting evidence of any unsuccessful previous civil complaint")  For these reasons, Gosse does not plausibly allege that the collections suit was instituted with an improper purpose, nor as a result of any actions taken by U.S. Bank.  Accordingly, Count III should be dismissed as against U.S. Bank.

### 2. Plaintiffs Fail to Plead a Civil Conspiracy Claim (Count IV) Premised on the Dragonetti Act.

Assuming Plaintiffs pleaded a conspiracy to violate the Dragonetti Act (which they did not), the Court should still dismiss the claim because: (1) they fail to state an underlying Dragonetti claim, *see supra* Part III.A.1; (2) the judicial privilege bars their claim; and (3) they fail to allege sufficient facts against U.S. Bank to support the stringent elements of a conspiracy claim.

#### i. Plaintiffs Lack a Predicate Tort.

In Pennsylvania, a civil conspiracy claim must be premised on a substantive, independent cause of action. *See, e.g.*, *Bro-Tech*, 651 F. Supp. 2d at 418–19; *Higgins v. Frank Bonin Funeral Parlor*, 2015 WL 10944445, at *6 n.2 (M.D. Pa. Feb. 12, 2015) (Carlson, Mag. J.), *adopted*, 2015 WL 10943833 (M.D. Pa. Apr. 20, 2015), *aff'd*, 629 F. App'x 168 (3d Cir. 2015). The Dettores effectively abandoned their conspiracy claim with their Dragonetti Act claim. *See* Opp'n Br. 38 n.10. And Gosse's conspiracy claim fails with her inability to state a Dragonetti claim. *See* Part III.A.1, *supra*. The Court can thus end its analysis of the conspiracy claim and dismiss the case against U.S. Bank.

#### ii. Plaintiffs Fail to Allege Any Facts that Would Support a Claim for Civil Conspiracy.

In any event, Plaintiffs fail to state a conspiracy claim. "'To prove a civil conspiracy, it must be shown that [i] two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means,'

and [ii] that they acted with 'malice, *i.e.*, an intent to injure.'" *Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 40 F. Supp. 3d 437, 454 (E.D. Pa. 2014) (citation omitted); *see also Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 487–88 (M.D. Pa. 2015). Despite Plaintiffs' arguments to the contrary, they have not pleaded facts to support a plausible claim against U.S. Bank.

*No Combination or Agreement.* For starters, Plaintiffs cannot and do not allege that U.S. Bank combined or agreed with others "to do an unlawful act or to do an otherwise lawful act by unlawful means." As explained throughout U.S. Bank's Motion, Plaintiffs have not identified any specific act that U.S. Bank has taken in connection with their loans. Indeed, any such allegation contradicts the SSA that Plaintiff relies upon and should be disregarded. *See* SSA § 8.A; *Merrill*, R. &. R., at 22–23; *Merrill*, 2021 WL 210715, at *1. Thus, Plaintiffs do not plausibly allege— nor do they even attempt to allege—that U.S. Bank "combined or agreed" with other parties for the *sole* purpose of filing allegedly false affidavits in Plaintiffs' cases. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (noting "parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality").

*No Malice.* Plaintiffs cannot and do not allege that the "*sole purpose*" of Defendants' purported conspiracy was to injure them. *Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 423–24 (E.D. Pa. 2014) (internal quotes omitted, emphasis added), *aff'd,*

11

625 F. App'x 594 (3d Cir. 2016).  In fact, Plaintiffs' own allegations and arguments undermine their claim.  First, Plaintiff asserts that the purported conspiracy was "for the purpose of seeking to collect debts through the instigation of lawsuits against *consumers*" generally, not against Gosse or the Dettores specifically.  Opp'n Br. 42 (emphasis added); Am. Compl. ¶ 102.  Second, Plaintiffs allege that Defendants "conspired … to their mutual economic benefit."  Am. Compl. ¶ 102.  In similar situations, Pennsylvania courts have refused to infer malice and dismissed conspiracy claims when plaintiffs allege that the purported conspiracy was intended to result in a financial benefit to the defendants:

