## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE, *on their own behalf and on behalf of other similarly situated persons*, Plaintiff, v. | Case No: 3:20-cv-01446-RDM-MCC |
| TRANSWORLD SYSTEMS, INC.; U.S. BANK, N.A.; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; GSS DATA SERVICES LLC Defendants. | (JURY DEMAND) |

## PLAINTIFFS' BRIEF IN SUPPORT OF OBJECTIONS TO MAGISTRATE MARTIN CARLSON'S ORDER OF JULY 13, 2021
## <u>CONCERNING REPORT AND RECOMMENDATION (ECF. 82)</u>

### I.     INTRODUCTION

At the direction and control of the other Defendants, Plaintiff Gosse was sued by the Defendant Trusts in a state court action. Once they voluntarily filed the state court action, the Defendants knew that they would bear the burden to show that they had standing to assert claims against Gosse.  Gosse moved to dismiss the action filed against her contending that the Defendant Trusts lacked the requisite standing to pursue a court action against her. The state court granted Gosse's motion and no appeal of that order was taken and is a final judgment of the state court.

The Defendants in this action include the various entities involved in the lawsuit filed by the Trust. U. S. Bank sits at the top of the pyramid of entities that sought benefits from the state court action filed against Gosse. U.S. Bank's role is discussed in more detail below.  In this Objection, Plaintiff contests dismissal of U.S Bank and denial of opportunity to amend to remedy any perceived deficiencies in pleadings identified by the Court and Judge Carlson's 2021 Order.

Plaintiff also objects to the Report and Recommendation suggesting that a motion for summary judgment by the Defendants is appropriate at this time because no discovery has yet been taken. Plaintiff does not believe that the Defendants have grounds for summary judgment since the Defendants' indirect and direct standing to bring suit and pursue collection against Gosse has already been adjudicated by a final, unappealed state court judgment in Gosse's favor. As a matter of law, this Court cannot accept the Defendants' invitation to disregard that judgment either directly or indirectly.

Ms. Gosse and her counsel do not present this objection lightly given the Court's caseload and the current concerns of all persons related to the COVID-19 pandemic. Simply put, before the Defendants may be allowed to present affidavits or another version of one-sided evidence to support any summary judgment motion, Gosse is entitled to conduct discovery so that she may be in a position to test the credibility of any statements made to the court as well as be able to present evidence that may contradict any statements offered by the Defendants in support of any summary judgment motion. No discovery has been conducted since discovery was stayed pending resolution of the Defendants' motions to dismiss at the requests of the Defendants themselves. Therefore, Gosse objects to the recommendation by the Magistrate Judge in his July 13, 2021, Order that the matter should proceed to the Defendants filing a summary judgment before Gosse is permitted discovery as such an order is inconsistent with and the purpose of the Federal Rules of Civil Procedure that require "just" proceedings in "every action." Fed. R. Civ. P. 1.

It cannot be emphasized enough, despite the operative complaint's extensive factual pleading and the volume of complaint and Motion exhibits presented to the Court, that the gravamen of Plaintiffs' claims regarding Defendants' lack of standing to collect these debts derives significantly from the Defendants' own records and potentially third parties as well as pending

litigations by Defendants against each other on this precise issue. While the foregoing record may superficially indicate the contrary to an objective fact finder new to these matters, all facts underlying plaintiff's claims are not close to ripe for decision in a Summary Judgment context when no party has been permitted the opportunity for any discovery. The numerous crucial facts that remain unresolved require Plaintiff to pursue in discovery the various evidentiary threads common to the pending litigations against and among the Defendants, some of the former involving the representation of those consumers by current counsel.

To timely preserve her rights and the rights other persons like her to obtain reasonable discovery from Defendants, Ms. Gosse presents this Objection. The underlying issue presented is paramount to the purposes of the FDCPA and Dragonetti Act and Ms. Gosse is required to file this Objection to preserve and pursue the issues presented for later stages in these proceedings. FED. R. CIV. P. 72(b).

