THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, and LORI A. DETTORE, on their own behalfs and on behalf of other similarly situated persons, | : : : : : | CIVIL ACTION NO. 3:20-CV-1446 (JUDGE MARIANI) (Magistrate Judge Carlson) |
| Plaintiffs, | : : | |
| v. | : : | |
| TRANSWORLD SYSTEMS, INC.;    U.S. BANK, N.A.; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; GSS DATA SERVICES, L.L.C.,[1] | : : : : : : : | |
| Defendants. | : : | |

## ORDER

AND NOW, THIS _3/2/_ DAY OF MAY 2022, upon consideration of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 82), the parties' objections thereto (Docs. 83, 86, 86-1), responses to the objections (Docs. 87, 88, 89), and all relevant documents,[2] **IT IS HEREBY ORDERED THAT**:

1. The R&R (Doc. 82) is **ADOPTED IN PART** and **NOT ADOPTED IN PART**.

2. The pending motions to dismiss (Docs. 52, 53, 54, 55, 66) are **GRANTED IN PART** and **DENIED IN PART**.

3. The R&R (Doc. 82) is **NOT ADOPTED** and the motions to dismiss are **DENIED** as to the matters addressed in Paragraphs 5 and 6 below.

---

[1] Defendant GSS Data Services, L.L.C., was dismissed as a party by Order of February 3, 2021.  (Doc. 63.)

[2] Relevant documents include Plaintiffs' First Amended Complaint which is dated December 3, 2020, and was first docketed on that date.  (Doc. 44.) The five pending motions to dismiss (Docs. 52, 53, 54, 55, 66) were filed in response to the December 3, 2020, First Amended Complaint.  On March 1, 2021, Plaintiffs again filed the First Amended Complaint dated December 3, 2020.  (Doc. 67.)  The only difference discerned between the two filings is that the irregular paragraph numbering structure in the first filing was corrected in the second.  The Court will refer to Plaintiffs' First Amended Complaint as Document 44.

4. The R&R is **ADOPTED** in all other respects, and the motions to dismiss are **GRANTED** to the extent set forth herein.

5. "Defendant National Collegiate Student Loan Trust 2007-4's Objection to the July 13 Report and Recommendation (Doc. 82)" is SUSTAINED.  With its objection, Defendant National Collegiate Student Loan Trust 2007-4 ("Defendant Trust 2007-4") asserts that the only claims against it are the Fair Credit Extension Uniformity Act ("FCEUA")(Count II), Wrongful Use of Civil Proceedings ("Dragonetti Act") (Count III), and Civil Conspiracy (Count IV), and, because the R&R recognizes that the FCEUA claim and the Dettores' Dragonetti Act claim and should be dismissed (Doc. 82 at 13-15),[3] the conspiracy claim should also be dismissed.  (Docs. 83, 85.)   Plaintiffs do not oppose this objection, and they do not dispute that only the Dettores allege a relationship with Defendant Trust 2007-4 (*see* Doc. 85 at 2 (citing First Amended Complaint ¶¶ 48, 49)).  The Court agrees with the R&R that the FCEUA claims are properly dismissed, and the Dragonetti Act claim is also properly dismissed against Defendant Trust 2007-4 in that only the Dettores assert a relationship with this Defendant.  With no substantive claims remaining against Defendant Trust 2007-4, the conspiracy claim asserted against it should be dismissed and Defendant Trust 2007-4 should be dismissed from this action.

6. The objections set forth in "Plaintiffs' Objections to Magistrate Martin Carlson's Order of July 13, 2021 Concerning Report and Recommendation (ECF 82)" (Doc. 86) are SUSTAINED.

   a. Plaintiff's objection to the R&R's conclusion that Defendant U.S. Bank should be dismissed from this action is SUSTAINED.  Defendant U.S. Bank was originally the "Back-Up Special Servicer" and became the "Special Servicer" of the Trusts at issue in 2012.  (Doc. 59 at 4; Doc. 59-3 at 2.) The R&R found that the only claims against U.S. Bank were Count II for a FUECA violation, Count III for a Dragonetti Act violation, and Count IV for Civil Conspiracy (Doc. 82 at 15, 16 & n.1)--the claims in the Amended Complaint lodged against "All

---

[3] In their brief in opposition to Defendants' motions to dismiss, Plaintiffs note that Count III is not asserted on behalf of the Dettores since their state action is still pending.  (Doc. 68 at 38.n.10.)

Defendants" (*see* Doc. 44 at 23, 24). The Magistrate Judge reasoned that if the FCEUA claims and Dragonetti Act claim of the Dettore Plaintiffs were dismissed, the only remaining substantive count in Plaintiffs' lawsuit against U.S. Bank would be Plaintiff Gosse's Dragonetti Act claim. (Doc. 82 at 15-16.) The propriety of the dismissal of the FCEUA claim and Dettores' Dragonetti Act claim are not in dispute. The R&R does not conclude that Plaintiff Gosse's Dragonetti Act claim should not go forward; the conclusion is only that the claim asserted against Defendant U.S. Bank fails as pled. (*Id.* at 19-20.) The R&R finds that

> the sole substantive basis for naming U.S. Bank in the lawsuit would be the allegation that the bank violated the Dragonetti Act by "tak[ing] part in the procurement, initiation or continuation of civil proceedings against [Plaintiff Chelsey Gosse] for wrongful use of civil proceedings, [in that U.S. Bank] acted in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings [we]re based." 42 Pa. Cons. Stat. § 8351(a).

