**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE, *on their own behalfs and on behalf of other similarly situated persons*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TRANSWORLD SYSTEMS, INC.; U.S. BANK, N.A.; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; GSS DATA SERVICES LLC, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:20-cv-01446-RDM

Hon. Robert D. Mariani

Electronically Filed

**U.S. BANK NATIONAL ASSOCIATION'S
ANSWER TO FIRST AMENDED COMPLAINT**

U.S. Bank National Association, as Successor Special Servicer (referred to herein as "U.S. Bank" or the "Successor Special Servicer," as applicable), by and through its undersigned counsel, answers Plaintiffs' First Amended Complaint (ECF No. 67[1]) (the "Complaint") as follows:

By way of general response, all allegations in the Complaint are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith.  To the extent that any specific allegations

---

[1] Plaintiff initially filed the First Amended Complaint with exhibits at Dkt. 44.  Plaintiff filed a properly formatted version, without exhibits, at Dkt. 67.  U.S. Bank responds to the First Amended Complaint filed at Dkt. 67 and references the exhibits filed at Dkt. 44.

made, or intended to be made, are not specifically admitted, they are denied. U.S. Bank reserves the right to amend this Answer and to supplement or change this Answer if appropriate following further discovery in this matter. The foregoing is incorporated into each paragraph of this Answer.

In response to the particular allegations in the Complaint, U.S. Bank respectfully states as follows:[2]

1.      In response to Paragraph 1, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them. U.S. Bank otherwise denies the remaining allegations.

2.      In response to Paragraph 2, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required. To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them. Further, U.S. Bank denies that any Defendant collects student loans on its behalf.

2.a      In response to Paragraphs 2.a. through 2.c., U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them. U.S. Bank also states that it lacks knowledge or information sufficient to form a belief as to the allegations concerning other Defendants and, on that basis, denies them. Further, U.S. Bank denies the remaining allegations.

---

[2] U.S. Bank has not reproduced herein the headings and sub-headings contained in the Complaint. To the extent that any such heading or sub-heading is deemed to contain any allegations, such allegations are denied.

3.      In response to Paragraph 3, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.  Further, U.S. Bank denies any allegation directed to it.

4.      In response to Paragraph 4, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.  U.S. Bank denies the remaining allegations.

5.      In response to Paragraph 5, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

6.      In response to Paragraph 6, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

7.      In response to Paragraph 7, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

8.      In response to Paragraph 8, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

9.      In response to Paragraph 9, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S.

Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

10.     In response to Paragraph 10, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.  Further, U.S. Bank denies that Defendant Transworld acts on its behalf.

10.a     In response to Paragraphs 10.a. through 10.d., U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

11.     In response to Paragraph 11, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

12.     In response to Paragraph 12, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

13.     In response to Paragraph 13 and all of its subparts, U.S. Bank states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a

response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

14.     In response to Paragraph 14, admits only that one defendant in this action is the National Collegiate Student Loan Trust 2007-3 ("NCSLT 2007-3 Trust" or "Defendant Trust"), which is organized under the Delaware Statutory Trust Act.  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 14.

15.     In response to Paragraph 15, U.S. Bank states that defendant National Collegiate Student Loan Trust 2007-4 ("NCSLT 2007-4 Trust") has been dismissed from this action (Dkt. 90) and no response is required.  U.S. Bank will not respond to any allegations concerning the NCSLT 2007-4 Trust.

16.     In response to Paragraph 16, admits only that the NCSLT 2007-03 Trust is a separate and distinct Delaware statutory trust entity.  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 16

17.     In response to Paragraph 17, U.S. Bank admits that it is a National Banking Association.

17.a     Denied.

17.b     In response to Paragraph 17.b., U.S. Bank admits only that: (1) the Owner Trustee executed the Special Servicing Agreement ("SSA") for the Defendant Trust; (2) U.S. Bank was Back-up Special Servicer under the SSA; and (3) U.S. Bank became Successor Special Servicer to the Defendant Trust in 2012.  Answering further, U.S. Bank states that under the SSA the roles of the initial Special Servicer and the Successor Special Servicer following the initial Special Servicer's resignation are not the same. Other than as specifically admitted herein, U.S. Bank denies the allegations.

