# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE,<br><br>      Plaintiffs<br><br>    v.<br><br>TRANSWORLD SYSTEMS, INC.; U.S. BANK, NA.; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; GSS DATA SERVICES LLC<br><br>      Defendants | Civil Action No. 3:20-cv-01446-RDM<br><br>Hon. Robert D. Mariani<br>(Mag. Judge Martin C. Carlson)<br><br><br>Electronically Filed |

## NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Defendant National Collegiate Student Loan Trust 2007-3 (the "2007-3 Trust") submits the following Answer to the First Amended Complaint (Dkt. No. 67, the "Complaint") filed by Plaintiffs Chelsey Gosse, Christopher Dettore, and Lori A. Dettore ("Plaintiffs").

The 2007-3 Trust denies, generally and specifically, all allegations in the Complaint not specifically admitted in the paragraphs below. The 2007-3 Trust further states that its investigation of the present matter is ongoing. Accordingly,

the 2007-3 Trust reserves the right to amend this Answer. The 2007-3 Trust denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, the 2007-3 Trust states as follows:

1.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint.

2.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint.

3.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

4.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint and denies that Plaintiffs or putative class members are entitled to any relief whatsoever.

5.     The 2007-3 Trust admits that Plaintiffs purport to bring this suit under the statutes identified in this paragraph of the Complaint but denies that Plaintiffs are entitled to any relief whatsoever.

6.      The allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied.

7.      The allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied.

8.      The 2007-3 Trust admits that Plaintiff Gosse is listed as the borrower on a consumer loan at issue in this case.  The remaining allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied.

9.      The 2007-3 Trust admits that Plaintiff Christopher Dettore and Plaintiff Lori A. Dettore are listed as the borrowers on a consumer loan at issue in this case. The remaining allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied.

10.     The allegations in this paragraph of the Complaint and its subparts are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required.  If a response is required, the 2007-3 Trust denies the allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

11.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a response is required, the 2007-3 Trust denies the allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

12.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a response is required, the 2007-3 Trust denies the allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

13.     The allegations in this paragraph of the Complaint and its subparts are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a response is required, the 2007-3 Trust admits only that Ratchford Law Group, P.C. has sought to collect debts for loans held by Trust 2007-3. The 2007-3 Trust denies any remaining allegations directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

14.     The 2007-3 Trust admits only that it is a Delaware statutory trust, formed and existing pursuant to the laws of the state of Delaware, for the purpose of acquiring student loans.

15.     The allegations in this paragraph of the Complaint are directed toward a party that has been dismissed from this action (the 2007-4 Trust), and therefore no response is required.

16.     The 2007-3 Trust admits that it is one of fifteen National Collegiate Student Loan Trust Delaware statutory trust entities (collectively, the "Trusts").

17.     The allegations in this paragraph of the Complaint and its subparts are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required.  If a response is required, the 2007-3 Trust admits only that U.S. Bank serves as its Successor Special Servicer. The 2007-3 Trust denies the remaining allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

18.     The allegations in this paragraph of the Complaint are directed toward a party that has been dismissed from this action, and therefore no response is required.

19.     The allegations in this paragraph of the Complaint and its subparts paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, the 2007-3 Trust denies that the Trust's Owner was authorized to assert any claims or make any allegations on behalf of the Trust.

20.     The allegations in this paragraph of the Complaint and its subparts paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, the 2007-3 Trust denies that the Trust's Owner was authorized to assert any claims or make any allegations on behalf of the Trust.

21.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a response is required, the 2007-3 Trust denies the allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

22.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response and are directed to parties other than the 2007-3 Trust. To the extent the allegations are contrary to law they are denied, including that the Trusts' Owners were authorized to act on behalf of the Trusts in asserting any claims on behalf of the Trusts. By way of further response, the allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, the 2007-3 Trust denies that the Trust's Owner was authorized to assert any claims or make any allegations on behalf of the Trust.

23.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response and are directed to parties other than the 2007-

3 Trust. To the extent the allegations are contrary to law they are denied, including that the Trusts' Owners were authorized to act on behalf of the Trusts in asserting any claims on behalf of the Trusts. By way of further response, the allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, the 2007-3 Trust denies that the Trust's Owner was authorized to assert any claims or make any allegations on behalf of the Trust.

