## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEY GOSSE, *et al.*, | ) | Case No. 3:20-cv-01446-RDM |
| | ) | |
| Plaintiffs, | ) | Hon. Robert D. Mariani |
| | ) | |
| v. | ) | |
| | ) | Electronically Filed |
| TRANSWORLD SYSTEMS, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PORTNOY SCHNECK, L.L.C.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES Defendant, Portnoy Schneck, L.L.C. ("Portnoy"), who responds to the First Amended Complaint[1] filed by plaintiffs, Chelsey Gosse, Christopher Dettore, and Lori A. Dettore, as follows:

### I. INTRODUCTION

1. Portnoy denies the allegations in ¶ 1.

2. Portnoy denies any unlawful actions as stated in ¶ 2 including its subparts (a) through (c).

3. Portnoy denies the allegations in ¶ 3 as stated.

---

[1] Plaintiffs' First Amended Complaint was filed December 3, 2020 at Document No. 44. On March 1, 2021, plaintiffs re-filed their December 3, 2020 First Amended Complaint at Document No. 67, in an apparent effort to correct an irregular paragraph numbering structure. Responses in this Answer correspond to the paragraph numbering contained in the First Amended Complaint filed March 1, 2021 at Document No. 67.

4.      Portnoy denies the allegations in ¶ 4 and further denies that this lawsuit meets the requirements of a class action.

## II.      JURISDICTION AND VENUE

5.      Portnoy admits that plaintiff purports to bring this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), PA ST 73 P.S. § 2270.1, *et seq.,* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), PA ST 73 P.S. § 201-1, but denies any violations, wrongdoing or liability to the extent alleged in ¶ 5.

6.      Portnoy denies the allegations in ¶ 6 as calling for a legal conclusion. Portnoy leaves all matters of jurisdiction to the Court.

7.      Portnoy denies the allegations in ¶ 7 as calling for a legal conclusion. Portnoy leaves all matters of jurisdiction to the Court.

## III.      PARTIES

8.      Portnoy admits the allegations in ¶ 8 upon information and belief.

9.      Portnoy admits the allegations in ¶ 9 upon information and belief.

10.      Portnoy denies the allegations in ¶ 10 including its subparts (a) through (d) for lack of knowledge or information sufficient to form a belief therein.

11.      Portnoy denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12.     In response to the allegations in ¶ 12, Portnoy admits it is a limited liability company organized in the state of New Jersey and that it maintains a law office at 3705 Quakerbridge Road, Hamilton, New Jersey.  Except as specifically admitted, Portnoy denies the allegations in ¶ 12.

13.     Except to admit that PS sometimes represents the NCSLT Trusts in matters including litigation, Portnoy denies the allegations in ¶ 13 including its subparts (a) through (d).

14.     Portnoy admits NCSLT 2007-3 is organized as a Delaware Statutory Trust entity.  Except as specifically admitted, Portnoy denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15.     The allegations contained in ¶ 15 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed NCSLT 2007-4 from this action. Nevertheless, and to the extent a response is deemed to be required, Portnoy admits NCSLT 2007-4 is organized as a Delaware Statutory Trust entity.  Except as specifically admitted, Portnoy denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16.     Portnoy denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.     Portnoy denies the allegations in ¶ 17 including its subparts (a) and (b) for lack of knowledge or information sufficient to form a belief therein.

18.     The allegations contained in ¶ 18 are mooted by plaintiffs' voluntary dismissal of GSS Data Services LLC from this action (Docs. 58 and 63). Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19.     Portnoy denies the allegations in ¶ 19 on the basis that Exhibit A speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 19 including its subparts (a) through (c) state otherwise, they are denied.

20.     Portnoy denies any allegations of wrongdoing by Portnoy implied in ¶ 20 and otherwise denies the allegations in ¶ 20 as calling for a legal conclusion.

21.     Portnoy denies the allegations in ¶ 21 as calling for a legal conclusion.

22.     Portnoy denies the allegations in ¶ 22 as calling for a legal conclusion.

23.     Portnoy denies the allegations in ¶ 23 as calling for a legal conclusion.

24.     Portnoy denies any allegations of wrongdoing by Portnoy implied in ¶ 24 and otherwise denies the allegations in ¶ 24 as calling for a legal conclusion.

