# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEY GOSSE, et al., | ) | Case No. 3:20-cv-01446-RDM |
| | ) | |
| Plaintiffs, | ) | Hon. Robert D. Mariani |
| | ) | (Mag. Judge Martin C. Carlson) |
| vs. | ) | |
| | ) | Electronically Filed |
| TRANSWORLD SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## RATCHFORD LAW GROUP, P.C.'S
## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
## AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Ratchford Law Group, P.C. (hereinafter, "Ratchford") submits the following Answer to the First Amended Complaint (Dkt. No. 67, the "Complaint") filed by Plaintiffs Chelsey Gosse, Christopher Dettore, and Lori A. Dettore ("Plaintiffs").

Ratchford denies, generally and specifically, all allegations in the Complaint not specifically admitted in the paragraphs below. Ratchford further states that its investigation of the present matter is ongoing. Accordingly, Ratchford reserves the right to amend this Answer. Ratchford denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, Ratchford states as follows:

1. Ratchford denies the allegations in this paragraph of the Complaint.

2. Ratchford denies the allegations in this paragraph of the Complaint.

3. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

4. Ratchford denies the allegations in this paragraph of the Complaint and denies that Plaintiffs or putative class members are entitled to any relief whatsoever

5. Ratchford admits that Plaintiffs purport to bring this suit under the statutes identified in this paragraph of the Complaint but denies that Plaintiffs are entitled to any relief whatsoever.

6. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

7. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

8. Ratchford admits that Plaintiff Gosse is listed as the borrower on a consumer loan at issue in this case. The remaining allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

9. Ratchford admits that Plaintiff Christopher Dettore and Plaintiff Lori A. Dettore are listed as the borrowers on a consumer loan at issue in this case. The remaining allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

10. The allegations in this paragraph of the Complaint and its subparts are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

11. Ratchford admits only that it is a professional corporation, formed and existing pursuant to the laws of the state of Pennsylvania.  Ratchford denies conducting business out of an office in Scranton, Pennsylvania. The remaining allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

12. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the

allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

13. Ratchford admits only that Ratchford sometimes represents the NCSLT Trusts in matters including litigation. Ratchford denies the remaining allegations in this paragraph of the Complaint and its subparts.

14. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

15. The allegations in this paragraph of the Complaint are directed toward a party that has been dismissed from this action (the 2007-4 Trust), and therefore no response is required.

16. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

17. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

18. The allegations in this paragraph of the Complaint are directed toward a party that has been dismissed from this action, and therefore no response is required.

19. The allegations in this paragraph of the Complaint and its subparts paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is

required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

20. The allegations in this paragraph of the Complaint and its subparts paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

21. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

22. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response and are directed to parties other than Ratchford. To the extent the allegations are contrary to law they are denied. By way of further response, the allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

23. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response and are directed to parties other than Ratchford. To the extent the allegations are contrary to law they are denied. By way of further response, the allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written, public document, which speaks for itself. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

24. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

25. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

26. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

27. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, Ratchford lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

28. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, Ratchford lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

29. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

30. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

31. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. If a response is required, Ratchford lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

32. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

33. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

34. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

35. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

36. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

37. Ratchford admits only that Ratchford sometimes represents the NCSLT Trusts in matters including litigation.  Ratchford denies the remaining allegations in this paragraph of the Complaint.

38. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

39. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents.  Moreover, Ratchford denies any allegation that it could not collect the debt and/or concealed such information from Plaintiff.

40. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents.

41. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents.

42. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. Ratchford denies the remaining allegations in this paragraph of the Complaint.

43. Ratchford denies the allegations in this paragraph of the Complaint.

44. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the

Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. Ratchford denies the remaining allegations in this paragraph of the Complaint.

45. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves Ratchford denies the allegations to the extent they are inconsistent with the documents. Ratchford denies the remaining allegations in this paragraph of the Complaint.

46. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. Ratchford denies the remaining allegations in this paragraph of the Complaint.

47. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are contrary to law, they are denied. Ratchford denies the remaining allegations in this paragraph of the Complaint.

48. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents and are directed to a party other than Ratchford and therefore no response from Ratchford is required. Ratchford denies the allegations to the extent they are inconsistent with the documents.

49. The allegations in this paragraph of the Complaint and its subparts are not directed at Ratchford and therefore no response from Ratchford is required. Further, the allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent they are

contrary to law, they are denied. If a response is required, Ratchford lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

50. Ratchford admits that TSI was the subject of an investigation of the CFPB. Ratchford denies any allegations made in that investigation to the extent that Plaintiffs allege that they support their claims against Ratchford in this case.

51. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents.

52. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents.

53. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents.

54. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of written, public documents, which speak for themselves. Ratchford denies the allegations to the extent they are inconsistent with the documents

55. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

56. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the

allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

57. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

58. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

59. Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

60. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

61. Ratchford denies the allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

62. Ratchford denies the allegations in this paragraph of the Complaint.

63. Ratchford denies the allegations in this paragraph of the Complaint.

64. The allegations in this paragraph of the Complaint are not directed at Ratchford and therefore no response from Ratchford is required. If a response is required, Ratchford denies the

allegations as directed to Ratchford and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other Defendants.

65. Ratchford admits that Plaintiffs purport to define the proposed classes as stated in this paragraph of the Complaint and its subparts. Ratchford denies that this matter may be properly maintained against it as a class action as defined in this paragraph and its subparts or otherwise.

66. Ratchford admits that Plaintiff asserts the right to modify the proposed class definitions. Ratchford denies that this matter may be properly maintained against it as a class action.

67. Ratchford admits that Plaintiffs propose to represent themselves and the proposed classes. Ratchford denies that this matter may be properly maintained against it as a class action.

68. Ratchford denies the allegation in this paragraph of the Complaint.

69. Ratchford denies the allegation in this paragraph of the Complaint.

70. Ratchford denies the allegation in this paragraph of the Complaint.

71. Ratchford denies the allegation in this paragraph of the Complaint and its subparts.

72. Ratchford denies the allegation in this paragraph of the Complaint and its subparts.

73. Ratchford denies the allegation in this paragraph of the Complaint.

74. Ratchford denies the allegation in this paragraph of the Complaint.

75. Ratchford denies the allegation in this paragraph of the Complaint.

76. Ratchford denies the allegation in this paragraph of the Complaint.

77. Ratchford denies the allegation in this paragraph of the Complaint.

78. Ratchford admits that Plaintiffs seek certification of the proposed classes pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). Ratchford denies that this matter may be properly maintained against it as a class action, under either Rule 23(b)(2) or 23(b)(3).

79. Ratchford denies the allegation in this paragraph of the Complaint.

80. Ratchford denies the allegation in this paragraph of the Complaint.

81. Ratchford denies the allegation in this paragraph of the Complaint.

82. Ratchford denies the allegation in this paragraph of the Complaint.

83. Ratchford denies the allegation in this paragraph of the Complaint.

84. Ratchford denies the allegation in this paragraph of the Complaint.

85. Ratchford denies the allegation in this paragraph of the Complaint.

86. Ratchford denies the allegation in this paragraph of the Complaint.

**COUNT I**
**Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (On Behalf of The Named Plaintiff and the FDCPA Class Against Certain Defendants)**

87. Ratchford incorporates all prior denials of allegations of the Complaint as if fully set forth herein.

88. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

89. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

90. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

91. Ratchford denies the allegation in this paragraph of the Complaint.

92. The allegations in this paragraph of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

**COUNT II**
**Fair Credit Extension Uniformity Act ("FCEUA")**
**(On Behalf of The Named Plaintiffs and State Class Against All Defendants)**

93. Ratchford incorporates all prior denials of allegations of the Complaint as if fully set forth herein. The allegations in this paragraph of the Complaint relate to a claim that has been dismissed

without leave to amend by the Court, and therefore no response from Ratchford is required. *See* Order at 5(Dkt. No. 90).

94. The allegations in this paragraph of the Complaint relate to a claim that has been dismissed without leave to amend by the Court, and therefore no response from Ratchford is required. *See* Order at 5 (Dkt. No. 90).

95. The allegations in this paragraph of the Complaint relate to a claim that has been dismissed without leave to amend by the Court, and therefore no response from Ratchford is required. *See* Order at 5 (Dkt. No. 90).

### COUNT III
**Wrongful Use of Civil Proceedings, 42 Pa.C.S.A. §§ 8351, et seq.**
**(On Behalf of the Named Plaintiff and the State Class Against All Defendants)**

96. Ratchford incorporates all prior denials of allegations of the Complaint as if fully set forth herein. Ratchford admits that Plaintiff Gosse purports to bring this claim on behalf of herself and on behalf of the putative State Class members but denies that the proposed class or any class should be certified and denies that Plaintiff or the putative class members are entitled to any relief whatsoever.

97. The allegations in this paragraph of the Complaint paraphrase or characterize the contents of a written document. Ratchford denies the allegations to the extent they are inconsistent with the document.

