## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEA GOSSE, on behalf of herself and all others similarly situated, | Case No. 3:20-CV-01446- RDM |
| Plaintiff(s), | (Judge Mariani) |
| | |
| v. | (Magistrate Judge Carlson) |
| TRANSWORLD SYSTEMS, INC. et.al., | |
| Defendant(s). | |

## JOINT CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 26, 2022 and submit the following report of their meeting for the Court's consideration:

**1. Principal Issues**

**1.1 Separately for each party, please give a statement summarizing this case:**

**Plaintiff**:

Plaintiff is a consumer debtor and the subject of a false, deceptive, and misleading collection effort through the concerted efforts of the Defendants. The Defendants sought to collect a student loan from Plaintiff. They alleged the loan was held by the Defendant National Collegiate Student Loan Trust 2007-3

1

("2007-3"). A court has already ruled that the Trust could not show its right to collect the loan from Plaintiff. The role played by each Defendant in the wrongful collection effort in the name of 2007-3 begins with U.S. Bank who acts a special servicer for the Defendant 2007-3, In turn, Transworld Systems. Inc. ("TSI") acts as special subservicer for U.S. Bank and seeks to collect on loans that the Trust claims to own that are in default. The law firm defendants, Ratchford Law Group, P.C. ("RLG") and Portnoy Schneck, L.L.C. ("PSL") are hired by TSI as part of its "attorney network" that provides TSI control over the attorneys pursuant to contractual agreements.

Plaintiff seeks to represent herself and others who have claims against certain defendants under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff brings claims against TSI, RGS and PSL under the FDCPA. Plaintiff believes the general, threshold issues under the FDCPA include but are not limited to:

- Whether the Defendants actions have violated the FDCPA that prohibits false, deceptive or misleading statements in connection with their efforts to collect an alleged debt on behalf of 2007-3.

- Whether the Defendants actions have violated the FDCPA that prohibits using any unfair or unconscionable means to collect a debt

- The actual or statutory damages to be awarded to the Plaintiff and the Class

- The net worth of the Defendants included in the claim under the FDCPA.

The Plaintiff has also alleged state law claims for violation of 42 Pa. C.S.A. §§ 8351 et seq and for civil conspiracy against all Defendants. These claims are asserted by Plaintiff individually and on behalf of a class. Plaintiff believes the general, threshold issues under these claims include but are not limited to:

- Whether the Defendants engaged in improper collection efforts
- Whether the Defendants acted in concert with another to engage in the wrongful activities
- The actual damages to be awarded to the Plaintiff and the Class

## **Defendants**

Defendant National Collegiate Student Loan Trust 2007-3:  Defendant National Collegiate Student Loan Trust 2007-3 (the "2007-3 Trust") owns the loan taken out by Plaintiff, which he does not deny he owes.  The "2007-3 Trust" acquired Plaintiff's loan through a valid and documented chain of assignment.  When Plaintiff defaulted on the loan, the 2007-3 Trust filed suit against him, which was ultimately dismissed on procedural grounds due to a clerical error by the law firm hired to file suit on behalf of the 2007-3 Trust.

Plaintiff asserts a claim against the 2007-3 Trust for wrongful use of civil proceedings under 42 Pa.C.S.A. §§ 8351, as well as a derivative claim for civil

conspiracy. Those claims will fail due to the fact that the 2007-3 Trust is the owner of the loan and did not file the collection lawsuit with any improper purpose, among other defenses.

Defendant Transworld Systems Inc.: Transworld Systems Inc. (TSI) is a records custodian and subservicer of defaulted student loan accounts owned by the 2007-3 Trust and dismissed non-party National Collegiate Student Loan Trust 2007-4. TSI, on behalf of the trusts, engaged counsel to represent the trusts in collection litigation. In that connection, TSI provided account documentation and records to the trusts' counsel, including verifying the accuracy of facts confirming the trusts' acquisition and ownership of student loans. Plaintiffs' claims against TSI fail because the trusts own the loans and the documentation supporting the trusts' ownership existed when the collection actions were filed. Documentation was not fraudulently manufactured as Plaintiffs contends. Consequently, any verified assertions of trust ownership in the collection action Complaints was truthful and accurate, and, likewise, any prosecution of any such collection actions was proper.

Defendant U.S. Bank: U.S. Bank was retained by the Trusts as Back-Up Special Servicer to assume the role of Successor Special Servicer in the event the initial Special Servicer resigned or was unable to perform its duties as Special Servicer. Simultaneously, the Trusts retained TSI's predecessor, NCO Financial

Systems, Inc., to perform all special servicing on behalf of the Trusts in the event U.S. Bank became Successor Special Servicer. The initial Special Servicer resigned in 2012, and U.S. Bank automatically became the Successor Special Servicer, but U.S. Bank assumed only the rights, duties, and obligations of the initial Special Servicer to the extent expressly required to be assumed and performed by the Back-Up Special Servicer. In particular, U.S. Bank was contractually prohibited from undertaking collections activities or from having a duty to monitor or supervise subservicers.

