# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEY GOSSE, et al.,** | : | **CIV NO. 3:20-CV-1446** |
| **Plaintiffs,** | : | **(Judge Mariani)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **TRANSWORLD SYSTEMS INC., et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

This case involves allegations of actionable misconduct by various defendants in the course of efforts by those defendants to secure repayment of the plaintiffs' student loans. Following the court's initial consideration of motions to dismiss filed in this matter, the following claims remain in this case: Count One alleging a violation of the Fair Debt Collection Practices Act ("FDCPA "); Count III for Wrongful Use of Civil Proceedings ("Dragonetti Act ") brought by Plaintiff Chelsey Gosse against all Defendants except National Collegiate Student Loan Trust 2007-4 ; Count IV for Civil Conspiracy against all Defendants except National Collegiate Student Loan Trust 2007 -4. (Doc. 90 at 5).

As we have observed, the plaintiffs' allegations of litigation misconduct by the defendants in their state court debt collection actions in large measure turn on

1

several simple questions; namely, whether the defendants could prove that they had acquired the rights to collect the plaintiffs' loans, and thus had a legal right to pursue these collections actions, when they filed these state court lawsuits. With the issues in this lawsuit framed in this fashion, the defendants have filed a motion for summary judgment asserting that there is no dispute regarding their legal right to endeavor to collect these loans. (Doc. 110). This summary judgment motion, in turn, has inspired a spate of collateral litigation, including the instant motion filed by the plaintiffs to strike several declarations submitted in support of this summary judgment motion. (Doc. 126).

This motion to strike has itself spawned substantial litigation, with the plaintiff filing a 289 page brief in support of this motion; an action which inspired a 201 page brief in opposition to this motion from the defendants. (Doc. 132). We find that, in large measure, these voluminous submissions argue various aspects of the merits of the summary judgment motion, and we will consider these submissions in connection with our summary judgment motions merits analysis. However, to the extent that the plaintiffs ask that we strike these pleadings entirely, we conclude that they have misconstrued the purpose of a motion to strike. Therefore, we will decline the invitation to strike these filings altogether.

## II.     Discussion

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial,

impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

As we construe it, the thrust of the plaintiffs' arguments in their motion to strike is that these affidavits are not competent proof and lack persuasive power as grounds for a summary judgment motion for a host of reasons. The force of this argument will be considered by us in the fullness of time in conjunction with the merits analysis of the pending summary judgment motion. However, at this juncture suffice it to say that, despite the vehement and voluminous presentations by counsel, we cannot say that the affidavits constitute the type of "redundant, immaterial, impertinent, or scandalous matter" which may be stricken under Rule 12(f). Therefore, recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the assertions in this brief are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike without prejudice to considering the issues raised in these pleadings in the course of our merits analysis of the pending summary judgment motion.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: November 3, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEY GOSSE, et al.,** | : | **CIV NO. 3:20-CV-1446** |
| | : | |
| **Plaintiffs,** | : | **(Judge Mariani)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TRANSWORLD SYSTEMS INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 3rd day of November 2022, in accordance with the accompanying memorandum, IT IS ORDERED that the plaintiffs' motion to strike (Doc. 126), is DENIED without prejudice to considering the issues raised in these pleadings in the course of our merits analysis of the pending summary judgment motion.

<em>S/Martin C. Carlson</em><br>
Martin C. Carlson<br>
United States Magistrate Judge