# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEY GOSSE, et al.,** | : | **CIV NO. 3:20-CV-1446** |
| | : | |
| **Plaintiffs,** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TRANSWORLD SYSTEMS INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.   Factual Background

This case involves allegations of actionable misconduct by various defendants in the course of efforts by those defendants to secure repayment of the plaintiffs' student loans. Following the court's initial consideration of motions to dismiss filed in this matter, the following claims remain in this case: Count One alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"); Count III for Wrongful Use of Civil Proceedings ("Dragonetti Act") brought by Plaintiff Chelsey Gosse against all Defendants except National Collegiate Student Loan Trust 2007-4; and Count IV for Civil Conspiracy against all Defendants except National Collegiate Student Loan Trust 2007 -4. (Doc. 90, at 5).

As we have observed, the plaintiffs' allegations of litigation misconduct by the defendants in their state court debt collection actions in large measure turn on

1

several simple questions; namely, whether the defendants could prove that they had

acquired the rights to collect the plaintiffs' loans, and thus had a legal right to pursue

these collections actions when they filed these state court lawsuits. With the issues

in this lawsuit framed in this fashion, the defendants have filed a motion for summary

judgment asserting that there is no dispute regarding their legal right to endeavor to

collect these loans. (Doc. 110).

This summary judgment motion, in turn, has inspired a spate of collateral

litigation regarding discovery, including a motion to modify the case management

order (Doc. 111); a motion to stay discovery filed by the defendants (Doc. 114); a

filing by the plaintiffs which notes that the defendants are attempting to engage in

merits discovery even as they seek a stay (Doc. 131); and a motion to deny or defer

consideration of the summary judgment motion pending the completion of

discovery. (Doc. 128).

Upon consideration of these competing motions, it is ordered as follows: the

motions to stay (Docs. 114 and 131) are granted, in part, in that full merits discovery

is stayed pending resolution of the outstanding summary judgment motion. The

plaintiffs' motion to deny or defer summary judgment, (Doc. 128), is granted, in

part, in that the plaintiffs will be permitted 90 days in which to conduct discovery

relating to the ownership of these loans, the issue which lies at the heart of the

summary judgment motion. Finally, the motion to modify the case management

order is denied without prejudice to renewal, if necessary, once the pending summary judgment motion is resolved.

## II. <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc</u>., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>,

943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" <u>Dove v. Atlantic Capital Corp.</u>, 963 F.2d 15, 19 (2d Cir. 1992) (quoting <u>Galella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. <u>See, e.g.</u>, <u>James v. York County Police Dep't</u>, 160 F.App'x 126, 136 (3d Cir. 2005); <u>Nolan v. U.S. Dep't of Justice</u>,

973 F.2d 843,849 (10th Cir. 1992); <u>Johnson v. New York Univ. Sch. of Ed.</u>, 205

F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while

the court determines the threshold issue of whether a complaint has sufficient merit

to go forward, recognizes a simple, fundamental truth: parties who file motions that

may present potentially meritorious and complete legal defenses to civil actions

should not be put to the time, expense, and burden of factual discovery for

themselves and others until after these claimed legal defenses are addressed by the

court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without
> foundation in law.' " <u>In re Currency Conversion Fee Antitrust
> Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting
> <u>Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-
> 10 (S.D.N.Y.1991)) (citing <u>Flores v. Southern Peru Copper Corp.</u>, 203
> F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-
> Monopoly, Inc. v. Hasbro, Inc.</u>, 1996 WL 101277, at *2 (S.D.N.Y.
> March 7, 1996)).

<u>Johnson</u>, 205 F.R.D. at 434.

There is a necessary corollary to these principles when there is a pending

summary judgment motion and an expressed need for discovery in order to respond

to that motion. Rule 56(d) of the Federal Rules of Civil Procedure provides a

pathway for resolution of discovery questions which are bound up with merits

litigation of summary judgment motions, and provides as follows:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant
> shows by affidavit or declaration that, for specified reasons, it cannot
> present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery;
> or
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Rule 56(d) permits a court to defer consideration of a summary judgment motion when some further discovery is needed by the party opposing the motion in order to frame a meaningful response to the motion. Under these circumstances, we are mindful of the fact that: "[I]t is well established that a court is 'obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" Shelton v. Bledsoe, 775 F.3d 554, 565 (3d Cir. 2015) (quoting Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (internal citations and quotations omitted)). Further, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." Shelton, 775 F.3d at 568. Therefore, as a general rule we should refrain from declaring the facts to be undisputed for summary judgment purposes when it is evident that one party seeks discovery in order to fully respond to a motion for summary judgment. See Medley v. United States, No. 1:15-CV-1261, 2017 WL

9485538, at *4 (M.D. Pa. Feb. 15, 2017), <u>report and recommendation adopted,</u> No. 1:15-CV-1261, 2017 WL 1149205 (M.D. Pa. Mar. 28, 2017).

Guided by these principles, in the exercise of our discretion we will adopt the following course: the motions to stay (Docs. 114 and 131) are granted, in part, in that full merits discovery is stayed pending resolution of the outstanding summary judgment motion. The plaintiffs' motion to deny or defer summary judgment, (Doc. 128), is granted, in part, in that the plaintiffs will be permitted 90 days in which to conduct discovery relating to the ownership of these loans, the issue which lies at the heart of the summary judgment motion. Finally, the motion to modify the case management order is denied without prejudice to renewal, if necessary,  once the pending summary judgment motion is resolved.

An appropriate order follows.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATED: November 8, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEY GOSSE, et al.,** | : | **CIV NO. 3:20-CV-1446** |
| | : | |
| **Plaintiffs,** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TRANSWORLD SYSTEMS INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 8th day of November 2022, in accordance with the accompanying memorandum, IT IS ORDERED as follows: the motions to stay (Docs. 114 and 131) are GRANTED, in part, in that full merits discovery is stayed pending resolution of the outstanding summary judgment motion. The plaintiffs' motion to deny or defer summary judgment, (Doc. 128), is GRANTED, in part, in that the plaintiffs will be permitted 90 days in which to conduct discovery relating to the ownership of these loans, the issue which lies at the heart of the summary judgment motion. IT IS FURTHER ORDERED that the parties shall consult and confer regarding a narrowly tailored plan of discovery to address the pending summary judgment motion. If they cannot agree on such a plan they shall notify the court. The motion for summary judgment (Doc. 110) is DEFERRED until **February 10, 2023,** pending completion of this targeted discovery. On or before **February 10,**

**2023**, the parties shall provide the court with a stipulated briefing schedule for this summary judgment motion in light of the targeted discovery ordered by the court. Finally, the motion to modify the case management order is DENIED without prejudice to renewal, if necessary, once the pending summary judgment motion is resolved.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge