Troutman Pepper Hamilton Sanders LLP
100 Market Street, Suite 200
Harrisburg, PA 17108-1181

troutman.com



**Justin Weber**
justin.weber@troutman.com

February 13, 2023

**VIA ECF**

Hon. Martin C. Carlson
United States Magistrate Judge
U.S. District for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108

**Re:   Gosse v. Transworld Systems, Inc. et al., No. 3:20-cv-01446-RDM-MMC**

Dear Judge Carlson:

I write on behalf of Transworld Systems Inc., U.S. Bank and National Collegiate Student Loan Trust 2007-3 ("Defendants") regarding the February 6, 2023 letter of Mr. Cocco (Dkt. 159).

Defendants believe that Mr. Cocco's letter reflects that the parties have reached an understanding regarding how upcoming Rule 30(b)(6) depositions will occur, or at the very least that the matter is not ripe for a conference.

For background, Plaintiff issued Rule 30(b)(6) deposition notices for a wide-ranging list of 99 topics across three defendants that made no attempt to limit testimony according to the Court's November 8, 2022 Order. During the meet and confer process, Plaintiff agreed to withdraw certain topics but still persisted on other topics that Defendants believe go well beyond the Trust's ownership of Plaintiff's loan.

During the meet and confer process, the parties discussed a practical approach for navigating issues regarding the scope of the depositions that parties anticipate may arise and to crystallize any remaining disputes. In follow up, Defendants sent a February 3, 2023 letter to Plaintiffs to memorialize the process the parties discussed. In pertinent part, that process provides: to the extent a Defendant's counsel instructs a witness not to answer a question that its counsel believes is beyond the limited scope of discovery, the Defendant would not be able use the answer to the question in support of its motion for summary judgment. And, conversely, if Plaintiff believed that an answer to a question so objected to was necessary to contest that the Trust owned Plaintiff's loan, Plaintiff would file a motion to compel. A copy of the February 3, 2023 letter is attached. This process would allow the depositions to proceed and, if there are any disputes about

Hon. Martin C. Carlson
February 13, 2023
Page 2



specific questions or the contours of topics, they would be addressed after a record was created at the deposition.

After reviewing Plaintiff's letter (Dkt. 159), it appears that Plaintiff confirms this process. Specifically, Mr. Cocco identifies that "if [Defendants] do not produce evidence at the deposition or otherwise, they cannot later introduce or rely on that evidence they chose not to disclose in discovery to plaintiff." Mr. Cocco also indicates that Plaintiff would have the ability to file a motion to compel, presumably for information in response to specific questions that Plaintiff asserts are necessary to assert that the Trust does not own Plaintiff's loan. This process should avoid potentially unnecessary motion practice and move this matter forward.

Since Plaintiff filed the letter, I have reached out to Mr. Cocco to identify Plaintiff's specific dispute, if any, regarding this process and the specific relief Plaintiff seeks from the Court. To date, I have not received a response nor has any modification to the process been suggested. If Plaintiff no longer seeks to proceed with the orderly process the parties discussed during their meet and confer, Defendants believe addressing the scope of the 99 topics that Plaintiff identified in the deposition notices would be best addressed through motion practice.

Sincerely,

Justin Weber

cc:     All Counsel of Record via ECF