# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE, <br><br> Plaintiffs <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC.; U.S. BANK, NA.; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; GSS DATA SERVICES LLC <br><br> Defendants | Civil Action No. 3:20-cv-01446-RDM <br><br> Hon. Robert D. Mariani <br> (Mag. Judge Martin C. Carlson) <br><br> Electronically Filed |

## STIPULATION REGARDING CONDUCT OF PLAINTIFF'S DEPOSITIONS OF DEFENDANTS IN AID OF HER RESPONSE TO THE MOTIONS FOR SUMMARY JUDGMENT

WHEREAS, Plaintiff and Defendants U.S. Bank National Association ("U.S. Bank"), Transworld Systems Inc. ("TSI"), and National Collegiate Student Loan Trust 2007-3 (the "Trust," collectively with U.S. Bank and TSI, the "Defendants") conferred through counsel regarding Plaintiff's 30(b)(6) depositions notices to Defendants addressed in Plaintiff's letter to the Court on February 8, 2023, (the "Motion to Stay") (Dkt No. 159) and the Trust's response letter (Dkt No. 160)

WHEREAS, Plaintiff claims that she needs certain discovery from the respective Defendants and third parties for purposes of her opposition to the Motions

for Summary Judgment (together, the "Summary Judgment Motion") (Dkt Nos. 110, 116, 117),

WHEREAS, Defendants' counsel conferred with Plaintiff's counsel regarding ownership topics in Plaintiff's Federal Rule of Civil Procedure 30(b)(6) deposition notices to the respective Defendants resulting in the attached letter of February 14, 2023 from counsel for the Trust (Ex. A hereto); and

WHEREAS, the current interim discovery deadline for said depositions and discovery has been previously extended to March 8, 2023, by agreement of the Parties and so ordered by the Court (Dkt No. 156), but the respective designees of TSI and the Trust's designee are not available until March 14 and 15, the Parties hereby stipulate to the following:

1. The Parties agree to extend the current deadline for completion of ownership discovery to respond to the Motions for Summary Judgment to March 15, 2023;

2. The Parties agree to address ownership issues arising during Plaintiff's deposition of the Parties as set forth in the Trust's letter attached as Ex. A;

3. The Parties agree that the remaining dates in the Updated Case Management Order (Dkt. 156) should remain in effect.

Dated February 21, 2023

| | |
|---|---|
| */s/* Robert P. Cocco | */s/* Justin H. Homes |
| Robert P. Cocco, Esquire | Aaron R. Easley, Esq. (#73683) |
| *Co-counsel for Plaintiffs* | SESSIONS, ISRAEL, & SHARTLE, L.L.C. |
| | 3 Cross Creek Drive |
| */s/* Justin G. Weber | Flemington, NJ 08822 |
| Brian P. Downey (PA 59891) | Telephone: (908) 237-1660 |
| Justin G. Weber (PA 89266) | Facsimile: (908) 237-1663 |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Email: aeasley@sessions.legal |
| 100 Market Street, Suite 200 | Justin H. Homes, Esq. (PHV) |
| Harrisburg, Pennsylvania 17101 | SESSIONS, ISRAEL, & SHARTLE, L.L.C |
| 717.255.1155 | 3850 N. Causeway Blvd., Ste. 200 |
| Brian.Downey@troutman.com | Metairie, LA 70002-7227 |
| Justin.Weber@troutman.com | Telephone: (504) 828-3700 |
| | Facsimile: (504) 828-3737 |
| David N. Anthony | Email: jhomes@sessions.legal |
| (admitted pro hac vice) | |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | *Counsel for Transworld Systems Inc. and Portnoy Schneck, L.L.C.* |
| 1001 Haxall Point, 15th Floor | |
| Richmond, Virginia 23219 | */s/* Albert J. Rota |
| 804.697.5410 | Albert J. Rota (pro hac vice) |
| David.Anthony@troutman.com | JONES DAY |
| | 2727 N. Harwood |
| *Counsel for Defendant National Collegiate Student Loan Trust 2007-3* | Dallas, TX 75201 |
| | 214.969.3698 |
| | ajrota@jonesday.com |
| | |
| | Kelly M. Locher |
| | JONES DAY |
| | 500 Grant Street, Suite 4500 |
| | Pittsburgh, PA 15219 |
| | 412.394.7937 |
| | klocher@jonesday.com |
| | |
| | *Counsel for Defendant U.S. Bank National Association* |

# EXHIBIT "A"



Troutman Pepper Hamilton Sanders LLP
100 Market Street, Suite 200
Harrisburg, PA 17108-1181

troutman.com

**Justin Weber**
justin.weber@troutman.com

February 14, 2023

**VIA E-MAIL**

Robert P. Cocco, Esquire
1500 Walnut St., Suite 900
Philadelphia, PA 19102
bob.cocco@phillyconsumerlaw.com

Christina L. Henry, Esquire
Henry & DeGraaff, P.S.
113 Cherry Street, PMB 58364
Seattle, WA 98104
chenry@hdm-legal.com

Scott Borison, Esquire
1900 S. Norfolk St. Suite 350
San Mateo, CA 94403
scott@borisonlawfirm.com

**Re:  Gosse v. Transworld Systems, Inc. et al., No. 3:20-cv-01446-RDM-MMC
January 31, 2023 Meet and Confer**

Dear Counsel:

      I write to follow up on the meet and confer discussions that occurred on January 31, 2023, with regard to 30(b)(6) deposition notices that Plaintiff issued to Defendants U.S. Bank, Transworld Systems Inc., and National Collegiate Student Loan Trust 2007-3.

      As discussed, we recognize that the parties may still disagree regarding the scope and contours of allowable discovery related to the issue of the Trust's ownership of Plaintiff's student loan and regarding the subjects on which the deposition witnesses should be prepared to testify. Rather than engage in additional protracted discussions and potential pre-deposition motion practice, all parties agree to proceed with the depositions as provided herein so that actual disputes regarding specific deposition questions may be crystallized and, if necessary, brought to the Court.



To that end, the parties have agreed to the following process: First, Defendants will prepare their witnesses only on the deposition topics that Defendants believe are related to ownership discovery and were put at issue in their motion for summary judgment. Second, Defendants need not bring a motion for protective order prospectively, but, instead, may instruct a witness not to answer any question at a deposition on grounds that the question is not within the scope of ownership-related discovery. To the extent that a Defendant's counsel instructs its client's corporate witness not to answer a question on this basis and the witness follows that instruction, the Defendant will not use the answer to that question in support of its motion for summary judgment. If a witness is instructed not to answer any question on this basis, or has not been prepared to answer the question, then, if Plaintiff deems necessary and believes the question to be within the scope of allowable discovery, Plaintiff may move to compel a response after the deposition.

The parties agree that the outlined process above is a reasonable course to, if necessary, crystallize disputes and narrow the areas of disagreement prior to bringing those disputes before the Court.

Please confirm your agreement with the process stated above.

Sincerely,

Justin Weber

cc: Albert J. Rota, Esquire
Justin Homes, Esquire