# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE, <br><br> Plaintiffs, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC.; U.S. BANK, NA; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; GSS DATA SERVICES LLC, <br><br> Defendants. | Civil Action No. 3:20-cv-01446-RDM <br><br> Hon. Robert D. Mariani <br><br> (Magistrate Judge Martin C. Carlson) |

## JOINT CONFIDENTIALITY AGREEMENT AND STIPULATION

Plaintiff, Chelsey Gosse, ("Plaintiff"), and Defendants, Transworld Systems Inc., U.S. Bank, National Association, Ratchford Law Group, P.C., and National Collegiate Student Loan Trust 2007-3 ("Defendants"), by and through their undersigned counsel, hereby stipulate and agree to the following Joint Confidentiality Agreement and Stipulation. For purposes of this Joint Confidentiality Agreement and Stipulation, Plaintiff and Defendants are each a "Party" and are collectively referred to as the "Parties".

1.  This Joint Confidentiality Agreement and Stipulation (the "Confidentiality Agreement") shall govern the handling of all documents, data, information, deposition transcripts, deposition exhibits, videotaped depositions,

responses to written discovery, admissions, testimony, and any other information produced, given or exchanged by and between the Parties and/or any non-parties in connection with the above-captioned matter (the "Action") (all such information is hereinafter referred to as "Discovery Material"). The terms of this Confidentiality Agreement shall also apply to any Discovery Material that summarizes, reports, or contains information or data derived from Discovery Material, as well as to any copies, excerpts, abstracts, analyses, descriptions, or other forms of recorded information containing, reflecting, or disclosing, in whole or in part, such Discovery Material.

2. Discovery Material received from any Party, or any information derived therefrom, shall be used solely for the purpose of this Action and shall not be used for any other purpose including, without limitation, any business or commercial purpose or in any other action or legal proceeding.

3. For purposes of this Confidentiality Agreement, any Party or non-party who provides Discovery Material in connection with this Action (the "Producing Party") may designate such Discovery Material as "Confidential" under the terms of this Confidentiality Agreement if the Producing Party reasonably believes in good faith that (a) the Discovery Material contains private, confidential, proprietary, commercially and/or personally sensitive information regarding one or more third parties including, but not limited to, current and former clients of Defendants (b) the

Discovery Material qualifies for trade secret protection under state and/or federal law; and/or (c) the Discovery Material otherwise requires the protections of this Confidentiality Agreement. The Parties shall not designate Discovery Material as "Confidential", and the confidentiality provisions of this Confidentiality Agreement shall not apply to, any Discovery Material that has been disclosed to the public or third persons in a manner that would render such Discovery Material to be no longer "Confidential."

4. A Producing Party wishing to designate Discovery Material as "Confidential" may do so only in good faith as follows:

    a. Any Producing Party shall mark any Discovery Material it wishes to designate "Confidential" with the appropriate confidentiality markings at the time of production. Initial failure, by inadvertence or otherwise, to mark Discovery Material as "Confidential" shall not preclude a subsequent designation of such Discovery Material.

    b. Deposition or other testimony taken in this Action, including any document marked for identification during a deposition, may be designated "Confidential" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; (ii) by sending written notice to all Parties to the Action designating certain testimony as "Confidential" within thirty (30) business days after the transcript of the testimony or an *errata* sheet concerning the testimony is delivered to the Party designating the testimony or document as confidential; or (iii) by stamping or writing "Confidential" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable. Written notices of "Confidential" information contained in a deposition transcript shall be attached by each Party to the face of the relevant transcript and each copy therefor in its possession, custody or control.

    c.    Any party may designate a document produced by a non-party pursuant to subpoena, order of court, or otherwise as "Confidential" by sending written notice to all Parties to the Action designating such document as "Confidential" within 21 business days after the document is delivered to the Party designating the document as confidential or after this Agreement is executed by all Parties, whichever is later. All documents produced by non-parties pursuant to a subpoena shall be deemed to have been designated "Confidential" for 21 days after the documents have been delivered.

5.    When a disclosure of Discovery Material and any other documents and materials containing privileged information is made in this Action, such disclosure does not operate as a waiver in this Action or any other federal or state proceeding if: (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including following the steps identified in Federal Rule of Civil Procedure 26(b)(5)(B).

