IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEY GOSSE, *on her own behalf and on behalf of other similarly situated persons*,<br><br>                    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.;<br>U.S. BANK, N.A.;<br>RATCHFORD LAW GROUP, P.C.;<br>NATIONAL COLLEGIATE<br>STUDENT LOAN TRUST 2007-3,<br>                    Defendants. | Case No: 3:20-cv-01446-RDM-MCC |

**PLAINTIFF'S MOTION FOR LEAVE NUNC PRO TUNC TO EXCEED WORD COUNT UNDER LOCAL RULE 7.8 AND TO FILE AN AMENDED BRIEF IN OPPOSITION TO <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

**A. Motion for Leave to Exceed Word Count**

1.  Plaintiff, by and through her undersigned counsel, requests permission to file a thirty-two (32) page brief in support of their summary judgment motion that exceeds 8,000 words.

2.  Magistrate Judge Carlson's January 10, 2023, and March 6, 2023, Orders set a deadline of 30 days from the close of ownership discovery, which closed on March 15, 2023, for Defendants to file supplemental summary judgment.

3.  Instead of a supplemental summary judgment motion, Defendants filed a new motion of equal or greater length than previously filed.

4. Local Rule 7.8(b)(1) limits the length of briefs to fifteen pages in length, and Local Rule 7.8(b)(2) states that briefs may exceed this page limitation so long as they do not exceed 5,000 words.

5. Because of the multiplicity of Defendants and their third-party affiants in support of the renewed Motion resulting in seven (7) depositions and thousands of pages of documents produced, Defendants request permission to file a brief that exceeds the limits of Local Rule 7.8 but that does not exceed 5,600 words.

6. Defendants concur in Plaintiff's request for relief regarding filing of a brief in excess of the word limit Nunc Pro Tunc.

**B. Motion for Leave to Supplement Plaintiff's Brief in Opposition with Additional Argument Mistakenly Excised from the Overlength Brief**

7. While Plaintiff filed her Counter Statement of Material Facts alleging acts and omissions relevant to the Defendant's Trust 2007-3 and Defendant Ratchford Law Group, inadvertently due to the complexity and length of the brief, Plaintiff omitted discussion of the foregoing materials facts and others regarding issues of material fact under operable law with respect to Defendants' arguments against Plaintiff's Dragonetti claims.

8. In this regard, Plaintiff proposes to supplement her brief as follows regarding Defendant Ratchford Law Group and TSI's collection actions on behalf of the other Defendants:

"Attorney Ratchford of Defendant Ratchford Law Group, P.C. ("RLG") approximated he filed dozens of collection actions on behalf of NCSLT Trusts before filing the underlying collection action against Gosse and in ten such collection cases reviewed at deposition, the complaints uniformly attach a Note Disclosure identifying the borrower and a Pool Supplement for the alleged Trust which did not identify the borrower and, **CSMF 37 – 41**. In Plaintiff's defense of the underlying collection action as the defendant therein, Plaintiff attached a list of fourteen other lawsuits Ratchford and/or RLG had filed against student loan borrowers whose loans an NCSLT Trust claimed to own all of which were ultimately dismissed by the respective Courts for failure of the trusts to prove ownership of the respective. **CSMF 43-44**, *See also* **Ex. B**.

Ratchford testified regarding his understanding of the TSI consent order with the CFPB to be that TSI agreed to only pursue claims that they owned and were within the statute of limitations, but it was not his understanding that TSI was filing false affidavits in support of collection Complaints for the Trusts. **CSMF 45**. As a result of becoming aware of the Consent Order he vaguely remembers investigating his then existing NCT files but does not recall closing any of them as a result of his investigation or what changes if any he made with regards to bringing collection actions on behalf of the National Collegiate Loan Trusts. **CSMF 46**.