> The Court will not [infer malice], especially considering that the [Complaint] explicitly avers that all parties reaped financial or career benefits, at Plaintiff's expense as a result of the alleged conspiracy. … Accordingly, by Plaintiff's own admission the intent of the conspiracy was not to harm Plaintiff, but for the Defendants to advance their respective personal and business interests.  Because Plaintiff has not alleged, and cannot allege, that the Defendants solely intended to harm her when they engaged in the alleged civil conspiracy, the [Complaint] again fails to state a claim upon which relief can be granted.

*Sarpolis*, 26 F. Supp. 3d at 423–24.  Finally, Plaintiffs' assertion of malice is "negated by a showing that the acts alleged were done for … business benefit," *Bro-Tech*, 651 F. Supp. 2d at 419, *i.e.*, loan servicing and debt collection, Am. Compl. ¶¶ 3, 10, 13–14.

For all of these reasons, Plaintiffs do not state any—let alone all—of the elements of any civil conspiracy claim against U.S. Bank.

### iii.    Plaintiffs' Conspiracy Claims Are Barred By Pennsylvania's Absolute Judicial Privilege Doctrine.

Regardless of the underlying claim,[3] the absolute judicial privilege bars Plaintiffs' conspiracy claim.  Mot. to Dismiss 7-8.  Plaintiffs argue that the judicial privilege applies only to defamation claims and that U.S. Bank seeks to apply the privilege to their Dragonetti claim.  *See* Opp'n Br. 22–24.  Plaintiffs are wrong on both counts.

Pennsylvania's absolute judicial privilege "sweeps broadly to protect '[a]ll communications pertinent to any stage of a judicial proceeding.'"  *Schwartz v. OneWest Bank*, 614 F. App'x 80, 82 (3d Cir. 2015) (citation omitted).  The privilege covers civil conspiracy claims premised on activities relating to a judicial proceeding.  *See, e.g.*, *Brown v. Del. Valley Transplant Program*, 539 A.2d 1372, 1375 (Pa. Super. 1988).  Plaintiffs have not attempted to distinguish U.S. Bank's authority.  Mot. to Dismiss 7–8.

---

[3] As discussed above, Plaintiffs dropped their FCEUA- and CFPA-centered claims (which are also barred by the judicial privilege) and have shifted to say that their conspiracy claims are actually centered on violations of the Dragonetti Act.  In doing so, they have improperly attempted to amend in their Opposition, *see, e.g.*, *Zimmerman*, 836 F.2d at 181, and for this reason alone the Court should ignore Plaintiffs' argument against the judicial privilege doctrine.  *See* Opp'n Br. 23–24.

Plaintiffs argue that they have "alleged that [Defendants] participated in the decisions that lead to the filing of the action against her" and that "defendants have worked together towards the common goal of asserting claims before Courts." Opp'n Br. at 38, 40.  However, this does not save their conspiracy claim because the judicial privilege covers "pertinent and material" "'communications made prior to the institution of proceedings' … 'in the regular course of preparing for contemplated proceedings.'"  *Greenberg v. McGraw*, 161 A.3d 976, 982 (Pa. Super. 2017) (quoting *Post v. Mendel*, 507 A.2d 351, 356 (Pa. 1986)); *see also id.* at 988 ("The weight of authority in this Commonwealth accords with extending an absolute privilege to statements made by individuals seeking to initiate judicial or quasi-judicial proceedings.").   In short, the judicial privilege covers common-law conspiracy claims that rest on pre-initiation communications—such as those purportedly alleged by Plaintiffs—regardless of the conspiracy's predicate tort.[4]  Accordingly, this Court should dismiss Plaintiffs' conspiracy claims regardless of whether they are based on the CFPA or the Dragonetti Act.