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

In sum, this case concerns the Defendants' collective efforts to file court actions when they lack the ability to meet the standing requirements to engage the court procedures.

No discovery has been conducted in this case. The only prior amendment to the complaint filed in the instant action was to: 1) add an additional class of consumers represented by the Dettore plaintiffs who had paid their NCT related loans despite Defendants' alleged inability to prove ownership of the loans in a court of law; 2) Add an additional defendant, GSS, who was later voluntarily dismissed.

Here, the remaining Plaintiff seeks to conduct discovery in pursuit of her claims, but the Magistrate's Order denies Plaintiff is entitled to any discovery. Allowing the Defendants to escape

any discovery and being given the ability to present statements or documents when Plaintiffs have not had any opportunity to conduct discovery is unfair and unjust.

### III.  STANDARD OF REVIEW

Plaintiff Ms. Gosse must timely object to a magistrate judge's recommended disposition of a dispositive pretrial matter.  Fed. R. Civ. P. 72(b)(2).  A reviewing "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and then "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3); see also Local Rule 72.3 which provides that any party may obtain a review of a Magistrate's Report and Recommendation:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) … within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Under Local Rule 72.2 "[a] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule."  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions, *Sample v. Diecks,* 885 F.2d 1099, 1106 n.3 (3d Cir.

1989). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin,* 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel,* 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

IV.   **ARGUMENT**

A.   <u>The Magistrate Judge's July 13, 2021 Order improperly disregards clear supporting case law that a party like Ms. Gosse should be afforded discovery to prove her claims against Defendants subject to the FDCPA and the Dragonetti Act.</u>

The Magistrate Judge's July 13, 2021, Order, which recommends the issues raised in Motions to Dismiss be submitted as Motions for Summary judgment without benefit of any discovery herein, unfairly and wrongly restricts the Plaintiff from pursuing her causes of action. The Third Circuit has held that, "[u]nder the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery. See, e.g., *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1237 n. 4 (3d Cir.1993)(allowing over a one year delay in the production of documents is not an abuse of discretion). … Nonetheless, the district court's discretion has boundaries, and in particular, we frown upon unnecessary discovery limitations … and now we refuse, 'to allow procedural technicalities to impede the full vindication of guaranteed rights.'" *Sempier v. Johnson & Higgins*, 45 F. 3d 724, 734 (3rd Cir. 1995). The plaintiff's burden to establish a prima facie case should not be made an onerous one. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 at 253, 101 S.Ct. at 1094 (1981).

This Court has in some instances rejected Magistrate recommendations to dismiss actions and grant leave to cure by amendment, *see Martinez v. Brookmont Health Care Ctr.*, Dist. Court, MD Pennsylvania 2019 (where a Chief Magistrate's recommendation to dismiss based on lack of subject matter jurisdiction was rejected in favor of leave to amend); *Grove v. Aramark Corp.*, Dist.

Court, MD Pennsylvania 2019[1](where Magistrate Judge Carlson's recommendation to convert a motion to dismiss to a motion for summary judgment and, thereafter not apply the appropriate standard in reaching his conclusion that Defendants were entitled to summary judgment, was rejected); *Meininger v. Citizens Voice Newspaper*, Dist. Court, MD Pennsylvania 2020(where Magistrate Judge Carlson's recommendation to dismiss was rejected, at least in part, in favor of amendment of the complaint to cure); similarly see *Wartella v. The Guardian Life Insurance Company of America*, Dist. Court, MD 2017.