(Doc. 82 at 16.) The Magistrate Judge follows this observation with a discussion of the pleading and proof requirements of a Dragonetti Act claim. (*Id.* at 16-19.) Neither in his discussion of the Dragonetti Act claim nor elsewhere in the R&R does the Magistate Judge address Plaintiffs' assertions in the First Amended Complaint and brief in opposition to the motions to dismiss that the doctrine of *respondeat superio*r and vicarious liability apply to Defendant U.S. Bank and render it responsible for the wrongful conduct of Transworld and attorney defendants. (*See, e.g.*, Doc. 44 ¶¶ 17(b), 20; Doc. 68 at 25-27.) Defendant U.S. Bank asserts in its brief opposing Plaintiff's objection that the Magistrate Judge's

> decision not to entertain these theories was proper in light of his finding that the SSA "prohibited [U.S. Bank] from directly undertaking debt collection activities or supervising such debt collection activity." R&R at 5. In addition, U.S. Bank has already detailed how the SSA [Special Services Agreement) and TSI Agreement [Default Prevention and Special Services Agreement] expressly refute Plaintiffs' arguments that U.S. Bank may be held indirectly liable for the actions of any other Defendants.

(Doc. 88 at 19 (citing Doc. 59 at 13-16; Doc. 75 at 16-18).)   Omitted from Defendant U.S. Bank's quotation of the R&R is the Magistrate Judge's statement that the assertion concerning the SSA "appears undisputed." (*See* Doc. 82 at 5, 19.)  Notably, the R&R does not undertake an independent review of the SSA or TSI, and, from the Court's reading of relevant documents,[4] assertions supporting dismissal grounded in the SSA are disputed.  Thus, the Magistrate Judge's conclusion and Defendant U.S. Bank's reliance on the reasoning set out in the R&R are undermined.  Further, the only specific provision of the SSA cited by Defendant U.S. Bank in its brief in opposition to Plaintiff's objections is Section 8.A.  (*See* Doc. 88 at 13, 15.)  Section 8.A of the SSA includes the statement that "nothing in this Agreement shall be construed to require or permit the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake *direct* collection or enforcement activities." (Doc. 59-3 at 8 (emphasis added).)  This provision does not preclude the existence of an *indirect* role in collection and enforcement activities.  In its brief in support of its motion to dismiss, Defendant U.S. Bank also relies on Section 8.D of the SSA to support its argument that it cannot be vicariously liable for Subservicers' misconduct: "U.S. Bank is not required to 'supervise or monitor the performance' of Servicers or Subservicers." (Doc. 59 at 22 (quoting SSA § 8.D (Doc. 59-3 at 10)).)  This provision does not preclude supervisory activity by Defendant U.S. Bank but merely states that such activity is "not required."  Therefore, Defendants have not satisfied their burden at the motion to dismiss stage of showing that Plaintiff Gosse has not stated a plausible Dragonetti Act claim under an indirect liability theory, and the R&R exceeded what may properly be decided at this stage of the proceedings.  Further, the Court concludes that, given the notice pleading requirements of Federal Rule of Civil Procedure 8(a), Plaintiffs have adequately pled claims of indirect liability against Defendant U.S. Bank.  This

---

[4] Relevant documents are Plaintiffs' First Amended Complaint (Doc. 44), Defendant U.S. Bank's brief in support of its motion to dismiss (Doc. 59), Plaintiffs' opposition brief (Doc. 68), Defendant U.S. Bank's reply brief (Doc. 75), Plaintiffs' objections to the R&R and supporting brief (Docs. 86, 86-1), and Defendant U.S. Banks' response thereto (Doc. 88).

determination also means that Count IV for Civil Conspiracy asserted against Defendant U.S. Bank should not be dismissed.  For the foregoing reasons, Plaintiff's objection to the dismissal of Count III as asserted against Defendant U.S. Bank is SUSTAINED.

   b.  Plaintiffs object to the R&R's recommendation that this case proceed to the summary judgment stage without discovery.  (Doc. 86 at 1; Doc. 86-1 at 5.)  Based on the R&R's rationale for the lack of need for discovery and the Court's analysis set out in the preceding paragraph, this objection is SUSTAINED.

7.  Count II of the First Amended Complaint alleging a violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA") is **DISMISSED without leave to amend**.

8.  Count III of the First Amended Complaint alleging Wrongful Use of Civil Proceedings pursuant to 42 Pa. C.S.A. § 8351, et seq., is **DISMISSED without leave to amend** as asserted by Plaintiffs Christopher Dettore and Lori A. Dettore and **DISMISSED without leave to amend** as asserted against Defendant National Collegiate Student Loan Trust 2007-4.

9.  Count IV of the First Amended Complaint for Civil Conspiracy is **DISMISSED without leave to amend** as to Defendant National Collegiate Student Loan Trust 2007-4.

10. Defendant National Collegiate Student Loan Trust 2007-4 is **DISMISSED** from this action.

11. To the extent remaining Defendants seek dismissal of the Fair Debt Collection Practices Act and Dragonetti Act claims based on the assertion of Pennsylvania's judicial proceedings litigation privilege, the motions are **DENIED**.

12. The following claims go forward: Count One alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"); Count III for Wrongful Use of Civil Proceedings ("Dragonetti Act") brought by Plaintiff Chelsey Gosse against all Defendants except National Collegiate Student Loan Trust 2007-4; Count IV for Civil Conspiracy against all Defendants except National Collegiate Student Loan Trust 2007-4.

13. This matter is **REMANDED** to Magistrate Judge Carlson for further pretrial management.

Robert D. Mariani
United States District Judge