18.     In response to Paragraph 18, U.S. Bank admits only that: (1) Defendant GSS Data Services LLC is the Administrator of the Defendant Trust and, and, (2) Wilmington Trust is the Owner Trustee of the Defendant Trust.  The remaining allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, and other than as specifically admitted herein, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

19.     In response to Paragraph 19, U.S. Bank admits only that the Verified Amended Complaint for Injunctive and Equitable Relief and Damages was filed against it, GSS, Transworld, and Turnstile Capital Management, LLC in the Delaware Chancery Court, Case No. 2018-0167-JRS (the "Verified Amended Complaint").  U.S. Bank denies that the Defendant Trust or any other NCSLT trust filed such claims because the individuals who purported to act on behalf of the trusts were not properly authorized to do so.  To the extent a further response is required, and other than as specifically admitted herein, U.S. Bank denies the remaining allegations.

19.a     In response to Paragraph 19.a., U.S. Bank admits only that: (1) the Verified Amended Complaint, which was filed by individuals who were not authorized to act on behalf of the Defendant Trust or any other NCLST trust, contained this allegation; (2) the Owner Trustee, on behalf of the Defendant Trust, among others, executed the SSA with respect to servicing of delinquent or defaulted loans with First Marblehead Education Resources, Inc. ("FMER"), as the initial Special Servicer, and U.S. Bank, as the Back-up Special Servicer; and (3) the SSA attached and incorporated the Default Prevention and Collection Services Agreement ("DPCSA") between FMER, on behalf of the Defendant Trust, among others, and NCO Financial Systems, Inc., providing for the

collection of certain student loans in the event that U.S. Bank became the Successor Special Servicer. Answering further, U.S. Bank states that the SSA and DPCSA speak for themselves, and U.S. Bank denies any allegations inconsistent therewith. As to the third and fourth sentences, the allegations do not pertain to U.S. Bank and a response is therefore not required. To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them. Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 19.a.

19.b    In response to Paragraph 19.b., U.S. Bank admits only that the Verified Amended Complaint, which was filed by individuals who were not authorized to act on behalf of the Defendant Trust or any other NCLST trust, contained this allegation. Further, U.S. Bank states that the SSA and DPCSA speak for themselves and denies any allegations inconsistent therewith. U.S. Bank also states that the roles of the initial Special Servicer, and the Successor Special Servicer following the initial Special Servicer's resignation are not the same. Other than as specifically admitted herein, U.S. Bank denies the remaining allegations in Paragraph 19.b.

19.c    In response to Paragraph 19.c., U.S. Bank admits only that the Verified Amended Complaint, which was filed by individuals who were not authorized to act on behalf of the Defendant Trust or any other NCLST trust, contained this allegation. Further, U.S. Bank states that the SSA and DPCSA speak for themselves and denies any allegations inconsistent therewith. U.S. Bank also states that the roles of the initial Special Servicer, and the Successor Special Servicer following the initial Special Servicer's resignation are not the same. Finally, U.S. Bank states that the allegations are

legal conclusions or argument not subject to admission or denial.  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 19.c.

20.      In response to Paragraph 20, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

21.      In response to Paragraph 21, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

22.      Denied.

23.      Denied.

24.      In response to Paragraph 24, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

25.      In response to Paragraph 25, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

26.      In response to Paragraph 26, U.S. Bank admits that it is aware of the Transworld Stipulation and Consent Order, dated September 18, 2017, which, based on information and belief, reflected a settlement between Transworld and the Consumer Financial Protection Bureau ("CFPB").  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 26.

27.      Denied.

28.     Denied.

29.     In response to Paragraph 29, U.S. Bank admits that Transworld collects student loan debts pursuant to the DPCSA and denies any allegations inconsistent therewith.  U.S. Bank further states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

30.     In response to Paragraph 30, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

31.     In response to Paragraph 31, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

32.     In response to Paragraph 32, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

33.     In response to Paragraph 33, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.  U.S. Bank also denies the  allegations that

pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

34.     In response to Paragraph 34, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent that a response is required, U.S. Bank states that the Trust Agreement for the Defendant Trust speaks for itself and denies any allegations inconsistent therewith.  U.S. Bank further states that it lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations contained therein and, on that basis, denies them.

35.     In response to Paragraph 35, U.S. Bank admits only that NCO was retained pursuant to the DPCSA, and that on or about Nov. 1, 2014, Transworld Systems, Inc. succeeded to the rights and obligations of NCO under the DPCSA.  Answering further, U.S. Bank states that the referenced agreement speaks for itself and denies any allegations inconsistent therewith, and that that the roles of the Special Servicer and the Successor Special Servicer under the SSAs are not the same.  U.S. Bank further states that the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that the Governing Agreements speak for themselves and denies any allegations inconsistent therewith.