24.      The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a response is required, the 2007-3 Trust denies the allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

25.      The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

26.      The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a response is required, the 2007-3 Trust denies the allegations as directed to the 2007-3 Trust and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

27.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, the 2007-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

28.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, the 2007-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

29.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied. The 2007-3 Trust admits only that Transworld serves as the Special Subservicer of the student loans at issue and records custodian for the Trusts, and denies the remaining allegations in this paragraph of the Complaint.

30.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied.

31.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied. By way of further response, the 2007-3 Trust denies that it engaged in any unfair or deceptive practices.

32.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, the 2007-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

33.     The allegations in this paragraph of the Complaint state legal conclusions not requiring a response.  To the extent the allegations are contrary to law they are denied.

34.     The 2007-3 Trust admits only that it is a Delaware statutory trust, that it is the owner of certain student loans, and that from time to time it is involved in litigation.  To the extent this paragraph characterizes a written document, the 2007-3 Trust denies any characterizations that are inconsistent with the written document, which speaks for itself.  The remaining allegations in this paragraph of the Complaint state legal conclusions that do not require a response. To the extent the allegations are contrary to law they are denied.

35.     The 2007-3 Trust admits only that it is a Delaware statutory trust, that it is the owner of certain student loans, that it has no employees but rather that it contracts for services through its Owner Trustee and/or Administrator, that NCO previously served as Special Subservicer of the Trusts, and that Transworld succeeded NCO as Special Subservicer of the Trusts. To the extent this paragraph characterizes a written document, the 2007-3 Trust denies any characterizations that are inconsistent with the written document. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint as legal conclusions that do not require a response.

36.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, the 2007-3 Trust admits only that Transworld served as the Special Subservicer of the Trusts. The 2007-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as directed to the other defendants.

37.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. If a

response is required, the 2007-3 Trust admits only that suits have been filed on its behalf to collect delinquent loan payments.

38.     The allegations in this paragraph of the Complaint are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, the 2007-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

39.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written documents. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

40.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents.

41.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the

documents. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

42.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

43.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint.

44.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

45.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves.

The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

46.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

47.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint.

48.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents and are directed to a party other than the 2007-3 Trust and therefore no response from the 2007-3 Trust is

required. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the documents.

49.     The allegations in this paragraph of the Complaint and its subparts are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required.  Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, the 2007-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

50.     The 2007-3 Trust admits that TSI was the subject of an investigation of the CFPB.  The 2007-3 denies any allegations made in that investigation to the extent that Plaintiffs allege that they support their claims against the 2007-3 Trust in this case.

51.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself.  The 2007-3 Trust denies the that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order.

52.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself.  The

2007-3 Trust denies the that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order.

53.     The allegations in this paragraph of the Complaint and its subparts paraphrase or characterize the contents of a written, public document, which speaks for itself.  The 2007-3 Trust denies the remaining allegations of this paragraph, including that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order.

54.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself.  The 2007-3 Trust denies the remaining allegations of this paragraph, including that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order.

55.     The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent the allegations are contrary to law they are denied, including that Trusts' Owners were authorized to act on behalf of the Trusts in asserting any claims on behalf of the Trusts. By way of further response, the allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself.

56.     The allegations in this paragraph of the Complaint and its subparts paraphrase or characterize the contents of a written, public document, which speaks

for itself. The 2007-3 Trust denies that the Trusts' Owners were authorized to assert any claims on behalf of the Trusts.

57.     The 2007-3 Trust admits only that it was aware of the purported CFPB Consent Order and a lawsuit against, *inter alia*, TSI and U.S. Bank in the Delaware Chancery Court.   The 2007-3 Trust denies the remaining allegations of this paragraph, including that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order or file litigation against TSI and U.S. Bank on the Trusts' behalf.

58.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself.  The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint, including that the Trusts' Owners were authorized to file litigation against TSI and U.S. Bank on the Trusts' behalf.

59.     The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself.  The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint, including that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order or file litigation against TSI and U.S. Bank on the Trusts' behalf.

60.     The allegations in this paragraph of the Complaint and its subparts are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required.

61.     The allegations in this paragraph of the Complaint and its subparts are not directed at the 2007-3 Trust and therefore no response from the 2007-3 Trust is required.   The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written document.   The 2007-3 Trust denies the remaining allegations in this paragraph of the Complaint, including that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order or file litigation against TSI and U.S. Bank on the Trusts' behalf.