25.     Portnoy denies the allegations in ¶ 25 as calling for a legal conclusion.

26.     Portnoy denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27.     The Consent Order speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 27 state otherwise, they are denied.

28.     Portnoy denies the allegations in ¶ 28.

29.     Portnoy denies the allegations in ¶ 29 as calling for a legal conclusion.

30.     Portnoy denies the allegations in ¶ 30 as calling for a legal conclusion.

31.     The allegations in ¶ 31 are not directed towards Portnoy and do not require an affirmative response.  To the extent a response is required, Portnoy denies the allegations in ¶ 31.

32.     Portnoy denies the allegations in ¶ 32.

33.     Portnoy denies the allegations in ¶ 33 as calling for a legal conclusion. Portnoy leaves all matters of jurisdiction to the Court.

## IV.     FACTUAL BACKGROUND

### A.     NCSLT Trusts and Transworld Background

34.     The allegations in ¶ 34 are not directed towards Portnoy and do not require an affirmative response.  To the extent a response is required, Portnoy denies the allegations in ¶ 34.

35.     Except to admit that PS sometimes represents the NCSLT Trusts in matters including litigation, Portnoy denies the allegations in ¶ 35 for lack of knowledge or information sufficient to forma a belief therein.

36.     Portnoy denies the allegations in ¶ 36 as stated.

37.     Except to admit that PS sometimes represents the NCSLT Trusts in matters including litigation, Portnoy denies the allegations in ¶ 37 as stated.

38.     Portnoy denies the allegations in ¶ 38 as stated and refers to the text of the federal and state laws referenced therein as the best evidence of their contents, purposes, and applications.

**B.     Debt Collection Begins Against the Named Plaintiffs**

39.     Portnoy denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

**1.     The Trust Files Suit Against Gosse**

40.     The docket in Case No. 2019-cv-2482 in the Superior Court of Lehigh County, Pennsylvania speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 40 state otherwise, they are denied.

41.     The docket in Case No. 2019-cv-2482 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 41 state otherwise, they are denied.

42.     The docket in Case No. 2019-cv-2482 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 42 state otherwise, they are denied.

43.     Portnoy denies the allegations in ¶ 43.

### 2. The NCSLT 2007-3 Trust could not substantiate their ownership of the Gosse loan.

44. The docket in Case No. 2019-cv-2482 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 44 state otherwise, they are denied.

45. The docket in Case No. 2019-cv-2482 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 45 state otherwise, they are denied.

46. The docket in Case No. 2019-cv-2482 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 46 state otherwise, they are denied.

### 3. The Gosse State Court Case is Dismissed.

47. The docket in Case No. 2019-cv-2482 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 47 state otherwise, they are denied.

### 4. The Dettore State Court Case is Commenced.

48. The docket in Case No. 202010118 in the Court of Common Pleas for Luzerne County, Pennsylvania speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 48 state otherwise, they are denied.

49.     The docket in Case No. 202010118 speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 49 including its subparts (a) through (d) state otherwise, they are denied.

**C.      The NCSLT Trusts Allegedly Possessed Knowledge that they Allegedly Chose to Conceal from the Plaintiff, Class Members, and State Courts.**

50.     Portnoy denies the allegations in ¶ 50 as stated.

51.     The docket in administrative proceeding No. 2017-CFPB-0018 speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 51 state otherwise, they are denied.

52.     The docket in administrative proceeding No. 2017-CFPB-0018 speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 52 state otherwise, they are denied.

53.     The docket in administrative proceeding No. 2017-CFPB-0018 speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 53 including its subparts (a) through (c) state otherwise, they are denied.

54.     Portnoy denies the allegations in ¶ 54 as stated.

55.     Exhibit A to the First Amended Complaint speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 55 state otherwise, they are denied.

56.     Exhibit A to the First Amended Complaint speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 56 including its subparts (a) through (c) state otherwise, they are denied.

57.     Portnoy denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58.     Portnoy denies the allegations in ¶ 58 as stated and for lack of knowledge or information sufficient to form a belief therein.