98. Ratchford denies the allegation in this paragraph of the Complaint and its subparts.

99. Ratchford denies the allegation in this paragraph of the Complaint.

100. Ratchford denies the allegation in this paragraph of the Complaint.

### COUNT IV
**Civil Conspiracy**
**(On Behalf of the Named Plaintiff and the State Class Against All Defendants)**

101. Ratchford incorporates all prior denials of allegations of the Complaint as if fully set forth herein. Ratchford admits that Plaintiffs purport to bring this claim on behalf of themselves and on behalf

of the putative State Class members but denies that the proposed class or any class should be certified and denies that Plaintiffs or the putative class members are entitled to any relief whatsoever.

102. Ratchford denies the allegation in this paragraph of the Complaint and its subparts.

103. Ratchford denies the allegation in this paragraph of the Complaint and its subparts.

104. Ratchford denies the allegations in this paragraph of the Complaint.

Ratchford denies that it is liable to Plaintiffs or the putative class members for any of the requests for relief set forth in the WHEREFORE paragraphs in the Complaint and their subparts and deny that Plaintiffs or the putative class members are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that Ratchford bears the burden of proof as to any of them, Ratchford asserts the following defenses. Ratchford intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend its Answer to assert all such defenses.

1. Any allegation in Plaintiffs' Complaint not heretofore specifically admitted or denied is now specifically denied.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, Ratchford acted in good faith and complied fully with applicable statutes, regulations, and laws.

4. Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Ratchford continues to deny, were the direct and proximate result of the conduct of Plaintiffs or others for whom Ratchford is not vicariously liable, or were otherwise too speculative, remote or de minimis for recovery.

5. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

6. Plaintiffs' claims fail to the extent that they are barred by the applicable statute of limitations.

7. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack Article III or statutory standing.

8. Plaintiffs' claims fail to the extent that Ratchford's actions were authorized by the terms of the underlying agreements creating the debts.

9. Plaintiffs' wrongful use of civil proceedings claim fails to the extent that the underlying proceedings were not terminated in Plaintiffs' favor.

10. Plaintiffs' wrongful use of civil proceedings claim fails to the extent that Ratchford did not cause proceedings to be instituted against Plaintiffs in a grossly negligent manner or without probable cause.

11. Plaintiffs' wrongful use of civil proceedings claim fails to the extent that Ratchford did not cause proceedings to be instituted against Plaintiffs primarily for an improper purpose.

12. Plaintiffs' civil conspiracy claim fails to the extent that Defendants did not act with a common unlawful purpose.

13. Plaintiffs' civil conspiracy claim fails to the extent that Defendants did not perform any independent unlawful overt act in furtherance of the alleged conspiracy.

14. Plaintiffs cannot maintain this case as a class action for, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative classes do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; the members of the putative classes are not readily ascertainable; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

15. Plaintiffs cannot recover from Ratchford as a class action to the extent such class recovery would deprive Ratchford of its due process rights to assert individualized defenses to claims of putative class members.

16. Plaintiffs' claims against Ratchford fail to the extent that Plaintiffs seeks to hold Ratchford liable, vicariously or otherwise, for the acts or omissions of others.

WHEREFORE, Ratchford, by counsel, request judgment in its favor and against Plaintiffs, that Plaintiffs should take nothing by way of their Complaint, and for all other relief appropriate under the circumstances.

Dated: May 20, 2022

_____/s/ Michael F. Ratchford_____
Michael F. Ratchford, Esquire
PA Supreme Court I.D. No.: 86285
Ratchford Law Group, P.C.
54 Glenmaura National Blvd., Suite 104
Moosic, PA  18507
Phone: (570) 558-5510
Fax: (570) 558-5511
mratchford@ratchfordlawgroup.com

*Counsel for Defendant Ratchford Law Group, P.C.*

**CERTIFICATE OF SERVICE**

I certify that on May 20, 2022, I filed the foregoing document with the Clerk of the United States

District Court using the CM/ECF system, which will send notification electronically to all counsel of

record.

_____/s/ Michael F. Ratchford_____
Michael F. Ratchford, Esquire
PA Supreme Court I.D. No.: 86285
Ratchford Law Group, P.C.
54 Glenmaura National Blvd., Suite 104
Moosic, PA  18507
Phone: (570) 558-5510
Fax: (570) 558-5511
mratchford@ratchfordlawgroup.com

*Counsel for Defendant Ratchford Law
Group, P.C.*