Plaintiff asserts a claim against U.S. Bank for wrongful use of civil proceedings under 42 Pa.C.S.A. §§ 8351, as well as a derivative claim for civil conspiracy. Those claims will fail for the following reasons: (1) U.S. Bank had no obligation to monitor or supervise collection of Plaintiff's loans; (2) U.S. Bank did not actually participate in collection or monitor or supervise TSI or other sub-servicers; (3) U.S. Bank did not act in a grossly negligent manner or without probable cause; (4) U.S. Bank did not act with an improper purpose; (5) TSI is not U.S. Bank's agent, and U.S. Bank is not liable for TSI's purported actions; and (6) the Trusts own Plaintiff's loan.

Defendant Portnoy Schneck, L.L.C.: Portnoy Schneck, L.L.C. (Portnoy) is a law firm. Plaintiffs' claims against Portnoy fail because Portnoy did not conspire

with anyone to fraudulently manufacture student loan records as alleged nor participate in the filing, assertion, or prosecution of knowingly false collection actions as asserted.

**1.2    The facts the parties dispute are as follows:**

- Whether the 2007-3 Trust is the owner of Plaintiff's loan;

- The chain of title for the disputed loan taken out by Plaintiff;

- Whether Defendants "conspired" to violate any of the statutes identified by Plaintiff;

- Whether there was probable cause and a proper purpose to seek to collect the sums owed from Plaintiff and/or to file the identified state court collection lawsuit;

- Whether TSI is U.S. Bank's agent, including whether U.S. Bank had authority to control the day-to-day collections practices of TSI;

- Whether TSI acts on behalf of U.S. Bank;

- Whether U.S. Bank participated in any way in the collection of Plaintiff's loan;

- Whether the class may be certified;

- The extent of Plaintiff's damages, if any.

**The facts the parties agree upon are as follows:**

**1.4    The legal issues the parties dispute are as follows:**

- Whether Defendants are liable for the respective claims asserted against them;

- Whether the state court judgment in the Gosse litigation found that the Trusts did not own the loans at issue;

- Whether plaintiff suffered cognizable damages based on Defendants' alleged actions.

**agree upon are as follows:**

- None.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

**1.5    Identify any named parties that have not yet been served:**

None.

**1.6    Identify any additional parties that:**

**Plaintiff(s) intends to join:**

None.

**Defendant(s) intends to join:**

None.

**1.7  Identify any additional claims that:**

**Plaintiff(s) intends to add:**

None.

**Defendant(s) intends to add:**

To be determined.

**2.0  Disclosures**

The parties intend to exchange informal Rule 26(a) disclosures within fourteen (14) days of the filing of this Joint Case Management Plan with the Court.

**2.1  Separately for each party, list by name and title/position each person whose identity has been disclosed.**

- Plaintiff
- The 2007-3 Trust:  None at this time.
- U.S. Bank:  None at this time.
- TSI: None at this time.
- Portnoy: None at this time.

**3.0       Early Motions**

**Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:**

**Nature of Motion          Moving Party          Anticipated Filing Date**

**4.0          Discovery**

**4.1    Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** None.

**By defendant(s):** None.

**4.2    Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

By Plaintiff:

Plaintiff will seek written discovery from Defendant.

Plaintiff also intends to take the depositions of each Defendant, 30(b)(1) from Defendants with personal knowledge and 30(b)(6) representative(s) as necessary.

By Defendants:

All the claims in this case hinge on whether Trust 2007-3 owned the debt at issue.  Defendants propose to initially limit discovery to the acquisition of the loan made to Plaintiff Gosse and the authenticity of the schedule documenting the loan.  After discovery occurs on that discrete issue, the issue will be ripe for disposition by summary judgment.  Defendants propose that discovery be limited to the issue above for a period of 90 days followed by Defendants filing a dispositive motion(s).  If that motion does not resolve the case, the

parties would then confer on schedule for the remainder of the matter.

**4.3** **Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

See above for Defendant. None for Plaintiff.

**4.4** **Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

See above for Defendant. None for Plaintiff.

**4.5** **For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 Depositions (excluding experts) to be taken by:**

Plaintiff(s):  10          Defendant(s):      10


**4.5.2 Interrogatories to be served by:**

Plaintiff(s):  30          Defendant(s):  30

**4.5.3  document production requests to be served by:**

Plaintiff(s):   30          Defendant(s):   30

**4.5.4  requests for admission to be served by:**

Plaintiff(s):   30          Defendant(s):   30

**4.6     Discovery of Electronically Stored Information**

☑ **Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

The parties have not fully discussed appropriate protocols relating to the production of electronically stored information.

**Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:**

**5.0          Protective Order**

To the extent that confidential or proprietary information is sought from Defendants, Defendants will request a protective order at that time.

**5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a**

**protective order under existing Third Circuit precedent.**

The parties will confer on the form of a proposed Protective Order and submit an order to the Court.


**5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

**6.0          Scheduling**

**Defendants propose that discovery initially be limited and a schedule set as outlined in Section 4.2.   To the extent that the Court does not adopt that schedule, Defendants have identified dates as set forth below.**

**6.1    Final date for joining additional parties:**

**Plaintiff(s)**    September 1, 2022

**Defendants(s)** September 30, 2022

**6.2    Final date for amending pleadings:**

**Plaintiff(s)**    September 30, 2022

**Defendants(s)** September 30, 2022

**6.3    All fact discovery commenced in time to be completed by:** January 31, 2023

**6.4    All potentially dispositive motions should be filed by:** <u>June 15, 2023</u>

**6.5    Reports from retained experts due:**

    **from plaintiff by** <u>January 31, 2023</u>

    **from defendant(s) by** <u>March 1, 2023</u>

**6.6    Supplementations due from plaintiff** <u>March 15, 2023</u> **and from defendant(s)** <u>March 30, 2023</u>

**6.7    All expert discovery commenced in time to be completed by:** <u>May 15, 2023</u>

**6.8    This case may be appropriate for trial in approximately:**

<u>October 2023</u>

**6.9    Suggested Date for the final Pretrial Conference:**

<u>September 15, 2023</u>

**6.10   Trial**

**6.10.1 Suggested Date for Trial:**

<u>October 2023</u>

**7.0        Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Plaintiff, who may be contacted through counsel of record

Kristina Carlson, Esq., U.S. Bank on behalf of U.S. Bank, individually, and Defendant Trust, through U.S. Bank as Successor Special Servicer

## 8.0 Alternative Dispute Resolution ("ADR")

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: settlement conference after discovery

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Assigned Magistrate Judge of Middle District

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

N/A

## 9.0    Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: No.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

N/A

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.
N/A

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

                                    /s/Robert P. Cocco
                                    Robert P. Cocco, Esquire
                                    Attorney I.D. No. 61907
                                    1500 Walnut St., Ste. 900
                                    Philadelphia, PA  19102
                                    Attorney(s) for Plaintiff(s)
                                    X      ECF User(s)
                                    __Waiver requested (as separate document)
                                    __Fed.R.Civ.P.7.1 (statement filed if necessary)*

                                    /s/ Scott C. Borison
                                    Scott C. Borison
                                    Borison Firm LLC.
                                    1900 S. Norfolk St., Suite 350
                                    San Mateo, CA 94403
                                    301-620-1016
                                    X      ECF user
                                    scott@borisonfirm.com

*Pro Hac Vice*
Counsel for Plaintiff

/s/ Justin G. Weber
Brian P. Downey (PA 59891)
Justin G. Weber (PA 89266)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, Pennsylvania 17108-1181
717.255.1155
717.238.0575 (fax)
Brian.Downey@troutman.com
Justin.Weber@troutman.com

David N. Anthony (admitted *pro hac vice*)
Timothy St. George (admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1001 Haxall Point, 15th Floor
Richmond, Virginia 23219
804.697.5410
David.Anthony@troutman.com
Timothy.St.George@troutman.com

*Counsel for Defendant National Collegiate
Student Loan Trust 2007-3*

/s/ Kelly M. Locher
Kelly M. Locher (Pa. 322400)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Phone: (412) 394-7937
Fax: (412) 394-7959
Email: klocher@jonesday.com
X        ECF User(s)

　/s/ Albert J. Rota　　　
Albert J. Rota, *Pro Hac Vice*
JONES DAY
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com

*Counsel for Defendant U.S. Bank National Association*

/s/ Aaron R. Easley　　　
Aaron R. Easley, Esq. (#73683)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
Email:　aeasley@sessions.legal

Justin H. Homes, Esq. (PHV)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
Lakeway II
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email:　jhomes@sessions.legal

*Counsel for Transworld Systems Inc.*

Michael F. Ratchford
Ratchford Law Group, P.C.
54 Glenmaura National Blvd., Suite 104
Moosic, PA 18507
(570) 558-5510 ext 101
mratchford@ratchfordlawgroup.com
*Counsel for Ratchford Law Group, P.C.*

Dated: May 27, 2022