6.    A party receiving Discovery Materials designated as "Confidential" may challenge the Producing Party's confidentiality designation at any time and may do so only in good faith. The Receiving Party must begin the process by conferring directly with counsel for the Producing Party and may request in writing that the Producing Party change the designation. The Producing Party shall then have five (5) calendar days (unless extended by mutual agreement of the Parties) after receipt of a challenge notice to advise the receiving Party whether or not the Producing Party will change the designation. If the dispute cannot be resolved and the Receiving

Party concludes in good faith that the Discovery Material at issue should not be accorded the confidential treatment, any Party shall have the right to move the Court to preserve the Producing Party's Confidential designation and/or for protective order within fifteen (15) calendar days after the Producing Party informs the Receiving Party that it will not change the designation. In the context of any such motion, the moving Party shall have the burden of demonstrating the propriety of the confidential designation of the Discovery Material at issue. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Confidentiality Agreement. If no Party moves the Court as provided by this paragraph, the confidential designation as to the Discovery Materials at issue shall not be enforceable in this action. For the avoidance of doubt, Plaintiff does not have the burden of moving the Court to de-designate a document designated as confidential by any Defendant.

7. Information designated as "Confidential" may only be used for purposes of this Action, including any appeal, absent approval under paragraph 8.

8. Discovery Material designated "Confidential" shall be maintained in confidence by the Party to whom such materials are produced or disclosed, and shall not be disclosed to any third person except as follows: (a) the Court and its staff in the Action; (b) any court reporter who records any deposition or other testimony in

the Action; (c) any counsel for the Parties and the employees of counsel, including corporate counsel of any Party; (d) the Parties; (e) any employee of the Parties who is required in good faith to provide assistance in the conduct of this litigation; (f) witnesses at depositions to whom disclosure is reasonably necessary; (g) experts or consultants; (h) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, class notification services, or the creation of any computer database from documents; (i) the author(s) or recipient(s) of the Discovery Material as evidenced on the face of the document; and (j) any other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered. **If any Party desires to disclose to any person not included in (a) through (h) above any Discovery Material designated as "Confidential," such Party shall provide at least seven (7) business days' written notice to all counsel of record in the Action.** The immediately preceding sentence does not apply to a Party's disclosure or use of such documents at deposition, hearing or trial in this case.

    9.    Each person to whom Discovery Material designated as "Confidential" is revealed, disclosed or made available for inspection (except the persons identified in Paragraph 8 subsections (a), (b), (c), (d), (e) and (h) above) shall, prior to having access to such information, review this Confidentiality Agreement and sign the

Acknowledgement of Confidentiality Agreement in the form attached hereto as Exhibit "A."

10. All persons authorized by this Confidentiality Agreement to receive copies of Discovery Material designated "Confidential" under this Confidentiality Agreement (other than the Court and its staff) and to whom any "Confidential" Discovery Material is furnished, shown or disclosed, shall be shown a copy of this Confidentiality Agreement, and shall agree to be bound by its terms.

11. This Confidentiality Agreement does not, by itself, authorize the filing of any Discovery Material under seal. Any Party wishing to file Discovery Material designated as "Confidential" in connection with a motion, brief or other submission must comply with all applicable Rules and court procedures. A Party shall not file with the Court any Discovery Material designated as "Confidential" and produced by any other Party to the Action unless and until the Court permits such Discovery Material to be filed under seal.

12. Producing or receiving confidential information, or otherwise complying with the terms of this Confidentiality Agreement, shall not (a) operate as an admission by any party that any particular Discovery Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of any information or material that the Party does not consider to be within the scope of discovery; (c)

prejudice the rights of a Party to seek a determination by the Court that particular materials or documents must be produced; (d) prejudice the rights of a Party to apply to the Court for a protective order; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

13.  The Parties hereby agree that Fed. R. Evid. 502 applies to all Discovery Material produced in this Action to prevent the waiver of attorney-client privilege or work-product doctrine and further agree that:

a.  Each Party has taken reasonable steps to prevent the disclosure of Discovery Material otherwise protected by the attorney-client privilege or work-product doctrine ("Protected Material") such that any disclosure of Protected Material is unintentional and inadvertent and will not justify a waiver of such privilege and protection in this Action or any other federal, state, or arbitration action or legal proceeding; and

b.  Their counsel will notify each other if any Discovery Material is discovered to be Protected Material and will take the steps outlined in Fed. R. Civ. P. 26(b)(5)(B), and as further stated herein;

14.  The use of any Discovery Material in any court proceeding in this Action or any appeal therefrom shall not cause the Discovery Material to lose its "Confidential" status.

15.  This Confidentiality Agreement shall not be construed to prevent examination of any person as a witness at any court hearing, trial or during deposition concerning any Discovery Material designated as "Confidential," provided that the witness signs Exhibit A before any Discovery Material designated

as "Confidential" is disclosed to the witness or the Court rules upon and denies a motion for protective order seeking to preclude the disclosure of certain Discovery Material designated as "Confidential" to such witness.

16. This Confidentiality Agreement has no effect upon, and shall not apply to, a Party's use of its own Discovery Material for any purpose, except that any disclosure in court filings in the Acton of such material by the designating Party waives any obligation of any other Party to seek to file such Discovery Material under seal.