The tort of malicious prosecution has been codified in Pennsylvania at 42 Pa. C.S. §§ 8351, et seq., also known as the "Dragonetti Act." To establish a claim under the statute, a plaintiff must show: (1) that the defendant took part in the procurement, initiation, or continuation of the underlying action against the plaintiff; (2) that this underlying action terminated in favor of the party against whom it was brought; (3) that the defendant either acted in a grossly negligent manner or without probable cause in bringing the underlying suit; and (4) that the defendant brought the underlying suit for an improper purpose. 42 Pa. C.S. § 8351. As the statutory requirements show, a party bringing an action under the Dragonetti Act "bears a heavy burden." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 394 (3d Cir. 2002).

In this case, there is no dispute that the Defendants brought a collection action through Defendant RLG against Plaintiff in Pennsylvania state court. Likewise, there is no dispute that the collection action terminated in favor of Plaintiff. **CSMF 1- 3**. Accordingly, the only issues to be determined are: (1) whether Defendants acted without probable cause or with gross negligence in bringing the collection action and (2) whether they brought such suit for an improper purpose.

**1. Probable Cause**

Under the Dragonetti Act, the burden is on the plaintiff (defendants herein) to prove that the defendant lacked probable cause to bring the underlying action. 42 Pa. C.S. § 8354(3). For purposes of the Act, "probable cause" is defined as follows: A

person who takes part in the procurement, initiation, or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either: (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law; (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or (3) Believes as an attorney of record in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party. 42 Pa. C.S. § 8352. If there are no material facts in controversy, then probable cause is an issue for the court to decide. *Bannar v. Miller*, 701 A.2d 242, 248 (Pa. Super. Ct. 1997). Accordingly, the issue of probable cause may be submitted to the jury when material facts are in controversy. *Id.*

    Herein, Defendants were or should have been on notice prior to the 2019 collection action being initiated against Gosse through the 2017 Consent Order between TSI and the CFPB and via thirteen (14) other actions brought by Defendant Ratchford on behalf of various of the fifteen Trusts – all of which were successfully defended on the sole basis of failure to prove transfer/assignment of the debt to the named Trust - that Defendants did not have standing to sue as owner of Plaintiff's

debt as alleged in her preliminary objections **CSMF 43-44**, *See also* **Ex. B**. In relevant part, Gosse stated in her preliminary objections:

> Plaintiff has failed to attach any proof of the Note being transferred to it or any other proof of transfer or receipt of the instrument from the debt's originator. In other case matters brought by plaintiff, it has been unable to produce evidence of ownership of the debt (Ex. "A" attached).
>
> As in the above cases, the present Defendants' preliminary objections should be sustained and this complaint dismissed, for Plaintiff's failure to attach to its complaint proof of transfer or written assignment of account to Plaintiff.

**CSMF 2**.

It is a matter of public record that plaintiff routinely files these collection actions without the ability or intent to prove its claims. In 2017, Plaintiff entered into a consent order with the CFPB agreeing to discontinue defective collection efforts in over 37,000 such actions filed including but not limited to filing these actions without proof of the ability or intent to prove the claims if contested because it lacked adequate proof of transfer of the

subject loans into the alleged trust entity, See **Exhibit A**.[1] The instant action, based on the facially defective proofs as argued in the objections, is evidence of this continued bad practice.

## 2. Gross Negligence

Even if a lack of probable cause cannot be shown, a party may bring a successful action under the Dragonetti Act by showing that the defendant was grossly negligent in bringing the underlying suit. 42 Pa. C.S. § 8351(a)(1). The plaintiff need not demonstrate actual malice by the party that brought the underlying action. *Catania v. Hanover Insurance Co.*, 566 A.2d 885, 888 (Pa. Super. Ct. 1989). Instead, gross negligence is defined as "a lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party … ". *Hart v. O'Malley*, 781 A.2d 1211, 1218 (Pa. Super. Ct. 2001) (citing Black's Law Dictionary 1057 (7th ed. 1999)). For the same reasons argued above with regard to Probable Cause, it is a material factual dispute as to whether Defendants were grossly negligent in bringing the collection action herein.