---

[4] U.S. Bank does not argue that the judicial privilege applies to bar Plaintiffs' Dragonetti claim.  However, the narrow exception for Dragonetti claims is irrelevant here because Plaintiffs have pleaded a common-law conspiracy claim that is not codified as part of the Dragonetti Act.

**B.      Plaintiffs' Other Arguments Are Unavailing or Otherwise Irrelevant As to the Remaining Claims Against U.S. Bank.**

Plaintiffs' Opposition raises a host of issues, many for the first time, that mis-characterize the facts and law in a desperate attempt to avoid dismissal.  For the reasons set forth below, the Court should ignore Plaintiffs' attempted distractions and dismiss their claims against U.S. Bank.

### 1.      Collateral Estoppel Does Not Bar U.S. Bank's Arguments.

Plaintiffs argue that Gosse's state-court judgment collaterally estops Defend-ants from "contend[ing] that they had any right to pursue Gosse in the [collections suit]."  Opp'n Br. 19.  Plaintiffs claim that "whether TSI, RLG, or NCSLT 2007-3 could prove a right to collect a purported debt from Gosse" is "[t]he identical issue presented in this action."  *Id.* at 17.  They are incorrect.

Collateral estoppel is proper only if "the issue decided in the prior adjudica-tion was *identical* with the one presented in the later action."  *Safeguard Mut. Ins. Co. v. Williams*, 345 A.2d 664, 668 (1975) (emphasis added).  The state court did not determine whether Defendant Trusts—through TSI and collections counsel—could prove a "right to collect."  Rather, the state court dismissed the case only after collections counsel failed to timely file an opposition to Gosse's preliminary objec-tions.  *See* Dkt. 60-6; Dkt. 72-1.

Even assuming that TSI, RLG, or NCLST 2007-3 failed to "prove a right to collect … from Gosse," Opp'n Br. 17, this does not establish whether *U.S. Bank*

"[took] part in the procurement, initiation, or continuation," of the state-court proceedings, acted "in a grossly negligent manner or without probable cause," or acted "primarily" for an improper "purpose." *See* 42 Pa. C.S.A. § 8351.  Nor does it establish whether *U.S. Bank* "combined or agreed with intent to do an unlawful act," or that it "acted with 'malice, *i.e.*, an intent to injure'" Plaintiffs.  *Ozburn-Hessey Logistics*, 40 F. Supp. 3d at 454 (conspiracy).  The Court should reject Plaintiffs' collateral estoppel argument.

### 2. U.S. Bank Bears No "Indirect Liability," Even Assuming Plaintiffs Had Alleged It.

To the extent Plaintiffs' conclusory allegations that TSI is U.S. Bank's agent are relevant,[5] Plaintiffs' Opposition fails to salvage such a theory.  Plaintiffs argue that an agency relationship can be supported on four grounds—express, implied, apparent, and estoppel, Opp'n Br. 25—but their Complaint alleged only an express agency and did so in a conclusory fashion.  Am. Compl ¶ 19.b ("To the contrary, TSI is an agent of U.S. Bank as Special Servicer.")  Plaintiff failed to allege that the purportedly illegal state court actions were within the scope of any alleged agency (rather than a departure therefrom) or that U.S. Bank directed TSI to file suit against Gosse in particular (it did and could not).  And, in any event, Plaintiffs' conclusory

---

[5] Plaintiffs appear to allege and argue that U.S. Bank directly violated the Dragonetti Act and participated in the purported conspiracy.  Am. Compl. ¶¶ 28, 32, 43, 49, 62; Opp'n Br. 38–44.

allegation should be disregarded because the TSI Agreement explicitly states that TSI services loans "on behalf of" the Trusts—not on behalf of U.S. Bank. *See* Default Prevention and Collection Services Agreement ("TSI Agreement") (Dkt. 59-4) § 2.4.