      **B.**  <u>The Magistrate Judge's July 13, 2021, Order improperly disregards judicial notice of U.S. Bank's role in the Defendants' scheme to defraud consumers already pleaded as to the Defendants' intramural Chancery Court litigation</u>

From a factual standpoint, Defendant U.S. Bank has allegedly hired Defendant Transworld to perform their contractual duties to collect under the strictures of the FDCPA Ms. Gosse's alleged debt to Defendants NCT and U.S. Bank.  In other words, the Defendants claim to have delegated their legal duties to collect from Ms. Gosse to another party to perform.  Defendants further argue

---

[1] "Magistrate Judge Carlson appears to have proceeded in the manner proposed by the *Aramark* Defendants. However, this approach to summary judgment is extremely problematic because Plaintiff was not put on notice that exhibits attached to motion to dismiss documents would be accepted as part of the record on summary judgment yet Aramark Defendants, and in turn Magistrate Judge Carlson, relied on them in deciding the pending motion. (*See, e.g.,* Doc. 15 at 7-9, Doc. 31 at 6, Doc. 32 at 15.) In other words, the Magistrate Judge accepted all facts alleged by Aramark Defendants to be undisputed, but Aramark Defendants never set out a statement of undisputed facts to which Plaintiff was obligated to respond under the established summary judgment framework. In fact, in the Magistrate Judge's Order notifying the parties that he intended to convert the motion to one for summary judgment, only two filings were anticipated: Plaintiff was to file any objections or a supplemental brief addressing the motion as a motion for summary judgment on or before August 12, 2019, and Aramark Defendants were to file a supplemental response on or before August 26, 2019. In no way condoning Plaintiff's counsel's abdication of his advocacy responsibilities, the Court finds that although the Magistrate Judge said that Plaintiff chose not to dispute facts, there is a significant question as to what facts Aramark Defendants were proffering as undisputed." *Id*.

this "delegation" of its duties to the NCSLT Trusts relieve them of their legal obligations to the NCSLTs to procure, instigate, or oversee the *Gosse* lawsuit.

Consistent with the remedial nature of consumer protection statutes, Courts have found that a party cannot escape liability by delegating to others. For instance, in *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 973 (4th Cir. 1987) the court held:

> A principal is liable for the acts of an agent who had apparent authority to act regardless of whether the principal either benefited by the acts of the agent or ratified the acts of the agent, if either the plaintiff or a third-party relied upon the principal's representations which created apparent authority. *See American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp.,* 456 U.S. 556, 566–67, 102 S.Ct. 1935, 1942–43, 72 L.Ed.2d 330, *reh'g denied,* 458 U.S. 1116, 102 S.Ct. 3502, 73 L.Ed.2d 1379 (1982). "Behind the principal's liability under an apparent authority theory, then, is 'business expediency—the desire that third persons should be given reasonable protection in dealing with agents.' " *Id.* 456 U.S. at 567, 102 S.Ct. at 1943, *quoting* Restatement (Second) of Agency § 262, Comment a, p. 572 (1957).

*Id.*

In *Yohay*, the Fourth Circuit found the Credit Union was vicariously liable under the FCRA for the acts of its employees. *Id. See also Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965–66 (6th Cir. 1998)(applying vicarious liability based upon an apparent authority theory to a consumer's claims under the FCRA since it is compatible to the underlying deterrent purpose as employers are in a better position to establish safeguards intended by the FCRA). Based upon the foregoing authorities and arguments, U.S. Bank as an indenture trustee of the Trusts stands to benefit from the actions of the Trusts and Transworld. It also is the party who ultimately controls the actions of each in its role as the Special Sub-Servicer under the SSA.

To the extent any of the foregoing issues are deemed inadequately pled, the remedy is amendment rather than dismissal as to U.S. Bank. Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires". "When a complaint fails to present

a prima fade case of liability, district courts must generally grant leave to amend before dismissing the complaint." *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that, when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 244, 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