36.     In response to Paragraph 36, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

37.      In response to Paragraph 37, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

38.      In response to Paragraph 38, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

39.      In response to Paragraph 39, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

40.      In response to Paragraph 40, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

41.      In response to Paragraph 41, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

42.      In response to Paragraph 42, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S.

Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

43.     In response to Paragraph 43, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial.  To the extent a response is required, U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required. To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

44.     In response to Paragraph 44, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

45.     In response to Paragraph 45, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

46.     In response to Paragraph 46, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

47.     In response to Paragraph 47, U.S. Bank admits that Exhibit B is a copy of an order from the Lehigh County Pennsylvania Common Pleas Court.  Answering further, U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do

not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 47.

48.     In response to Paragraph 48, U.S. Bank states that the District Court dismissed the claims against NCSLT 2007-4 Trust and therefore no response is required.

49.     In response to Paragraph 49 and all of its subparts, U.S. Bank states that the District Court dismissed the claims against NCSLT 2007-4 Trust and therefore no response is required.

50.     In response to Paragraph 50, U.S. Bank admits that it is aware of the Transworld Stipulation and Consent Order, dated September 18, 2017, which, based on information and belief, reflected a settlement between Transworld and the CFPB.  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 50.

51.     In response to Paragraph 51, U.S. Bank admits that it is aware of the Transworld Stipulation and Consent Order, dated September 18, 2017, which, based on information and belief, reflected a settlement between Transworld and the CFPB.  Other than as specifically admitted herein, U.S. Bank denies the allegations in Paragraph 51.

52.     In response to Paragraph 52, U.S. Bank states, based on information and belief, that the Transworld Stipulation and Consent Order reflects a settlement between Transworld and the CFPB and denies any allegations inconsistent therewith.  U.S. Bank also states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

53.     In response to Paragraph 53 and all of its subparts, U.S. Bank states, based on information and belief, that the Transworld Stipulation and Consent Order reflects a settlement between Transworld and the CFPB and denies any allegations inconsistent therewith.  U.S. Bank also states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

54.     In response to Paragraph 54, U.S. Bank states, based on information and belief, that the Transworld Stipulation and Consent Order reflects a settlement between Transworld and the CFPB and denies any allegations inconsistent therewith.  U.S. Bank also states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

55.     In response to Paragraph 55, U.S. Bank admits only that the Verified Amended Complaint was filed against it, GSS, Transworld, and Turnstile Capital Management in the Delaware Chancery Court.  U.S. Bank denies that the Defendant Trust or any other NCSLT trust filed such claims because individuals who purported to act on behalf of the trusts were not properly authorized to do so.  U.S. Bank states that the Verified Amended Complaint speaks for itself and denies any allegations inconsistent therewith.  To the extent a further response is required, and other than as specifically admitted herein, U.S. Bank denies the remaining allegations.

56.     In response to Paragraph 56 and all of its subparts, U.S. Bank admits only that the Verified Amended Complaint was filed against it, GSS, Transworld, and Turnstile Capital

Management in the Delaware Chancery Court.  U.S. Bank denies that the Defendant Trust or any

other NCSLT trust filed such claims because individuals who purported to act on behalf of the

trusts were not properly authorized to do so.  U.S. Bank states that the Verified Amended

Complaint speaks for itself and denies any allegations inconsistent therewith.  To the extent a

further response is required, and other than as specifically admitted herein, U.S. Bank denies the

remaining allegations.

57.     In response to Paragraph 57, U.S. Bank states that none of the allegations pertain

to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S.

Bank denies that the Defendant Trust or any other NCSLT trust entered into a Consent Order

with the CFPB or filed the Verified Amended Complaint because the individuals who purported

to act on behalf of the trusts were not properly authorized to do so.  U.S. Bank further states that

it lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies them.

58.     In response to Paragraph 58, U.S. Bank states that none of the allegations pertain

to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S.

Bank denies that the Defendant Trust or any other NCSLT trust filed the Verified Amended

Complaint because the individuals who purported to act on behalf of the trusts were not properly

authorized to do so.  U.S. Bank further states that it lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

59.     In response to Paragraph 59, U.S. Bank denies the allegations that pertain to it.

As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is

therefore not required.  To the extent a response is required, U.S. Bank denies that the Defendant

Trust or any other NCSLT trust entered into a Consent Order with the CFPB because the

individuals who purported to act on behalf of the trusts were not properly authorized to do so. U.S. Bank further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

60.     In response to Paragraph 60 and all of its subparts, U.S. Bank states that the District Court dismissed the claims against NCSLT 2007-4 Trust and therefore no response is required.

61.     In response to Paragraph 61, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank denies the Defendant Trust or any other NCSLT trust entered into a Consent Order with the CFPB because the individuals who purported to act on behalf of the trusts were not properly authorized to do so. U.S. Bank further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

62.     In response to Paragraph 62, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

63.     In response to Paragraph 63, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

64.     In response to Paragraph 64, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.  U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

65.     Denied.

   65.a     Denied.