62.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint.

63.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint.

64.     The 2007-3 Trust denies the allegations in this paragraph of the Complaint.

65.     The 2007-3 Trust admits that Plaintiffs purport to define the proposed classes as stated in this paragraph of the Complaint and its subparts.   The 2007-3 Trust denies that this matter may be properly maintained against it as a class action as defined in this paragraph and its subparts or otherwise.

66.     The 2007-3 Trust admits that Plaintiff asserts the right to modify the proposed class definitions. The 2007-3 Trust denies that this matter may be properly maintained against it as a class action.

67.     The 2007-3 Trust admits that Plaintiffs propose to represent themselves and the proposed classes. The 2007-3 Trust denies that this matter may be properly maintained against it as a class action.

68.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

69.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

70.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

71.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint and its subparts.

72.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint and its subparts.

73.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

74.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

75.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

76.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

77.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

78.     The 2007-3 Trust admits that Plaintiffs seek certification of the proposed classes pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). The 2007-3 Trust denies that this matter may be properly maintained against it as a class action, under either Rule 23(b)(2) or 23(b)(3).

79.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

80.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

81.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

82.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

83.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

84.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

85.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

86.     The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

**COUNT I**

**Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (On Behalf of The Named Plaintiff and the FDCPA Class Against Certain Defendants)**

87.     The 2007-3 Trust incorporates all prior denials of allegations of the Complaint as if fully set forth herein. The allegations in this paragraph of the Complaint relate to a claim that is not asserted against the 2007-3 Trust, and therefore no response from the 2007-3 Trust is required.

88.     The allegations in this paragraph of the Complaint relate to a claim that is not asserted against the 2007-3 Trust, and therefore no response from the 2007-3 Trust is required.

89.     The allegations in this paragraph of the Complaint relate to a claim that is not asserted against the 2007-3 Trust, and therefore no response from the 2007-3 Trust is required.

90.     The allegations in this paragraph of the Complaint relate to a claim that is not asserted against the 2007-3 Trust, and therefore no response from the 2007-3 Trust is required.

91.     The allegations in this paragraph of the Complaint relate to a claim that is not asserted against the 2007-3 Trust, and therefore no response from the 2007-3 Trust is required.

92.     The allegations in this paragraph of the Complaint relate to a claim that is not asserted against the 2007-3 Trust, and therefore no response from the 2007-3 Trust is required.

## COUNT II
### Fair Credit Extension Uniformity Act ("FCEUA")
### (On Behalf of The Named Plaintiffs and State Class Against All Defendants)

93.     The 2007-3 Trust incorporates all prior denials of allegations of the Complaint as if fully set forth herein. The allegations in this paragraph of the Complaint relate to a claim that has been dismissed without leave to amend by the Court, and therefore no response from the 2007-3 Trust is required. *See* Order at 5 (Dkt. No. 90).

94.     The allegations in this paragraph of the Complaint relate to a claim that has been dismissed without leave to amend by the Court, and therefore no response from the 2007-3 Trust is required. *See* Order at 5 (Dkt. No. 90).

95. The allegations in this paragraph of the Complaint relate to a claim that has been dismissed without leave to amend by the Court, and therefore no response from the 2007-3 Trust is required. *See* Order at 5 (Dkt. No. 90).

**COUNT III**

**Wrongful Use of Civil Proceedings, 42 Pa.C.S.A. §§ 8351, *et seq.***
**(On Behalf of the Named Plaintiff and the State Class Against All Defendants)**

96. The 2007-3 Trust incorporates all prior denials of allegations of the Complaint as if fully set forth herein. The 2007-3 Trust admits that Plaintiff Gosse purports to bring this claim on behalf of herself and on behalf of the putative State Class members but denies that the proposed class or any class should be certified and denies that Plaintiff or the putative class members are entitled to any relief whatsoever.

97. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written document. The 2007-3 Trust denies the allegations to the extent they are inconsistent with the document.