59.     Portnoy denies any allegations in ¶ 59 as stated and for lack of knowledge or information sufficient to form a belief therein.

60.     Portnoy denies any allegations of wrongdoing by Portnoy implied in ¶ 60 and otherwise denies the allegations in ¶ 60 including its subpart (a) as they relate to Portnoy.

61.     Portnoy denies any allegations of wrongdoing by Portnoy implied in ¶ 61 and otherwise denies the allegations in ¶ 61 as stated.

62.     Portnoy denies the allegations in ¶ 62 for lack of knowledge or information sufficient to form a belief therein.

63.     Portnoy denies the allegations in ¶ 63 as they relate to Portnoy.

64.     Portnoy denies the allegations in ¶ 64 as they relate to Portnoy.

## V.    CLASS ALLEGATIONS

65.    Portnoy admits that plaintiffs purport to bring this suit on behalf of a class as defined in ¶ 65, but denies the allegations in ¶ 65 including its subparts (a) through (b) and further denies that this lawsuit meets the requirements of a class action.

66.    Portnoy denies the allegations in ¶ 66 and further denies that this lawsuit meets the requirements of a class action.

67.    Portnoy admits that plaintiffs purport to represent themselves and the class, but denies the allegations in ¶ 67 and further denies that this lawsuit meets the requirements of a class action.

68.    Portnoy denies the allegations in ¶ 68 as stated.

69.    Portnoy denies the allegations in ¶ 69 and further denies that this lawsuit meets the requirements of a class action.

70.    Portnoy denies the allegations in ¶ 70 and further denies that this lawsuit meets the requirements of a class action.

71.    Portnoy denies the allegations in ¶ 71 including its subparts (a) and (b) and further denies that this lawsuit meets the requirements of a class action.

72.    Portnoy denies the allegations in ¶ 72 including its subparts (a) through (i), and further denies that this lawsuit meets the requirements of a class action.

73. Portnoy denies the allegations in ¶ 73 and further denies that this lawsuit meets the requirements of a class action.

74. Portnoy denies the allegations in ¶ 74 and further denies that this lawsuit meets the requirements of a class action.

75. Portnoy denies the allegations in ¶ 75 and further denies that this lawsuit meets the requirements of a class action.

76. Portnoy denies the allegations in ¶ 76 and further denies that this lawsuit meets the requirements of a class action.

77. Portnoy denies the allegations in ¶ 77 and further denies that this lawsuit meets the requirements of a class action.

78. Portnoy admits plaintiffs seek certification of the class pursuant to Fed. Civ. P. 23(b)(2) and b(3), but denies the allegations in ¶ 78 and further denies that this lawsuit meets the requirements of a class action.

79. Portnoy denies the allegations in ¶ 79 and further denies that this lawsuit meets the requirements of a class action.

80. Portnoy denies the allegations in ¶ 80 and further denies that this lawsuit meets the requirements of a class action.

81. Portnoy denies the allegations in ¶ 81 and further denies that this lawsuit meets the requirements of a class action.

82.     Portnoy denies the allegations in ¶ 82 and further denies that this lawsuit meets the requirements of a class action.

83.     Portnoy denies the allegations in ¶ 83 and further denies that this lawsuit meets the requirements of a class action.

84.     Portnoy denies the allegations in ¶ 84 and further denies that this lawsuit meets the requirements of a class action.

85.     Portnoy denies the allegations in ¶ 85 and further denies that this lawsuit meets the requirements of a class action.

86.     Portnoy denies the allegations in ¶ 86 and further denies that this lawsuit meets the requirements of a class action.

## VI.   CAUSES OF ACTION

### Count I:
### Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

87.     In response to ¶ 87, Portnoy reasserts the foregoing as if fully stated herein.

88.     Portnoy denies the allegations in ¶ 88 as calling for legal conclusion.

89.     Portnoy denies the allegations in ¶ 89 as stated.

90.     Portnoy denies the allegations in ¶ 90.

91.     Portnoy denies the allegations in ¶ 91.

92.     Portnoy denies the allegations in ¶ 92.

## Count II:
## Fair Credit Extension Uniformity Act ("FCEUA")

93.     Plaintiffs' allegations in ¶ 93 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' FCEUA claims.  Nevertheless, and to the extent a response to the allegations in ¶ 93 is deemed to be required, Portnoy reasserts the foregoing as if fully stated herein.