17. Nothing herein shall impose any restrictions on the use or disclosure by a Party of Discovery Material designated as "Confidential" to the extent such Discovery Material was (a) obtained lawfully by such Party independently of the discovery proceedings in this Action and (b) is not otherwise subject to confidentiality restrictions.

18. Non-parties who produce Discovery Material pursuant to this Confidentiality Agreement shall have the benefit of this Confidentiality Agreement, and shall be entitled to enforce its terms, if they agree in writing to be bound by it.

19. Within sixty (60) days after receiving notice of the entry of an order, judgement or decree finally disposing of or resolving the Action, inclusive of any and all rights of appeal, and upon the written request of the Producing Party, any Party (or other person permitted under this Confidentiality Agreement to receive

Discovery Material designated as "Confidential") who received Discovery Material designated as "Confidential" shall, if requested, either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such material and certify that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product, provided that such counsel and employees of such counsel shall not disclose the court papers or attorney work product to any person, except pursuant to a Court order or with the consent of the Producing Party.

The Court retains the right to modify this Agreement, or allow disclosure of any subject covered by this Agreement, at any time in the interest of justice.

[counsel signatures continued on the following page]

Respectfully submitted,

/s/ *Robert P. Cocco*
Robert P. Cocco, Esq.
LAW OFFICES OF ROBERT P. COCCO, P.C.
Counsel for Plaintiff

/s/ *Justin G. Weber*
Brian P. Downey (PA 59891)
Justin G. Weber (PA 89266)
TROUTMAN PEPPER HAMILTON SANDERS LLP
100 Market Street, Suite 200
Harrisburg, Pennsylvania 17101
717.255.1155
Brian.Downey@troutman.com
Justin.Weber@troutman.com

David N. Anthony
(admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point, 15th Floor
Richmond, Virginia 23219
804.697.5410
David.Anthony@troutman.com

*Counsel for Defendant National Collegiate Student Loan Trust 2007-3*

/s/ *Michael F. Ratchford*
Ratchford Law Group, P.C.
Michael F. Ratchford, Esquire
54 Glenmaura National Blvd, Suite 104
Moosic, PA 18507
570-558-5510 ext 101
mratchford@ratchfordlawgroup.com

/s/ *Aaron R. Easley*
Aaron R. Easley, Esq. (#73683)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
Email: aeasley@sessions.legal

Justin H. Homes, Esq. (PHV)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: jhomes@sessions.legal

*Counsel for Transworld Systems Inc.*

/s/ *Albert J. Rota*
Albert J. Rota
JONES DAY
2727 N. Harwood
Dallas, TX 75201
214.969.3698
ajrota@jonesday.com

Kelly M. Locher
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
42.394.7937
klocher@jonesday.com

*Counsel for Defendant U.S. Bank National Association*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this ___23rd___ day of __February__, 2023

_____
Martin C. Carlson
United States Magistrate Judge

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHELSEY GOSSE, CHRISTOPHER DETTORE, AND LORI A. DETTORE,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.; U.S. BANK, NA; RATCHFORD LAW GROUP, P.C.; PORTNOY SCHNECK, L.L.C.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; GSS DATA SERVICES LLC,<br><br>Defendants. | Civil Action No. 3:20-cv-01446-RDM<br><br>Hon. Robert D. Mariani<br><br>(Mag. Judge Martin C. Carlson) |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY AGREEMENT

I, _____, under penalty of perjury, state that:

i.    I reside at _____ and may be contacted regarding the subject matter of this acknowledgement at telephone number: _____ and email address: _____.

ii.    I have received a copy of the Confidentiality Agreement ("Confidentiality Agreement") in this case and have carefully read and fully understand the provisions of the Confidentiality Agreement.

iii.    I agree to comply with, and be bound by, all of the provisions of the Confidentiality Agreement.

iv.    I agree to submit voluntarily to the jurisdiction of this Court for any proceedings

with respect to said Confidentiality Agreement.

    v.    I will hold in confidence any and all Discovery Material and will not copy, discuss, or divulge to persons other than those specifically authorized by said Confidentiality Agreement, any Discovery Material designated as "Confidential" and obtained pursuant to said Confidentiality Agreement.

    vi.    I agree that, upon the conclusion of the Action and upon the request of the Producing Party, I will return all such Discovery Material obtained pursuant to the Confidentiality Agreement which come into my possession, to the attorneys for the party by whom I am employed or retained, or to the attorney from which I received the documents, materials, or information upon notice that this Action has been resolved or dismissed.

DATED: _____

                                   Printed Name: _____

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on January 25, 2023, I filed the attached with the Clerk of the Court, using the Court's electronic filing system, which will send such filing to all attorneys of record.

/s/ Aaron R. Easley