## 3. Improper Purpose

---

[1] Accessed on 5/16/2016, https://www.google.com/search?q=TSI+consent+order&rlz=1C1VDKB_enUS961US961&oq=TSI+consent+order&aqs=chrome..69i57j33i160.2167j0j7&sourceid=chrome&ie=UTF-8

Even if a party lacked probable cause or acted with gross negligence in filing a suit, that party is not liable under the Dragonetti Act unless the suit also was filed for an improper purpose. 42 Pa. Cons. Stat. Ann. § 8351; *Broadwater v. Sentner*, 725 A.2d 779, 784 (Pa. Super. Ct. 1999). The tort is interpreted and applied broadly against those who use legal process as a "tactical weapon to coerce a desired result that is not the legitimate object of the process." *Gen. Refractories v. Fireman's Fund Ins.*, 337 F.3d 297 (3d Cir. 2003) (quoting *McGee v. Feege*, 517 Pa. 247, 535 A.2d 1020, 1026 (Pa. 1987)). The plaintiff need not present a "confession" that defendant acted with an improper purpose. *Gentzler v. Atlee*, 660 A.2d 1378, 1385 (Pa. Super. Ct. 1995). Instead, an improper purpose may be inferred where the underlying action was filed without justification. *Id.*; *see also, Kraft v. Downey*, 68 A.3d 329, 336-37 (Pa. Super. 2013) (when direct evidence of plaintiff's knowledge is unavailable, subjective misconduct may be demonstrated by the speciousness of the claim, the plaintiff's conduct during litigation, or evidence that the plaintiff made the claim to harass the opposing party or with the intent of causing unnecessary delay).

This is particularly true on a motion for summary judgment when the trial court must draw reasonable inferences in favor of the non-moving party. Here, in the underlying collection action, the Court of Common Pleas entered a verdict in Plaintiff's favor upon an argued breach of the most basic standard of care expected in the collection industry – proof of ownership of debt being sued upon. As such,

Plaintiff raised a genuine issue of material fact whether Defendants filed the collection action without justification. Thus, the jury herein may infer an improper purpose. *See, Broadwater*, 725 A.2d at 784 (an improper purpose may be inferred where the underlying action was filed or maintained without justification); *see also, U.S. Bank, N.A. v. Rosenberg*, 2013 U.S. Dist. LEXIS 178705, *16, Civ. Act. No. 12-723 (E.D. Pa. December 20, 2013) (summary judgment denied on Dragonetti Act claim as to both parties where on one hand, confession of judgment itself supported inference of a proper purpose to recover amount owed, and on the other hand, evidence demonstrated that bank pursued the action abusively and to harass); *Brown v. Halpern*, 2018 PA Super 320, 2018 Pa. Super. LEXIS 1268 (Pa. Super. Ct. 2018) (jury reasonably could find a lack of reasonable belief and lack of full disclosure to counsel based on evidence that some allegations supporting the underlying lawsuit were false).

Defendants' citation to the holding in *Bainbridge v. Ocwen*[2] is misplaced because of the distinguishable facts. Defendants are asking this Court to ignore the outrageous history of Defendant filing defective collection actions in the tens of thousands on the same grounds argued herein in the underlying collection action, and doing so despite foreknowledge that they are without sufficient proofs of transfer/assignment of the subject loans to the Trusts. If the Court herein accepts

---

[2] Currently on appeal to the Third Circuit. See Docket No. 22-1521.