The Court should also disregard Plaintiffs' new—and unplead—agency theories. *See, e.g.*, *Zimmerman*, 836 F.2d at 181; *Bracken v. County of Allegheny*, 2017 WL 498511, at *2 (W.D. Pa. Feb. 7, 2017) ("[T]he Court will disregard any arguments made as to legal theories that are not specifically pled in the amended complaint."); *Brown v. Priority Healthcare Grp., LLC*, 2019 WL 4805321, at *3 (M.D. Pa. Oct. 1, 2019) (similar). First, Plaintiff asserts that U.S. Bank has "delegated performance of its duties" to TSI. *See* Opp'n Br. 27. Second, Plaintiffs assert that there is "apparent authority" for TSI to act for U.S. Bank. *Id.* Both of these unplead theories contradict the SSA, which states that U.S. Bank does not have any servicing duties and should be disregarded for this reason as well. *See* Mot. to Dismiss 3–5; SSA, §§ 8.A, 8.D; *Merrill*, R. &. R., at 22–23; *Merrill*, 2021 WL 210715, at *1. Further, Plaintiffs never allege or argue they relied to their detriment on any manifestation by U.S. Bank, let alone for purposes of the Dragonetti Act claim. *See, e.g.*, *Myszkowski v. Penn Stroud Hotel, Inc.*, 634 A.2d 622, 629 (Pa. Super. 1993) (requiring "justifiable reliance by the third party" for apparent authority).

Finally, Plaintiffs argue that TSI cannot operate on behalf of the Trusts and must be under U.S. Bank's control simply because "the NCSLT Trusts have no employees or management." Opp'n Br. 9. Yet, Plaintiffs' Complaint contains multiple allegations that TSI did just that. *See* Am. Compl. ¶ 29 ("At all times relevant to this Complaint, [TSI] has acted as the debt collector *on behalf of* the NCSLT Trusts…."); *see also id.* ¶ 10.c. Furthermore, as U.S. Bank previously argued, Plaintiffs' theory contradicts the SSA, which Plaintiffs rely upon, provision stating that U.S. Bank is not required to monitor sub-servicers, such as TSI. SSA § 8.D. While Plaintiffs may not like these agreements, they have no standing to challenge them. *See, e.g.*, *Souders v. Bank of Am.*, 2012 WL 7009007, at *9 (M.D. Pa. Dec. 6, 2012) ("[O]ne who is not a party to a contract lacks standing to argue that the contract is invalid…." (citation omitted)), *adopted*, 2013 WL 451863 (M.D. Pa. Feb. 6, 2013). For these reasons, the Court should dismiss any claim against U.S. Bank based on purported indirect liability.

**3.    Gosse's Mischaracterizations of U.S. Bank's Roles as Successor Special Servicer and Indenture Trustee Are Irrelevant to the Dragonetti Claim.**

In its Motion to Dismiss, U.S. Bank used the SSA, and its exhibit, the TSI Agreement, to describe the relationships between U.S. Bank, as Successor Special Servicer, the Trusts, and TSI. Despite relying on and expressly referencing the SSA in the Complaint, *see* Am. Compl. ¶ 19.b, and their Opposition, Opp'n Br. 25–26, Gosse claims the use of such documents is improper. *Id.* 20–22. However, she

makes no attempt to distinguish *Doe v. University of Sciences*, 961 F.3d 203, 208 (3d Cir. 2020) (holding use of a document "explicitly relied upon in the complaint" is appropriate), or *Genesis Bio-Pharmaceuticals*, 27 F. App'x at 99–100 (allegations "contradicted" by such documents need not be accepted as true).[6]

Recognizing that U.S. Bank does not directly service any loans (Opp'n Br. 27), Plaintiffs attempt to salvage their claims by asserting that U.S. Bank, as Indenture Trustee, "is responsible for engaging and directing the actions of the other [Defendants]." Opp'n Br. 9. This assertion does not appear in their Complaint, is irrelevant as to the Dragonetti claim, and is contradicted by the SSA and recent Delaware case law. As explained below, Plaintiffs' erroneous characterizations cannot save their claims.