This Court itself has recognized these principles of liberal grant of amendment in prior holdings, e.g. where a plaintiff did not even respond to a Defendant's motion to dismiss, *Martz v. Viney*, Dist. Court, MD Pennsylvania 2020; where a plaintiff could not maintain a *Monell* claim against a Defendant under the for failure to plead crucial elements of that claim under the Eighth Amendment, *Perez v. Larson*, Dist. Court, MD Pennsylvania 2020; where an injured plaintiff failed to allege a prison doctor to be a federal rather than private actor to pursue to § 1983 civil rights claim leave to file a second amended complaint was granted, *Butler v. Rajjoub*, Dist. Court, MD Pennsylvania 2017; where a plaintiff failed to plead almost any element of a § 1983 including failing identify the challenged policy, attribute it to the [contracted medical services provider] itself, and show a causal link between execution of the policy and the injury suffered, *Martin v. Secretary Of Corrections*, Dist. Court, MD Pennsylvania 2017; where a plaintiff's § 1983 claim was dismissed for failure to respond to the Motion to Dismiss but leave to filed an amended complaint was granted nonetheless, *Williamson v. Garman*, Dist. Court, MD Pennsylvania 2017; where not only amendment was permitted but fact discovery reopened as to new facts and issues raised by amendment, *Crestwood Membranes, Inc. v. Constant Services, Inc*., Dist. Court, MD 2017.

Moreover, the Magistrate Judge ha heres failed to address at all whether amendment would result in any instance of undue delay, bad faith, or dilatory motives on the part of Plaintiffs nor futility of any amendment nor prejudice to any other party arising from further amendment of the complaint.  As such there is no basis in law for denial of amendment as to U.S. Bank's role or actions in the collection actions for the Trust including the collection from Ms. Gosse.

**C.** <u>The Magistrate Judge's July 13, 2021 Order erred by finding, based solely on the statements of counsel only and without any admissible evidence to support the finding, that U.S. Bank does not control the vendor Defendants engaged by it to collect for the Trusts.</u>

The law is littered with examples where bald statements of counsel are not considered evidence.  *See e.g. Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 (9th Cir. 2002)(in relation to summary judgment); *United States v. McManus*, 826 F.2d 1061 (4th Cir. 1987)(recognizing that standard jury instructions correctly instruct the jury that statements of counsel are not evidence).

Yet, despite this universal understanding the Magistrate Judge's July 13, 2021, Order seemingly accepted the statements of the Defendants' counsel as 'evidence' when they are not.  Specifically, counsel for the Defendants have argued, without a declaration or evidence of any kind, that US Bank has no direct involvement in the lawsuits and that Defendants Transworld, Ratchford Law Group and Portnoy Schneck, LLC were purportedly engaged by each NCSLT Trust Defendant to perform its legal duties in undertaking direct collection activities or supervising such debt collection activities and are allegedly not under US Bank's control only because the SSA (Dkt 59-3)  and the Default Prevention and Collection Services Agreement ("TSI Agreement") (Dkt 59-4) allegedly prohibits it from engaging in such activities.  (Dkt 59-3). Thus, US Bank argues it does not qualify as an agent. *See e.g.* ECF. 59 at 9-11.

As discussed in <u>*Winne v. Nat'l Collegiate Student Loan Tr. 2005-1,*</u> 228 F. Supp. 3d 141, 151–52 (D. Me. 2017), there is abundant evidence in those same SSA and TSI documents that US Bank is responsible for prosecuting the Gosse collection lawsuit on behalf of the NCSLTs and that it hired Transworld and others to carry out its responsibility through its designation as the Special Servicer. ECF No. 67, ¶17. There is more than enough information in the TSI Agreement to support a factual basis to infer an agency relationship existed. *See* ECF No. 59-4. That agreement establishes the sub-servicer relationship between Transworld (through its predecessor in interest, NCO Financial Systems Inc. ("NCO") and US Bank in its capacity as successor Special Servicer to the NCSLTs. *Id.* at 1. Despite US Bank's arguments to the contrary, the terms of the TSI Agreement demonstrate a level of active management and control by US Bank over TSI's debt collection activities that could support a finding that Transworld, in fact, acts as US Bank's agent. In *Winne*, the Court discusses in detail what the TSI agreement provides:

> Winne offers evidence that US Bank is responsible for debt collection in Maine on behalf of the NCSLTs, *see* ECF No. 30 at 3–4, and alleges that it hired Turnstile and Transworld to carry out that responsibility, ECF No. 3 at 14, ¶ 99. Furthermore, a review of the NCO Agreement between US Bank and Transworld demonstrates a sufficient factual basis on which to infer that an agency relationship existed. *See* ECF No. 40–2. That agreement establishes the sub-servicer relationship between Transworld and US Bank in its capacity as successor Special Servicer to the NCSLTs. *Id.* at 1. As US Bank has emphasized, the NCO Agreement characterizes the relationship between the two entities as an independent contractor relationship. *Id.* at 24 ("The parties agree that in carrying out their responsibilities pursuant to this Agreement they are in the position of independent contractors."). However, the terms of the agreement demonstrate a level of active management and control by US Bank over Transworld's debt collection activities that could support a finding that Transworld in fact acts as US Bank's agent. The agreement provides that:
>
> ● Transworld must obtain US Bank's approval before negotiating and revising a borrower's payment schedule, *id.* at 4;

- US Bank has the right to restrict or limit the means used by Transworld to collect debts, *id.*;

- US Bank retains the right to approve attorneys used by Transworld in its collection efforts, *id.* at 5;

- Transworld staff will be assigned exclusively to US Bank's accounts and perform as directed by US Bank, *id.* at 8;

- US Bank retains authority to manage and supervise Transworld personnel assigned to its accounts, *id.*;

- US Bank has authority to remove Transworld employees from its accounts, *id.*; and
- Transworld must obtain approval from US Bank to hire any subservicer to assist in the collection of debts, *id.* at 10.

Viewed in the light most favorable to Winne's assertion of jurisdiction, it is reasonable to infer from this information that a sufficient, agency-like relationship existed between the entities to attribute Transworld's collection activities in Maine to US Bank for jurisdictional purposes. *See Hollingsworth v. Perry*, ⸻ U.S. ⸻, 133 S.Ct. 2652, 2666, 186 L.Ed.2d 768 (2013) (noting that principal's right to control the agent's actions is an essential element of agency relationship); *see also* Restatement (Third) of Agency § 1.01. I reach the same conclusion with regard to US Bank's relationship with Turnstile based on the pleadings and information in the record. *See* ECF No. 3 at 14, ¶ 99; ECF No. 40 at 4–5.

Accordingly, the instant suit arises out of US Bank's contacts with the forum, attributed to it through its relationship with Turnstile and Transworld, that constitute purposeful availment. I thus turn to the third part of the specific personal jurisdiction inquiry, and decide whether the exercise of jurisdiction is reasonable under what have been termed the "gestalt factors." *See Jet Wine*, 298 F.3d at 11. These include:

(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's *152 interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.
*Id.*

*Winne v. Nat'l Collegiate Student Loan Tr. 2005-1*, 228 F. Supp. 3d 141, 151–52 (D. Me. 2017)

In light of the foregoing and the law governing the duties and work of the Defendants in relation to Ms. Gosse's disputes, the Magistrate Judge's July 13, 2021, Order was in error and clearly erroneous in that there is no admissible evidence to support the conclusion that the Defendants' vendors and their employees do not qualify as managing agents and should not be subject to discovery in this regard accordingly.  In addition, it is well known that "[a] principal is liable for the acts of an agent who had apparent authority to act regardless of whether the principal either benefited by the acts of the agent or ratified the acts of the agent, if either the plaintiff or a third-party relied upon the principal's representations which created apparent authority." *Yohay v. City of Alexandria Employees Credit Union,* 827 F.2d 967 at 973 (2d Cir. 1991).

In *Yohay*, the Fourth Circuit found the Credit Union was vicariously liable under the FCRA for the acts of its employees.  *Id.  See also Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965–66 (6th Cir. 1998)(applying vicarious liability based upon an apparent authority theory to a consumer's claims under the FCRA since it is compatible to the underlying deterrent purpose as employers are in a better position to establish safeguards intended by the FCRA).