   65.b     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied, including all subparts.

72.     Denied, including all subparts.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     U.S. Bank incorporates its responses to paragraphs 1 through 87, including all subparts, as if fully set forth herein.

88.     In response to Paragraph 88, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

89.     In response to Paragraph 89, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

90.     In response to Paragraph 90, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

91.     In response to Paragraph 91, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

92.     In response to Paragraph 92, U.S. Bank states that none of the allegations pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

93.     In response to Paragraph 93, U.S. Bank states no response is required because the District Court dismissed the FCEUA claim against all defendants.

94.     In response to Paragraph 94, U.S. Bank states no response is required because the District Court dismissed the FCEUA claim against all defendants.

95.     In response to Paragraph 95, U.S. Bank states no response is required because the District Court dismissed the FCEUA claim against all defendants.

96.     U.S. Bank incorporates its responses to paragraphs 1 through 95, including all subparts, as if fully set forth herein.

97.     In response to Paragraph 97, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

98.     In response to Paragraph 98, including all of its subparts, U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to

U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

99.     In response to Paragraph 99, U.S. Bank states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, U.S. Bank denies them.

100.     In response to Paragraph 100, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

101.     U.S. Bank incorporates its responses to paragraphs 1 through 100, including all subparts, as if fully set forth herein.

102.     In response to Paragraph 102, including all of its subparts, U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

103.     In response to Paragraph 103, U.S. Bank denies the allegations that pertain to it. As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

103.a   In response to Paragraph 103.a., including all its subparts, U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

103.b   In response to Paragraph 103.b., including all its subparts, U.S. Bank denies the allegations that pertain to it.  U.S. Bank further denies that the Defendant Trust or any other NCSLT trust entered into a Consent Order with the CFPB or filed the Verified Amended Complaint because the individuals who purported to act on behalf of the trusts were not properly authorized to do so.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

103.c   In response to Paragraph 103.c., U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

103.d   In response to Paragraph 103.d., U.S. Bank denies the allegations that pertain to it.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank

states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

104.    In response to Paragraph 104, U.S. Bank denies the allegations that pertain to it. U.S. Bank further denies that the Defendant Trust or any other NCSLT trust entered into a Consent Order with the CFPB or filed the Verified Amended Complaint because the individuals who purported to act on behalf of the trusts were not properly authorized to do so.  As to the remaining allegations, the allegations do not pertain to U.S. Bank and a response is therefore not required.  To the extent a response is required, U.S. Bank states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

105.    In response to Paragraph 105, including all its subparts, U.S. Bank denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any defenses for which the burden rests upon Plaintiffs, regardless of how such defenses are denominated herein, or waiving defenses not raised below that it need not plead at this time, U.S. Bank asserts the following defenses with respect to the Complaint.  U.S. Bank reserves the right to amend this Answer if additional defenses, counterclaims, or third-party claims become apparent through the course of this action.

## FIRST DEFENSE

Plaintiffs fails to state a claim against U.S. Bank upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, to the extent that Plaintiffs lack Article III or statutory standing.

### FOURTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank had no duty to, and did not, engage in direct or indirect student loan collection or enforcement activity.

### FIFTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank undertook only to perform the express duties of the Back-Up Special Servicer under the Special Servicing Agreement and there were no implied duties or obligations.

### SIXTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank as Successor Special Servicer had no duty under the Special Servicing Agreement to supervise or monitor the performance of any Servicer or Subservicer, including but not limited to any other Defendant.

### SEVENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank as Back-Up Special Servicer and Successor Special Servicer pursuant to the Special Servicing Agreement has no liability for the acts or omissions of any Servicer or Subservicer, including but not limited to any other Defendant.

**EIGHTH DEFENSE**

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank did not agree, consent, or permit any Defendant to act on U.S. Bank's behalf as to any issue, including but not limited to the servicing of student loans owned by the Defendant Trust.

**NINTH DEFENSE**

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank does not have the right to, and did not, control the day-to-day performance of any Servicer or Subservicer, including but not limited to any other Defendant.

**TENTH DEFENSE**

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because Defendants' respective actions, if any, were authorized by the terms of the underlying agreements creating Plaintiffs' debts.

**ELEVENTH DEFENSE**

Plaintiffs' claims against U.S. Bank contradict, and are expressly barred, in whole or in part, by the terms of the Special Servicing Agreement or other relevant transaction documents.