98. The 2007-3 Trust denies the allegation in this paragraph of the Complaint and its subparts.

99. The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

100. The 2007-3 Trust denies the allegation in this paragraph of the Complaint.

**COUNT IV**
**Civil Conspiracy**
**(On Behalf of the Named Plaintiff and the State Class Against All Defendants)**

101. The 2007-3 Trust incorporates all prior denials of allegations of the Complaint as if fully set forth herein. The 2007-3 Trust admits that Plaintiffs purport to bring this claim on behalf of themselves and on behalf of the putative State Class members but denies that the proposed class or any class should be certified and denies that Plaintiffs or the putative class members are entitled to any relief whatsoever.

102. The 2007-3 Trust denies the allegation in this paragraph of the Complaint and its subparts.

103. The 2007-3 Trust denies the allegation in this paragraph of the Complaint and its subparts.

104. The 2007-3 Trust denies the allegations in this paragraph of the Complaint, including that the Trusts' Owners were authorized to enter into the purported CFPB Consent Order or file litigation against TSI and U.S. Bank on the Trusts' behalf.

The 2007-3 Trust denies that it is liable to Plaintiffs or the putative class members for any of the requests for relief set forth in the WHEREFORE paragraphs in the Complaint and their subparts and deny that Plaintiffs or the putative class members are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that the 2007-3 Trust bears the burden of proof as to any of them, the Trust asserts the following defenses. The Trust intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend its Answer to assert all such defenses.

1.      Any allegation in Plaintiffs' Complaint not heretofore specifically admitted or denied is now specifically denied.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, the 2007-3 Trust acted in good faith and complied fully with applicable statutes, regulations, and laws.

4.      Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which the 2007-3 Trust continues to deny, were the direct and proximate result of the conduct of Plaintiffs or others for whom the 2007-3 Trust is not vicariously liable, or were otherwise too speculative, remote or *de minimis* for recovery.

5.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

6.      Plaintiffs' claims fail to the extent that they are barred by the applicable

statute of limitations.

7.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack Article III or statutory standing.

8.     Plaintiffs' claims fail to the extent that the 2007-3 Trust's actions were authorized by the terms of the underlying agreements creating the debts.

9.     Plaintiffs' wrongful use of civil proceedings claim fails to the extent that the underlying proceedings were not terminated in Plaintiffs' favor.

10.     Plaintiffs' wrongful use of civil proceedings claim fails to the extent that the 2007-3 Trust did not cause proceedings to be instituted against Plaintiffs in a grossly negligent manner or without probable cause.

11.     Plaintiffs' wrongful use of civil proceedings claim fails to the extent that the 2007-3 Trust did not cause proceedings to be instituted against Plaintiffs primarily for an improper purpose.

12.     Plaintiffs' civil conspiracy claim fails to the extent that Defendants did not act with a common unlawful purpose.

13.     Plaintiffs' civil conspiracy claim fails to the extent that Defendants did not perform any independent unlawful overt act in furtherance of the alleged conspiracy.

14.     Plaintiffs cannot maintain this case as a class action for, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class

member; questions of law and fact allegedly common to the putative classes do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; the members of the putative classes are not readily ascertainable; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

15.     Plaintiffs cannot recover from the 2007-3 Trust as a class action to the extent such class recovery would deprive the 2007-3 Trust of its due process rights to assert individualized defenses to claims of putative class members.

16.     Plaintiffs' claims against the 2007-3 Trust fail to the extent that Plaintiffs seeks to hold the 2007-3 Trust liable, vicariously or otherwise, for the acts or omissions of others.

WHEREFORE, the 2007-3 Trust, by counsel, request judgment in its favor and against Plaintiffs, that Plaintiffs should take nothing by way of their Complaint, and for all other relief appropriate under the circumstances.

Dated: May 17, 2022

/s/ Justin G. Weber

Brian P. Downey (PA 59891)
Justin G. Weber (PA 89266)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, Pennsylvania 17108-1181
717.255.1155
717.238.0575 (fax)
Brian.Downey@troutman.com
Justin.Weber@troutman.com

David N. Anthony
(admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1001 Haxall Point, 15th Floor
Richmond, Virginia 23219
804.697.5410
David.Anthony@troutman.com

*Counsel for Defendant National Collegiate
Student Loan Trust 2007-3*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 17, 2022, I filed the foregoing document with the Clerk

of the United States District Court using the CM/ECF system, which will send

notification electronically to all counsel of record.


                    */s/ Justin G. Weber*