94.     Plaintiffs' allegations in ¶ 94 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' FCEUA claims.  Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 94.

95.     Plaintiffs' allegations in ¶ 95 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' FCEUA claims.  Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 95 for lack of knowledge or information sufficient to form a belief therein.

## Count III:
## Wrongful Use of Civil Proceedings,
## 42 Pa. P.S.A. §§ 8351 *et seq.* [Dragonetti Act]

96.     Plaintiffs' allegations in ¶ 96 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' Dragonetti Act claims against Portnoy. Nevertheless, and to the extent a response to the allegations in ¶ 96 is deemed to be requiredIn response to ¶ 96, Portnoy reasserts the foregoing as if fully stated herein.

97.     Plaintiffs' allegations in ¶ 97 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' Dragonetti Act claims against Portnoy. Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 97 as stated.

98.     Plaintiffs' allegations in ¶ 98 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' Dragonetti Act claims against Portnoy. Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 98 including its subparts (a) and (b).

99.     Plaintiffs' allegations in ¶ 99 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' Dragonetti Act claims against Portnoy. Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 99.

100.   Plaintiffs' allegations in ¶ 100 are mooted by the Court's May 3, 2022 Order (Doc. 90) which dismissed plaintiffs' Dragonetti Act claims against Portnoy. Nevertheless, and to the extent a response is deemed to be required, Portnoy denies the allegations in ¶ 100.

### Count IV:
### Civil Conspiracy

101.   In response to ¶ 101, Portnoy reasserts the foregoing as if fully stated herein.

102. Portnoy denies the allegations in ¶ 102 including its subparts (a) and (b).

103. Portnoy denies the allegations in ¶ 103 including all of its subparts.

104. Portnoy denies the allegations in ¶ 104.

## VII. REQUEST FOR RELIEF

105. Portnoy denies that plaintiff is entitled to the relief sought in subparts (i) through (xi).

AND NOW, in further Answer to the First Amended Complaint, Portnoy avers as follows:

## <u>AFFIRMATIVE DEFENSES</u>

1. The First Amended Complaint fails to state a claim or cause of action against Portnoy upon which relief may be granted.

2. Portnoy denies any liability; however, regardless of liability, plaintiffs have suffered no actual damages as a result of Portnoy's purported violations.

3. Pursuant to 15 U.S.C. § 1629k(c), to the extent any violation is established, which is denied, such violation was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

4.	Any harm suffered by plaintiffs was legally and proximately caused by persons or entities other than Portnoy and were beyond the control or supervision of Portnoy or for whom Portnoy was and is not responsible or liable.

5.	Assuming that plaintiffs suffered any damages, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

6.	Portnoy asserts that additional affirmative defenses of waiver, laches, estoppel, and any other affirmative defenses may become known during the pendency of this litigation.

7.	Plaintiffs fail in whole or in part to satisfy the requirements for a class action.

8.	This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

WHEREFORE, Defendant, Portnoy Schneck, L.L.C., respectfully requests this answer be deemed good and sufficient, plaintiffs' First Amended Complaint be dismissed, with prejudice, at plaintiffs' costs, and pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for Portnoy, and for all other general and equitable relief.

Date: May 17, 2022

Respectfully submitted,

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq. (#73683)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
Email:  aeasley@sessions.legal

Justin H. Homes, Esq. (PHV)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email:  jhomes@sessions.legal

*Counsel for Portnoy Schneck, L.L.C.*

**CERTIFICATE OF SERVICE**

I certify that on May 17, 2022, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiffs' counsel as described below:

Robert P. Cocco                    Scott C. Borison
Robert P. Cocco, P. C.             1900 S. Norfolk St. Suite 350
1500 Walnut Street, Suite 900      San Mateo, CA 94403
Philadelphia, PA 19102

Christina L. Henry
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA 98104


                              */s/ Aaron R. Easley*
                              Aaron R. Easley
                              *Counsel for Portnoy Schneck, L.L.C.*