Defendants' arguments despite their extensive improper abuse of the litigation process, this would leave Defendants free to continue to flood civil dockets with collection actions despite gross negligence or lack of probable cause without reproach. Such a result is a perversion of the collection process. *See, e.g., Gen. Refractories Co.*, 337 F.3d at 304 (citing *Morphy v. Shipley*, 351 Pa. 425, 41 A.2d 671, 674 (Pa. 1945) ("An abuse is . . . a perversion of [legal process].") and *Dumont Television & Radio Corp. v. Franklin Elec. Co. of Phila.*, 397 Pa. 274, 154 A.2d 585, 587 (Pa. 1959) (A "perversion" of legal process occurs when a party uses the process primarily to accomplish a purpose for which the process was not designed.); *cf., Winner Logistics, Inc. v. Labor & Logistics, Inc.*, 23 Pa. D. & C.5th 463, 2011 Phila. Ct. Com. Pl. LEXIS 67 (Pa. C.P. Mar. 25, 2011), aff'd, 40 A.3d 204, 2011 Pa. Super. LEXIS 5954 (Pa. Super. Ct. 2011), aff'd, 40 A.3d 204, 2011 Pa. Super. LEXIS 5913 (Pa. Super. Ct. 2011) (jury determined at trial that the underlying lawsuit was not instituted for an improper purpose); *Clemens v. West Milton State Bank (In re Clemens)*, 197 B.R. 779, 794-795, 1996 Bankr. LEXIS 761, *43-44 (M.D. Pa. 1996) (no improper purpose where bank was merely attempting to recover an *undisputed* debt owed to it, the exact purpose for which a foreclosure would be intended) (citing *Dietrich Industries, Inc. v. Abrams*, 309 Pa. Super. 202, 211, 455 A.2d 119, 124 (1982)); *see also, Schwartz v. OneWest Bank, FSB*, 614 Fed.

Appx. 80, 84 (3d Cir. June 5, 2015)(allegations of incorrect facts are not enough to demonstrate an improper purpose).

Here, the genuine issue of material fact was not whether Defendants were merely mistaken as to the facts giving rise to the collection action, but whether they were grossly negligent and lacked probable cause because they knew they could never prove the debt if contested by the borrower on standing grounds. Defendant RGL proceeded to file the Gosse action after 14 other NCSLT collection cases failed for lack of proving ownership of the loans by the Trusts. Defendants have continuously experienced successful defense of its collections actions for several years after agreeing to discontinue its defective collection practice of filing suit without proof of ownership of the debts, both prior to and during the underlying collection action. Defendants perverted the collection process by instituting an action against Plaintiff that Defendants knew they could not prove. If Defendants were merely mistaken, that would present a different set of facts than the instant action where Defendants knew from prior experience and the facts that TSI[3] through Bradley Luke continued the same practices TSI promised to refrain from in the CFPB Consent Order. ECF 176-6, Luke Dep., 129:21 – 130:12. Thus, the underlying collection against borrowers like Plaintiff is evidence of its endemic and systemic

---

[3] The Trust Defendant, in this matter also has stipulated that testimony provided by TSI's corporate representative, Bradley Luke and the documents he attested to are the same for the Trust and that they were truthful and accurate. ECF 176-6, Luke Dep., 158:25 – 159:12.

failure memorialized by its public settlement in 2017 with the CFPB regarding its unsound collection practices, not mere mistake or oversight in an isolated instance."

Dated: May 16, 2023                                    /s/Robert P. Cocco

## CERTIFICATE OF CONCURRENCE PURSUANT TO L.R. 7.1

I contacted Defendants' respective counsel who concur in the relief requested regarding filing of a brief exceeding Local Rule word count.

Due to the immediacy of remedying Plaintiff's omission of a portion of the brief inadvertently, Plaintiff has not had the time to seek consent to the balance of the relief requested herein for amendment to add to Plaintiff's existing brief, but will do so promptly and report to the Court via a Letter Notice filing of the Defendants' respective positions in this regard.

Dated:      May 16, 2023                                    /s/ Robert P. Cocco

## CERTIFICATE OF SERVICE

I, Robert P. Cocco, co-counsel for Plaintiff, hereby certify that I filed the foregoing Motion to Amend Brief in opposition to Defendant's Motion for Summary Judgment electronically via ECF email upon Defendant Best Buy through its counsel of record.


Dated:	May 16, 2023				/s/ Robert P. Cocco