*First*, U.S. Bank acts as the Indenture Trustee for indenture trusts pursuant to which the Defendant Trusts are debtors and entered into to raise money from investors to acquire student loans. *See* Am. Compl. ¶ 17.a; Opp'n Br. 9. U.S. Bank is not the trustee *of the Defendant Trusts*. *See In re Nat'l Collegiate Student Loan Tr. Litig.*, 2020 WL 5049402, at *11, *28 (Del. Ch. Aug. 27, 2020).

---

[6] For the same reasons, Plaintiffs are not entitled to "discovery relating to the operations of the Defendants before the Court makes any conclusions as to whether the documents reflect the reality of the Defendants' operations." *See* Opp'n Br. 21.

*Second*, as the Delaware Chancery Court has found, U.S. Bank, as Indenture Trustee, is *not* responsible for the Defendant Trusts' servicing activities; those are the obligations of the Trusts and the entities it has contracted with. *See id.* And the Complaint does not allege that U.S. Bank—in any capacity—directed another party to file a claim against Gosse.

Finally, Plaintiffs reaffirm their claims are "largely based on" a verified amended complaint filed by the Trusts' "residual" owners in the Chancery Court. *See* Opp'n Br. 10. But Plaintiffs ignore that the District of Delaware, in another related case (*see* Mot. to Dismiss 15 n.3) held that the Trusts' owners have no authority to act in the Trusts' name without directing the Owner Trustee for the Trusts. *See CFPB v. Nat'l Collegiate Master Student Tr.*, 2020 WL 2915759, at *3 (D. Del. May 31, 2020); *In re Nat'l Collegiate Student Loan Tr. Litig.*, 2020 WL 5049402, at *37–40. Plaintiffs also ignore that the Western District of Michigan recently rejected a similar allegation concerning the "residual" owners as "inaccurate." *Merrill*, R. &. R., at 16. Thus, the verified amended complaint was filed without authorization, and Plaintiffs' copy-and-pasted quotations from it in their complaint cannot be construed as "admissions" here. *See id.*

In sum, this Court should not be distracted by Plaintiffs' misapprehensions and mischaracterizations, which miss the mark and are largely irrelevant as to

whether Gosse has stated any claim premised on the Dragonetti Act, the only basis for liability that has not yet been abandoned against U.S. Bank.

### III.   CONCLUSION

For the foregoing reasons and those presented in U.S. Bank's Motion to Dismiss, the Court should dismiss Plaintiffs' First Amended Complaint as to U.S. Bank with prejudice.  Because Plaintiffs already "had the opportunity to amend [their] Complaint and cure [their] deficiencies but did not do so," "no further leave [should] be granted." *Prukala v. Chase Bank, N.A.*, 2020 WL 5351042, at *5 (M.D. Pa. Sept. 4, 2020) (Mariani, J.).

Dated:        March 22, 2021                Respectfully submitted,

 /s/ *Kelly M. Locher*
Kelly M. Locher (Pa. 322400)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Phone: (412) 394-7937
Fax: (412) 394-7959
Email: klocher@jonesday.com

 /s/ *Albert J. Rota*
Albert J. Rota, *Pro Hac Vice*
JONES DAY
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com

*Counsel for Defendant U.S. Bank National Association*

21

## RULE 7.8(b)(2) CERTIFICATE

Pursuant to Middle District Local Rule 7.8(b)(2), the undersigned hereby certifies that the text body of the brief is 4,952 words in length, not including the case caption, table of contents, table of authorities, or the signature block and following certificates.

 /s/ *Kelly M. Locher*
Kelly M. Locher

*Counsel for Defendant U.S. Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2021, I filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to all counsel of record.

 /s/ *Kelly M. Locher*
Kelly M. Locher

*Counsel for Defendant U.S. Bank National Association*