Since U.S. Bank as the principal of Defendant Transworld can be liable for the acts of its agents, see e.g. *Yohay,* 827 F.2d at 973 and *Jones,* 144 F.3d at 965–66, the Magistrate Judge's July 13, 2021 Order made a legally erroneous finding that the Defendants had no management control over its vendor collectors it engaged to perform its duties as the Special Sub-Servicer under the SSA by collecting against Ms. Gosse.  On this additional basis, the Magistrate Judge's July 13, 2021 Order should be overruled as legally erroneous.

**D.** <u>The Magistrate Judge's Order makes premature factual determinations as to whether U.S. Bank's collection actions were undertaken with gross negligence or in the absence of probable cause and for a purpose other than that of securing the proper discovery</u>

Given that the FAC alleges U.S Bank to have acted uniformly under the SSA to delegate its collection responsibilities to Defendant Transworld regarding the alleged debts to the Trusts, there are no specific facts pled as to the Gosse collection which would disturb Defendants' disputed collection model. The Magistrate's characterization of the Trusts' debt collections as a "series of improvident" lawsuits misses the crucial allegations underlined above that these collection actions were undertaken when the Defendants knew they could not prevail in litigation for lack of crucial documentary evidence. Thus, they were not simply improvident or sloppy in their conduct and instead conspired to file actions masquerading as lawful collection actions in violation of governing law.   Indeed, the Trusts themselves in their Delaware Chancery action accused Transworld of injurious falsehood for, among other things, recklessly making false and misleading representations to borrowers that the Collective NCSLT Trusts had a right to sue the Plaintiff and putative class members, when they did not, and falsely representing to borrowers that the Collective NCSLT Trusts possessed all of the notes, assignments and other documents needed to prove standing to foreclose on their loans, when they did not, FAC ¶¶ 56, 98.

### 1. Defendant conflates gross negligence with probable cause analysis under the Dragonetti Act

Plaintiffs' overarching objection to the Magistrate's Order regarding their Dragonetti claim, are, again that it mischaracterizes the Trusts' debt collections as a "improvident" when Defendants *knew* they lacked any lawful basis prior to their filing.   The Magistrate's Order otherwise engages in a flawed analysis of the elements under the current facts.

More specifically and first, the Order's analysis wrongly conflates the gross negligence prong with the probable cause/improper purpose prong of the Dragonetti Act.   In the statutory language, the disjunctive "or" in § 8351 (a)(1) of the statute conceptually separates the negligence

and probable cause prongs of the Act.[2]  Where § 8351(1) of the Act defines the elements of the cause of action, grammatically it is clear that negligence and probable cause/improper purpose analysis are two distinct prongs:

> He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery…

Were it to have read been as follows, with added commas in the following bracketed

portion, the meaning would be otherwise:

> He acts in a grossly negligent manner [, or without probable cause,] and primarily for a purpose other than that of securing the proper discovery…

Pennsylvania appellate law *not* requiring an action for wrongful use of civil proceedings pursuant to the Dragonetti Act to make a *prima facie* showing of actual malice where there is proof that the defendant acted in a grossly negligent manner.[3]

### 2. The Court should find Defendants Violated the Dragonetti Act by their Gross Negligence but Decline to Consider Improper Purpose

This conceptual separation between negligence and probable cause/proper purpose analysis is consistent with negligence jurisprudence generally which requires an analysis only of whether one has observed a care standard or not, separate and apart from the reason or cause for not observing a care standard. The analysis of whether one has a purpose or intent in not having observed a care standard takes the analysis out of negligence altogether into intentional torts.

Despite the Pennsylvania Courts addressing the issue of whether improper purpose must be proven where gross negligence is proven, given that the statutory language could be considered

---

[2] Additionally, see, for example, *Gentzler v. Atlee*, 443 Pa. Superior Ct. 128, 141, 660 A. 2d 1378 (Pa. Super. 1995), ("We find that, at the very least, the allegations in Gentzler's complaint make out a claim of gross negligence on the part of Atlee, and at worst, a lack of probable cause." (emphasis added)).