**TWELFTH DEFENSE**

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because to the extent that the State Court collections proceedings were not terminated in Plaintiffs' favor.

**THIRTEENTH DEFENSE**

Plaintiffs' Wrongful Use of Civil Proceedings claim against U.S. Bank is barred, in whole or in part, because U.S. Bank did not cause any proceedings to be instituted against Plaintiffs and did not cause any proceedings to be instituted against Plaintiffs in a grossly negligent manner or without probable cause.

## FOURTEENTH DEFENSE

Plaintiffs' Wrongful Use of Civil Proceedings claim against U.S. Bank is barred, in whole or in part, because U.S. Bank did not cause any proceedings to be instituted against Plaintiffs and did not cause any proceedings to be instituted against Plaintiffs primarily for an improper purpose.

## FIFTEENTH DEFENSE

Plaintiffs' Wrongful Use of Civil Proceedings claim against U.S. Bank is barred, in whole or in part, because no Defendant caused any proceedings to be instituted against Plaintiffs in a grossly negligent manner, without probable cause, and/or primarily for an improper purpose.

## SIXTEENTH DEFENSE

Plaintiffs' Civil Conspiracy claim against U.S. Bank is barred, in whole or in part, because Defendants, collectively or in any combination, did not reach any agreement concerning Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' Civil Conspiracy claim against U.S. Bank is barred, in whole or in part, because Defendants, collectively or in any combination, did not reach any agreement to act with the intent to injure Plaintiffs.

## EIGHTEENTH DEFENSE

Plaintiffs' Civil Conspiracy claim against U.S. Bank is barred, in whole or in part, because Defendants, collectively or in any combination, did not act with a common purpose to conduct an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose.

## NINETEENTH DEFENSE

Plaintiffs' Civil Conspiracy claim against U.S. Bank is barred, in whole or in part, because Defendants, collectively or in any combination, did not perform any independent overt act in furtherance of the alleged conspiracy.

## TWENTIETH DEFENSE

Plaintiffs' Civil Conspiracy claim against U.S. Bank is barred, in whole or in part, because even assuming _arguendo_ that Defendants, collectively or in any combination, combined to with a common purpose to initiate proceedings against Plaintiffs (which U.S. Bank denies), they did not act for the sole purpose of injuring Plaintiffs.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because Plaintiffs have not sustained any injury in fact or damages as a consequence of U.S. Bank's alleged actions or inactions.  To the extent Plaintiffs have suffered any injuries at all, such injuries were caused by their own decisions to not pay their student loans in full and/or the actions or omissions of others over whom U.S. Bank had no authority or control.

## TWENTY-SECOND DEFENSE

Plaintiffs' asserted damages against U.S. Bank, if any, were proximately caused by independent, superseding, or intervening actions or inactions of parties or entities other than U.S. Bank, or parties or entities over whom U.S. Bank had no authority or control.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against U.S. Bank fail because any and all actions taken by U.S. Bank and any other Defendant with respect to any of the matters alleged in the Complaint were taken in accordance with established industry practice.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims against U.S. Bank fail because, at all relevant times with respect to Plaintiffs, U.S. Bank and Defendants acted in good faith and complied fully with applicable statutes, regulations, and laws.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims for damages against U.S. Bank are barred or should be reduced based on Plaintiffs' failure to mitigate damages.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred by unclean hands or in pair delicto.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' asserted damages are barred, in whole or in part, because the alleged damages, if any, are too remote and/or speculative to allow recovery and/or because determining whether, or to what extent, Plaintiffs were damaged is impossible.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against U.S. Bank fail to the extent that Plaintiffs seek to hold U.S. Bank liable, vicariously or otherwise, for the acts or omissions of others.

\* \* \*

U.S. Bank gives notice that it intends to rely upon any additional defenses that are now or may become available or appear during, or as a result of, discovery in this action.  U.S. Bank reserves its right to amend this Answer to assert those defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant U.S. Bank prays as follows:

1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2)      For costs of suit and attorneys' fees herein incurred; and

**3)**      For such other and further relief as the Court may deem just and proper.


Dated: May 17, 2022                                    Respectfully submitted,

  /s/ *Kelly M. Locher*        
Kelly M. Locher (Pa. 322400)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Phone: (412) 394-7937
Fax: (412) 394-7959
Email: klocher@jonesday.com

  /s/ *Albert J. Rota*        
Albert J. Rota, *Pro Hac Vice*
JONES DAY
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com

*Counsel for Defendant U.S. Bank National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2022, I filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to all counsel of record.

 /s/ *Kelly M. Locher*
Kelly M. Locher

*Counsel for Defendant U.S. Bank National Association*