[3] *See Hart v. O'Malley*, 781 A. 2d 1211, 1218, (Pa. Super. 2001) citing *Catania*, 566 A.2d at 885.

ambiguous, claims brought under the gross negligence prong of the statute and the lack of probable

cause prong have been found to both require proof of improper purpose.  In this regard the federal

courts have followed the dubious lead of holdings in *Broadwater v.  Sentner*, 725 A.2d 779, 782

(Pa. Super. 1999) and *Winner Logistics, Inc.  v. Labor & Logistics, Inc*., 23 Pa. D. & C.5th 463,

470 (Phila. 2011), aff'd, 40 A.3d 204 (Pa. Super. 2011). *Broadwater* solely regards an attorney's

defense of reliance to a claimed lack of probable cause based on a client's representations. The

balance of the case's decision, including discussion of improper purpose, is therefore *dicta*. The

issue of improper purpose was determined by the Court to be an issue for the jury to decide.

*Winner*, a non-appellate decision, is more detailed in its discussion of the issue of improper

purpose, but is hopelessly confused in its reasoning. Citing the legislative record, it notes that

legislators considered "gross negligence" and "malice" synonymous consistent with Pennsylvania

standard jury instructions and therefore improper purpose must be proven with gross negligence.

However, this is clearly not the law of gross negligence in Pennsylvania which embraces evil

motive (malice) *or* reckless indifference to the rights of others as constituting gross negligence,

and not malice alone. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005)(citing *Martin v.

Johns-Manville Corp*., 494 A.2d 1088, 1098 n.14 (Pa. 1985)).

Should this Court consider the element of improper purpose and find the material facts

favor plaintiffs as argued in plaintiffs' Motion and further below, the element may be inferred or

found affirmatively as pled in the FAC ¶ 98. Otherwise, the element of improper purpose is an

issue of fact for the jury if the material facts of this matter are found by the Court to be disputed,

*Bobrick Corp. v. Santana Prods., Inc*., 698 F. Supp. 2d 479, 492 (M.D. Pa. 2010) (Vanaskie, J.)

("The court decides the existence of probable cause . . . or improper purpose as a matter of law

*when the facts are not in dispute*.") (citing *Schmidt*, 217 F. App'x at 155)(emphasis added).

**3.  Defendants were grossly negligent and acted without probable cause, and therefore with an improper purpose, by filing the foreclosure action**

A party has probable cause to bring an action when he "reasonably believes" in the facts on which it is based and in the viability of the legal theory under which it is brought. 42 Pa.C.S. § 8352(1). The balance of record evidence thus far pre-discovery, especially that derived from the intramural litigation among defendants pled in the FAC, provides a reasonable basis for a legal finding contrary to the Magistrate's Order--again the well pled facts show that the Defendants had no sufficient evidentiary basis to proceed in Court to collect the alleged debts from Plaintiffs.

**V.    CONCLUSION**

Wherefore, for good cause shown and based upon the foregoing argument and record established by this Objection, Plaintiffs request that the Court respectfully overrule the Magistrate Judge's July 13, 2021 Order as argued herein.

Date: July 27, 2021                                    Respectfully submitted,

*/s/Robert P. Cocco*
Robert P. Cocco, Esq.
Robert P. Cocco, P.C.
Attorney I.D. No. 61907
1500 Walnut St., Ste. 900
Philadelphia, PA  19102
(215) 351-0200
bob.cocco@phillyconsumerlaw.com

Christina L Henry, Esq.
Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington, 98104
Tel 206/330-0595
Fax 206-400-7609
chenry@HDM-legal.com
*Pro Hac Vice*

Scott C. Borison, Esq.
1900 S. Norfolk St. Suite 350

San Mateo CA 94403
Scott@borisonfirm.com
301-620-1016
Fax (301) 620-1018
*Pro Hac Vice*

Counsel for Plaintiffs and the Classes